# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Debtor<br>Namco Capital Group Inc<br>a California corporation<br><br>Bradley D. Sharp<br>               Plaintiff,<br><br>  v.<br><br>Mousa Namvar<br>               Defendants. | Case No. CV 11-05320-GAF (CWx)<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER**<br><br>**SEE LAST PAGE FOR PRETRIAL AND TRIAL DATES** |

The purpose of this Order is to enable the parties and their counsel to know well in advance the schedule to which they will be expected to adhere. SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES. Ordinarily the dates set forth on the last page are determined after consultation with the parties at the Rule 26(f) Scheduling Conference, and this Order is distributed to them at that time. Accordingly, the dates and requirements are firm. The Court is very unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing. **Because this order, in some respects modifies the applicable Local Rule of Civil Procedure, counsel are advised to read it carefully to avoid default on the obligations established herein. Counsel are advised to pay particular attention to the requirements of the Court in respect to the filing of motions for summary judgment and documents to be submitted at the pre-trial conference and trial.**

## I. DISCOVERY CUTOFF

All discovery shall be completed by the discovery cutoff on the last page. **THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.**

Any motion challenging the adequacy of responses to discovery must be filed timely, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted. The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Except in the case of an extreme emergency which was not created by the lawyer briefing the motion, discovery motions may not be heard on ex parte application.

In an effort to provide further guidance to the parties, the Court notes the following:

1. <u>Depositions</u>. All depositions shall be scheduled to commence sufficiently in advance of the discovery cutoff date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cutoff date.

2. <u>Written Discovery</u>. All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cutoff date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

3. <u>Discovery Motions</u>. Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner. If they do so, resort to the Court for guidance in discovery is seldom necessary. The Magistrate Judge assigned to this case will rule on discovery motions.

4. <u>Expert Discovery</u>. Expert discovery is to be concluded by the discovery cutoff date. Accordingly, the initial disclosure of expert witnesses in full compliance with the Federal Rules of Civil Procedure is ordered no later than seventy (70) days before the discovery cutoff. Counter-designations of rebuttal experts in full

compliance with the Federal Rules of Civil procedure are to be made thirty (30) days after the other party's disclosure.

5. <u>Rule 26(e)(1) Supplementation</u>: The parties are under a continuing obligation to supplement their Rule 26(a) disclosures; the Court expects the parties to disclose such materials immediately upon identification.

## II. MOTIONS AND MOTION CUTOFF DATE

### A. GENERAL PROVISIONS

All law and motion matters, except for motions in limine, must be set for <u>hearing</u> (not filing) by the motion cutoff date specified on the last page.

The parties must adhere to the requirements of the Local Rules. *See* C. D. Cal. R. 7-1 <u>et seq.</u> If any party does not oppose a motion, that party shall submit a written statement in accordance with Local Rule 7-16 that it does not oppose the motion. The parties should note that failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion. C. D. Cal. R. 7-12. The Court will not decide late-filed motions.

| | |
|---|---|
| Motion should be filed: | 28 days before hearing date |
| Opposition is due: | 21 days before hearing date |
| Reply is due: | 14 days before hearing date |

To insure that the Court receives oppositions and replies in a timely fashion, chamber's copies **conformed to reflect that they have been e-filed**, should be deposited in the drop box in the back entrance way to the chambers of Courtroom 740 in accordance with Local Rules.

Issues left undetermined after the passage of the motion cutoff date should be listed as issues for trial in the pre-trial conference order. As an exception to the above, motions in limine dealing with evidentiary matters may be heard pursuant to the schedule attached hereto; however, the Court will not hear or resolve summary judgment motions disguised as motions in limine. In addition, delay which interferes with preparation by the Court and its staff may cause imposition of sanctions under Local Rule 83-7.

Ex parte practice is strongly discouraged. See Mission Power Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). The Court will require strict adherence to proper ex parte procedures for any ex parte application filed with the Court. Id. at 492; See C.D. Cal. R. 7-19.

**B.     APPLICATIONS AND STIPULATIONS TO EXTEND TIME**

Applications to extend the time to file any required document or to continue any pretrial or trial date must set forth:

(i) the existing due date or hearing date;

(ii) specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations: Have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?

(iii) whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

The parties requesting the extension must provide the Court with a proposed order setting forth the proposed new dates and/or proposed new schedule.

**C.     SUMMARY JUDGMENT MOTIONS**

As caseloads increase, the Court is seeing a corresponding increase in the filing of motions for summary judgment. These motions frequently do not comply with the requirements of the Local Rules in one or more respects, and there are ambiguities in the Local Rules regarding the preparation of the Separate Statement of Undisputed Facts and related materials. As a result the Court is receiving documents in a wide variety of formats, some that are not in compliance and some that may technically comply with the literal language of the rule, but which are confusing, difficult to decipher and interfere with the Court's ability to address these motions in an efficient and expeditious manner. To increase the Court's efficiency, and to assist counsel in structuring and focusing these motions, the Court is issuing the following order regarding the filing motions for summary judgment in this

Court. The Court will require strict adherence to these requirements.

1. <u>Separate Statement Of Undisputed Facts and Statement of Genuine Issues</u>

The Separate Statement of Undisputed Facts is to be prepared in a two column format. The left hand column should set forth the allegedly undisputed fact. The right hand column should set forth the evidence that supports the factual statement. The fact statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. The Court has observed cases where an allegedly undisputed fact was set forth in three pages of text. This is unacceptable. Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand column must indicate either undisputed, or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed. Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right hand column, label and restate the moving party's evidence in support of the fact, followed by the opposing party's evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite to the evidence alleged to be objectionable and state the ground of the objection and nothing more. **No argument should be set forth in this document**.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall follow the movant's facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right hand column the evidence that supports that statement.

The moving party, in its reply, shall respond to the additional facts in the same

1 manner and format that the opposition party is required to adhere to in responding to the
2 statement of undisputed facts, as described above.

### 2. Supporting Evidence

No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. Any such material will not be considered.

Evidence submitted in support or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the Memorandum of Points and Authorities. The Court will accept counsel's authentication of deposition transcripts, of written discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the document was in the opponent's possession is of independent significance</u>. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

### 3. Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized **to track the paragraph numbers of the separate statement in sequence**. It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

<u>Separate Statement Paragraph 1</u>: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue. FED. R. EVID. 801, 802.

**N.B: DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S STATEMENTS OF UNDISPUTED FACT: THESE WILL BE DISREGARDED AND OVERRULED.**

4. <u>The Memorandum of Points and Authorities</u>

The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion <u>and not to the underlying evidence</u>.

Unless the case involves some unusual application of Rule 56, the motion need only contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with its interpretation under <u>Celotex</u> and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7, and where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number.

5. <u>Timing</u>

In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-eight (28) day notice for such motions. The moving party should deliver to chambers a copy of a diskette, in WordPerfect format (9.0 or earlier versions), containing the Statement of Uncontroverted Facts and Conclusions of Law. [***NOTE: Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions which are normally conducted in the last stages of discovery.***]

### D. ORAL ARGUMENT

If the Court concludes that a motion can be resolved without argument, the Court will notify the parties in advance.

### E. MOTIONS IN LIMINE

The parties must file motions in limine addressing the admissibility of evidence in accordance with Local Rule 7-3 by the date specified on the last page. The parties shall file their opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

## III. PRE-TRIAL CONFERENCE AND LOCAL RULE 9 FILINGS

### A. GENERAL PROVISIONS

The Pre-Trial Conference ("PTC") will be held at 3:30 P.M. on the date specified, unless the Court expressly waived a PTC at the Status Conference. (In the rare cases where the Court waives a PTC, the parties must follow Local Rule 16-11 – specifically 16-11.2.) If adjustments in the Court's calendar to accommodate congestion become necessary, the Court may re-calendar the PTC instead of the trial date. Therefore, the parties should assume that if the PTC goes forward, the trial will go forward without continuance, although some brief period of trailing may prove necessary.

The lead trial attorney on behalf of each party shall attend both the PTC and all meetings of the parties in preparation of the PTC, unless excused for good cause shown in advance of the PTC.

A continuance of the PTC at the parties' request or by stipulation is highly unlikely.

Specifically, failure to complete discovery is not a ground for continuance. In the unlikely event that the Court agrees to continue the PTC, the trial date is likely to be delayed as a result. If a change in the trial date is necessitated or likely because of the Court's calendar or otherwise, modifications of that date will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts; narrative summaries and/or stipulations as to the content of testimony; presentation of testimony on direct examination by affidavit or by declaration subject to cross-examination; and qualification of experts by admitted resumes. The Court will also discuss settlement.

**B.     FORM OF PRE-TRIAL CONFERENCE ORDER ("PTCO")**

The proposed PTCO shall be lodged fourteen (14) calendar days before the PTC. Adherence to this time requirement is necessary for in-chambers preparation of the matter. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

1.     Place in "ALL CAPS" and in **bold** the separately numbered headings for each category in the PTCO (*e.g.*, "**1.  THE PARTIES**" or "**7.  CLAIMS AND DEFENSES OF THE PARTIES**".)

2.     Include a Table of Contents at the beginning.

3.     In specifying the surviving pleadings under Section 1, please state which claims or counterclaims have been dismissed or abandoned. *E.g.* "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim is directed.

4.     In drafting Sections 5 and 6 of the PTCO, the Court expects that the parties will attempt to agree on and set forth as many non-contested facts as possible. The Court will usually read the uncontested facts to the jury at the start of the trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase

jury understanding of the case.

5. *In specifying the parties' claims and defenses under Section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.* As those examples demonstrate, the parties should attempt to state issues in terms of **the elements of the claims or defenses** (ultimate facts), not in the form of evidentiary fact issues, which outline the elements of the claims and defenses. The elements to most claims and defense can be found in the Ninth Circuit Model Jury Instructions, the California Book of Approved Jury Instructions (BAJI), and Devitt & Blackmar. Counsel are reminded that the purpose of this section is to focus and clarify the issues to be presented at trial. No argument is to be included in this section.

6. The Court may well submit fact issues to the jury in the form of findings on a special verdict. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

### C. RULE 16 FILINGS; MEMORANDA; WITNESS LISTS; EXHIBIT LISTS

The parties must comply fully with the requirements of Local Rule 16. They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with Local Rules 16-3, 16-4, 16-5 and 16-6. See the last page for dates.

### D. JURY INSTRUCTIONS, VERDICT FORMS, SPECIAL INTERROGATORIES

1. Fourteen (14) days before the Rule 16 meeting, the parties shall exchange proposed jury instructions, verdict forms and special interrogatories. Seven (7) days before the meeting, counsel shall exchange written objections, if any, to proposed jury instructions, verdicts and special interrogatories. At the Rule 16 meeting, the parties shall confer with the objective of submitting one set of agreed upon substantive instructions, verdict forms and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. The Court would appreciate the parties delivering a chamber's copy of these filings in an electronic format

compatible with WordPerfect at the time the documents are filed.

2. If the parties cannot agree upon one complete set of substantive instructions, verdict forms and/or special interrogatories, they shall file two documents with the Court: a joint document reflecting the agreed upon instructions, verdict forms, and a second document in the form of a joint statement regarding the disputed instructions, verdicts and interrogatories in the following format for each instruction, verdict or interrogatory in issue:

(a) A separate page containing the text of the disputed language with an identification of the party proposing it;

(b) Following the instruction, the opposing party's statement of objections to the instruction along with legal authority in support of the argument (not to exceed <u>one</u> page) and proposed alternative language where appropriate;

(c) The proposing party's response to the objection with legal authority supporting the proposed language, not to exceed <u>one</u> page.

Both the agreed upon set of instructions, and the joint statement re disputed instructions are to be filed with the Pre-Trial Conference Order and other Rule 16 documents fourteen (14) days before the Pre-Trial Conference.

3. All proposed jury instructions shall be in the format specified by Local Rule 51-2. The parties need not submit a separate copy of instructions without citations to authority.

4. A table of contents shall be included with all jury instructions submitted to the Court. The table of contents shall set forth the following:

(a) The number of the instruction;

(b) A brief title of the instruction;

(c) The source of the instruction; and

(d) The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

5. The Court directs counsel to use the instructions from the *Manual of Model*

*Jury Instructions for the Ninth Circuit* (West 1997) where applicable. Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the CACI forms. If neither of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions.*

6.  Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

### E.  JOINT STATEMENT OF THE CASE AND REQUESTS FOR VOIR DIRE

At the Pre-Trial Conference, the parties shall lodge their proposed voir dire questions and their joint statement of the case which the Court shall read to all prospective jurors prior to the commencement of voir dire. The statement should be not longer than two or three paragraphs.

The Court conducts voir dire of all prospective jurors. The parties need not submit requests for standard voir dire questions, such as education, current occupation, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

### F.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

For a non-jury trial, the parties shall lodge their proposed findings of fact and conclusions of law in accordance with Local Rule 52-1 not later than one week before trial. The Court would appreciate the parties delivering to chambers a copy of these findings on disk in WordPerfect 9.0 format. Please see the Court's Civil Trial Order.

## IV.  SETTLEMENT

Local Rule 16-15.2 provides that the Settlement Conference shall be concluded not later than 45 days before the Pretrial Conference. <u>This Court requires a slightly different approach</u>. The Settlement Conference shall take place not later than three weeks before the Pre-Trial Conference, which is after discovery is closed and motions have been heard. The Court expects that completion of all discovery and dispositive motions will help the parties assess their positions before they complete the costly pre-trial process under Local

Rule 16. But sometimes parties find it more difficult to settle after they incurred the cost of all discovery and motion practice. The Court therefore strongly encourages counsel and the parties to pursue settlement earlier. In any event, as indicated in the Schedule of Pretrial Dates attached hereto, the parties must file a Status Report re Settlement at the time that they lodge the Proposed Pretrial Conference Order, indicating whether they have conducted the Local Rule 16 Settlement Conference and/or what additional steps are being taken to achieve settlement.

This Court will not conduct settlement conferences in non-jury cases which he is to try. In jury cases, the Court will conduct a settlement conference at the parties' joint request if three conditions exist:

1. The parties are satisfied that the fact issues in the case will be tried to a jury.

2. All significant pre-trial rulings which the Court must make have been made.

3. The parties desire the Court to conduct the conference, understanding that if settlement fails, the Court will preside over trial of the case.

If the parties are inclined to select this Court to conduct a settlement conference, the parties should consult the Court's Standing Order re Settlement Conference so that they fully understand the Court's requirements for the settlement conference. That order will govern the settlement conference procedures before this Court, but may also serve as a useful reference for settlement conferences conducted pursuant to the other available procedures. Copies of that order and all other standard orders of this Court are available through the Courtroom Deputy Clerk or on the Central District of California website, at "www.cacd.uscourts.gov."

## V. CONCLUSION

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

**IT IS SO ORDERED.**

DATED: June 25, 2012  _____
**GARY ALLEN FEESS
United States District Judge**

# JUDGE GARY ALLEN FEESS
## SCHEDULE OF TRIAL AND PRETRIAL DATES[1]

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury)** **Estimated length: 10-30 days** | 8:30 am | | | | 10-29-13 |
| **[Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | | -1 | | | 10-21-13 |
| **[Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine** | | -1 | | | |
| **Pretrial Conference; Motions in Limine to be filed; Proposed Voir Dire Qs Lodged and Agreed-to Statement of Case** | 3:30 pm | -4 | | | 09-23-13 |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | -6 | | | 09-09-13 |
| **Last date to conduct Settlement Conference** | | -8 | | | 08-30-13 |
| **Last day for hearing motions** | 9:30 a.m. | -9 | | | 08-19-13 |
| **Discovery cut-off [Note: Expert disclosure no later than 70 days prior to this date.]** | | -10 | | | 07-26-13 |
| **Last to Amend Pleadings or Add Parties** | | | | | 09-28-12 |

---

[1] Review the Court's Order re "Rule 26(f) Scheduling Conference" to be sure of the meaning of these terms.

15