1  BRIAN L. DAVIDOFF (SBN 102654)
   BDavidoff@GreenbergGlusker.com
2  LORI L. WERDERITCH (SBN 247345)
   LWerderitch@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
7  Attorneys for Defendants Mousa Namvar
   Magdiel,LLC, DGADE of Delaware, LLC, Namco
8  8, LLC, Bunherst, LLC and Defendant and Third-
   Party Plaintiff Wishlab 90, LLC
9
10                    UNITED STATES DISTRICT COURT
11                   CENTRAL DISTRICT OF CALIFORNIA
12
13 In re:
14 NAMCO CAPITAL GROUP, INC., a          Distict Court Case No. CV-11-05320-
   California corporation,               GAF (CWx)
15
              Debtor.
16
17 BRADLEY D. SHARP, solely in his
   capacity as Chapter 11 Trustee of     Bankruptcy Court Case No. 2:08-bk-
   NAMCO CAPITAL GROUP, INC.,            32333-BR
18
              Plaintiff,                  CHAPTER 11
19
   v.                                     Adv. Proc. No. 2:10-ap-02945
20
   MOUSA NAMVAR, HOOSHANG                 **WISHLAB 90 LLC'S NOTICE OF**
21 NAMVAR, HOMAYOUN NAMVAR,               **MOTION AND MOTION FOR**
   RAMIN NAMVAR, HELEN SHADI,            **LEAVE TO FILE THIRD-PARTY**
22 HILDA BAYANFAR, LIDA                   **COMPLAINT PURSUANT TO**
   SHRAGA, NATALY NAMVAR,                **F.R.C.P. 14; MEMORANDUM OF**
23 DANIEL NAMVAR, BENJAMIN               **POINTS & AUTHORITIES;**
   NAMVAR, MALKA NAMVAR,                 **DECLARATIONS OF LORI L.**
24 SHIRAH NAMVAR, TRIFISH, LLC,          **WERDERITCH AND FARAMARZ**
   TRIBUN, LLC, MAGDIEL, LLC,            **RABAN IN SUPPORT THEREOF**
25 TRISISTER, LLC, BELIEVERS, LLC,
   NET, LLC, LIGHT SOURCE, LLC,          Assigned To: Hon. Gary Allen Feess
26 LA HOTEL VENTURE, LLC,
   LANCAM PROPERTIES, LLC,               Date: November 19, 2012
27 LACY 20, LLC, NAM 5, LTD.,            Time: 9:30 a.m.
   NAMCO 8 LLC, WISHLAB 90, LLC,         Dept./Place: Courtroom 740
28 BUNHERST, LLC, DGADE OF

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

59776-00002/1863781.1                    1        NOTICE OF MOTION AND MOTION FOR
                                                  LEAVE TO FILE THIRD-PARTY
                                                  COMPLAINT PER F.R.C.P. 14

1  DELAWARE, LLC, TOYRAM, LLC,
   NAMARI, LLC, WOODMAN
2  PARTNERS, LLC, TRITOWNE, LLC,
   TRIGROVE, LLC and HARON
3  SHARATIAN,

4              Defendants.

5

6  WISHLAB 90, LLC, a Delaware
   limited liability company,

7              Third-Party Plaintiff,

8  v.

9  CANYON SPRINGS SHOPPING
   CENTER, LLC, a California limited
10 liability company,

11             Third-Party Defendant.

12

13 **TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

14      **PLEASE TAKE NOTICE** that Defendant Wishlab 90, LLC ("Wishlab") in

15 this action hereby seeks, pursuant to Rule 14 of the Federal Rules of Civil

16 Procedure, leave to serve a Summons and Third-Party Complaint, copies of the

17 relevant sections of which are attached to this motion as **Exhibit A**, on Canyon

18 Springs Shopping Center, LLC ("Canyon Springs"), Third-Party Defendant.

19      As demonstrated by this motion, based on tenets of equity, Canyon Springs is

20 or may be liable to indemnify Wishlab concerning certain claims asserted against

21 Wishlab by Plaintiff Bradley D. Sharp, Chapter 11 Trustee of Namco Capital

22 Group, Inc. ("Plaintiff"), regarding the Red Feather Mall transfers alleged in

23 Plaintiff's First Amended Complaint herein.

24      This motion is made more than 14 days from the date on which Wishlab

25 served its original answer in this case, so leave of court is required under the terms

26 of Rule 14(a) of the Federal Rules of Civil Procedure.

27      Despite the need for leave of court, Wishlab has not unreasonably delayed

28 the bringing of this motion.  This motion was brought within the period permitted

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

59776-00002/1863781.1                    2        NOTICE OF MOTION AND MOTION FOR
                                                   LEAVE TO FILE THIRD-PARTY
                                                   COMPLAINT PER F.R.C.P.14

1  by this Court's Scheduling And Case Management Order to allow the addition of

2  parties.

3       The parties are in the discovery phase of the case.  The Discovery Cut-Off

4  date is not until July 26, 2013, the Motion Cut-Off date not until August 19, 2013,

5  and the trial has been set for more than a year out, on October 29, 2013.

6  Accordingly, as the parties hereto have only just commenced discovery and based

7  on these deadlines, no party will suffer prejudice by the addition of Canyon

8  Springs.

9       As the attached Declaration of Lori L. Werderitch shows, prior to filing this

10  motion, counsel for the moving party consulted with opposing counsel, pursuant to

11  L.R. 7-3, and opposing counsel has not yet indicated whether this motion will be

12  opposed by Plaintiff.  Wishlab has additionally engaged in discussions with Canyon

13  Springs, but no resolution has been reached.

14       This motion is based on the pleadings and papers on file in this action, this

15  notice of motion and motion, the accompanying memorandum of points and

16  authorities, the Declarations of Lori L. Werderitch and Faramarz Raban, and

17  whatever evidence and argument is presented at any hearing on this motion.

18  DATED:  September 27, 2012    GREENBERG GLUSKER FIELDS
19      CLAMAN & MACHTINGER LLP

20

21  By: */s/ Brian L. Davidoff*
22     BRIAN L. DAVIDOFF (SBN 102654)
   LORI L. WERDERITCH (SBN 247345)
   Attorneys for Defendants Mousa Namvar
23     Magdiel,LLC, DGADE of Delaware,
   LLC, Namco 8, LLC, Bunherst, LLC and
24     Defendant and Third-Party Plaintiff
   Wishlab 90, LLC

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3           Wishlab 90, LLC ("Wishlab") seeks leave to file the accompanying Third-

4    Party Complaint against Canyon Springs Shopping Center, LLC ("Canyon

5    Springs") for equitable and comparative indemnity and declaratory relief in that if

6    Wishlab incurs any liability to Plaintiff Bradley D. Sharp, Chapter 11 Trustee of

7    Namco Capital Group, Inc. ("Plaintiff"), regarding the Red Feather Mall transfers

8    (the "Red Feather Mall Transfers") alleged in Plaintiff's First Amended Complaint

9    ("FAC") herein, Canyon Springs is equitably obligated to fully indemnify Wishlab

10   for any sum that Wishlab may be compelled to pay as the result of any damages,

11   judgment, or other awards recovered by Plaintiff against it.  Pursuant to the

12   "Scheduling And Case Management Order" entered in this case on June 25, 2012,

13   September 28, 2012 was set as the last day to add parties to this action.

14   Accordingly, Wishlab hereby respectfully requests the Court grant it leave to file its

15   Third-Party Complaint against Canyon Springs pursuant to Rule 14 of the Federal

16   Rule of Civil Procedure.

17   **II.   STATEMENT OF FACTS**

18          Plaintiff's case arises from the bankruptcy of Namco Capital Group, Inc. and

19   seeks to avoid a series of transfers, including (most notably, for the purposes of this

20   motion) certain transfers concerning the Red Feather Mall (the "Red Feather Mall

21   Transfers").  *See* Plaintiff's FAC, pp. 23-24.

22          **A.    The MPA and Plaintiff's FAC.**

23          On or about June 29, 2007, Canyon Springs, on the one hand as Seller, and

24   Wishlab, on the other hand as Buyer, entered into that certain Membership Interests

25   Purchase Agreement ("MPA"), by which Canyon Springs sold 100% of its

26   membership interest in Namco 8, LLC (the "Company").  A true and correct copy

27   of the relevant portion of the MPA is attached to accompanying Declaration of

28   Faramarz Raban ("Raban Dec.") as **Exhibit B.**

NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE THIRD-PARTY
COMPLAINT PER F.R.C.P. 14

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    In connection therewith, and pursuant to section 2.3 of the MPA, Canyon

2    Springs expressly represented and warranted to Wishlab, among other things, that

3    "Except for [a certain loan unrelated to this motion], there are no other 'Contracts'

4    liabilities or obligations of the Company that have been entered into and which

5    remain in any force or effect . . ."  *See* **Exhibit B** to the Raban Dec., at §2.3.

6        Wishlab's purchase price for the Company's membership interest was

7    $6,200,000.00.  Further, Wishlab performed all conditions precedent to and terms

8    of the MPA.

9        Thereafter, on or about January 11, 2011 Plaintiff filed its FAC against

10   Wishlab, among others, specifically alleging in part that, commencing February 4,

11   2002, Namco Capital Group, Inc. made net transfers to Namco 8, LLC totaling

12   $10,467,843, and made further net transfers to Namco 8, LLC in connection with

13   the Red Feather Mall (the "Red Feather Mall Transfers").

14       Plaintiff alleges that together with interest Namco 8, LLC and Wishlab owes

15   Plaintiff $21,264,000.00.  Yet, pursuant to section 2.3 of the MPA, Canyon Springs

16   represented to Wishlab that this liability did not exist and Wishlab relied, to its

17   detriment, on Canyon Spring's representation.  Based thereon, Canyon Springs is or

18   may be liable to equitably indemnify Wishlab concerning certain claims asserted

19   against Wishlab by Plaintiff.

20   **B.    The Motion Is Timely.**

21       This motion is made more than 14 days from the date on which Wishlab

22   served its original answer in this case, so leave of court is required under the terms

23   of Rule 14(a) of the Federal Rules of Civil Procedure.  Despite the need for leave of

24   court, Wishlab has not unreasonably delayed the bringing of this motion.  This

25   motion was brought within the period permitted by this Court's Scheduling And

26   Case Management Order to allow the addition of parties.

27       The parties are in the discovery phase of the case.  The Discovery Cut-Off

28   date is not until July 26, 2013, the Motion Cut-Off date not until August 19, 2013,

NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE THIRD-PARTY
COMPLAINT PER F.R.C.P. 14

1    and the trial has been set for more than a year out, on October 29, 2013.

2    Accordingly, as the parties hereto have only just commenced discovery and based

3    on these deadlines, no party will suffer prejudice by the addition of Canyon

4    Springs.

5    **III.    LEAVE TO FILE THIRD-PARTY COMPLAINT SHOULD BE**

6    **GRANTED**

7          "A defending party may, as third-party plaintiff, serve a summons and

8    complaint on a nonparty who is or may be liable to it for all or part of the claim

9    against it." *See* F.R.C.P. 14(a). While impleader under this Rule is within the

10   Cout's discretion when filed more than 14 days after the moving party's answer, ***it***

11   ***is to be construed liberally in favor of allowing impleader for the purpose of***

12   ***reducing multiplicity of litigation.*** *See, e.g., Lehman v. Revolution Portfolio, LLC*,

13   166 F.3d 389, 393 (1st Cir. 1999) (district court "should allow impleader on any

14   colorable claim of derivative liability that will not unduly delay or otherwise

15   prejudice the ongoing proceedings"); *FDIC v. Loube*, 134 F.R.D. 270, 272 (N.D.

16   Cal. 1991) (the rule is designed to reduce multiplicity of litigation, it is construed

17   liberally in favor of allowing impleader).

18          In fact, it is generally held that the Court should allow the impleader claim

19   absent some reason not to. *See Lehman, supra,* 166 F.3d at 393; *Trane U.S. Inc. v.*

20   *Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008); *Nova Prods., Inc. v. Kisma Video,*

21   *Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (stating that leave to implead should be

22   "freely granted" unless it would cause undue prejudice or complication, or where

23   the claim is obviously without merit). Moreover, an abuse of discretion occurs

24   when the District Court denies impleader when the conditions for asserting an

25   impleader claim are "manifestly satisfied." *Marseilles Hydro Power, LLC v.*

26   *Marseilles Land and Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002).

27          In deciding whether impleader is appropriate, the District Court should

28   balance the benefits afforded by liberal third party practice against the merits of the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  third party complaint, any possible prejudice to the plaintiff and the third party

2  defendant, the complication of issues at trial, and any additional costs that might be

3  incurred by the parties. *Crude Crew v. McGinnis & Assocs., Inc.*, 572 F.Supp. 103,

4  109 (E.D. Wis. 1983); *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D. Cal. 2000).

5  The addition of Canyon Springs as a third party defendant does not in any way

6  change the nature of what the Plaintiff must prove to establish its case. It does

7  however provide Wishlab a necessary source of relief if Plaintiff is successful on its

8  Complaint.  As all of these factors weigh in favor of Wishlab's Third-Party

9  Complaint, leave to file the Third-Party Complaint should be granted.

10       **A.**      **The Third-Party Complaint Is Proper Because Canyon Springs Is**

11                **Potentially Liable To Indemnify Wishlab If Wishlab Is Found**

12                **Liable to Plaintiff Respecting the Subject Transfers.**

13       In the interest of bringing all aspects of a single case or controversy before

14  the Court, F.R.C.P. 14(a) allows a defendant to implead a third party who is or may

15  be liable to the defendant if defendant is liable to the plaintiff. *See* Fed. R. Civ. P.

16  14(a).  The mere contingency of the liability does not prevent the assertion of the

17  claim. *See Andrulonis v. United States*, 26 F.3d 1224, 1233 (2nd Cir. 1994) (it is

18  sufficient if there is some possible scenario under which the third party defendant

19  may be liable for some or all of the defendant's liability to plaintiff); *Banks v. City*

20  *of Emeryville*, 109 F.R.D. 535, 540 (N.D. Cal. 1985).

21       Nor is it required that the third-party defendants be directly liable to plaintiff,

22  or that third-party complaint allege the same theories of liability as the original

23  complaint. *See Banks*, 109 F.R.D. at 540. "Because Rule 14 is designed to reduce

24  multiplicity of litigation and therefore is remedial in character, it should be

25  construed liberally." *Cal. Medical Ass'n v. Kizer*, 1988 WL 235547 at *2 (E.D.

26  Cal. May 17, 1988) (internal quotations omitted).

27       Put another way, the defining characteristic of a claim under Rule 14 is that

28  the "defendant is attempting to transfer to the third party defendant the liability

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4

NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE THIRD-PARTY
COMPLAINT PER F.R.C.P. 14

1    asserted against him by the original plaintiff." *Id*. at *4.  Thus, as stated by the

2    Ninth Circuit, "*if there is any possible scenario under which the third party*

3    *defendants may be liable for all or part of the defendants' liability to the plaintiff,*

4    *the third party complaint should be allowed to stand*." *Jensen Electric Company*

5    *v. Moore, et al.*, 873 F.2d 1327, 1330 (9th Cir. 1989) (emphasis added).

6         As explained above, Canyon Springs expressly represented and warranted to

7    Wishlab, among other things, that no other outstanding liabilities or obligations

8    existed with respect to Wishlab's purchase of membership interests of the

9    Company, aside from a loan not at issue. *See* **Exhibit B** to the Raban Dec., at §2.3.

10   However, as alleged in the FAC, such liabilities and obligations allegedly exist

11   notwithstanding Canyon Spring's representation with respect to the Red Feather

12   Mall Transfers alleged in the FAC.  Wishlab relied, to its detriment, on Canyon

13   Spring's representation.  Based thereon, Canyon Springs is or may be liable to

14   indemnify Wishlab concerning certain claims asserted against Wishlab by Plaintiff

15        Federal courts affirm that Wishlab's third party claims for indemnity and

16   contribution against Canyon Springs are recognized by California law.[1]  *See id.* at

17   540-41 (citing *Am. Motorcycle Assn. v. Superior Court*, 20 Cal. 3d 578, 598-604

18   (1978)).  Hence, to any extent Wishlab is found liable in this lawsuit to Plaintiff

19   concerning the Red Feather Mall Transfers alleged in the the FAC, Wishlab may

20   seek equitable indemnity and contribution to offset those damages against Canyon

21   Springs. *See Hydro-Air Equip., Inc. v. Hyatt Corp.*, 852 F.2d 403, 406 (9th Cir.

22   1988) ("The principle of implied equitable indemnity is designed to prohibit one

23   from profiting by his own wrong at the expense of one who is either free from fault

24   or negligent to a lesser degree.").

25        Federal courts further recognize that the asserted state law third-party claims

26   by Wishlab against Canyon Springs are properly the subject of a Rule 14(a)

27   impleader action. *See, e.g., Kizer, supra*, 1988 WL 235547 at *2 ("[A] third-party

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

---

[1]  The MPA, at section 6.8, is governed by the law of the State of California.

1    complaint is typically brought where there is a right of reimbursement, indemnity,

2    contribution or the like against the putative third party.").

3        Canyon Springs is therefore properly named as a third-party defendant

4    impleaded under Rule 14(a) and leave to file the Third-Party Complaint should be

5    granted.

6    **B.    Impleading Increases Judicial Efficiency and Avoids Two Separate**

7            **Proceedings That Should Be Tried Together.**

8        Rule 14 is designed to increase judicial efficiency and to effectuate more

9    expeditious administration of justice.  Its purpose is to avoid two actions which

10   should be tried together and to facilitate trial of multiple claims which otherwise

11   would be triable only in separate proceedings. *See U.S. v. Yellow Cab Co.*, 340

12   U.S. 543, 556 (1951); *Jensen Elec.Co. v. Moore*, 873 F.2d 1327, 1331 (9th. Cir.

13   1989).  Here, Wishlab seeks to implead Canyon Springs for indemnity and

14   declaratory relief.  Impleading Canyon Springs increases judicial efficiency,

15   effectuates more expeditious administration of justice and avoids two actions which

16   should be tried together.

17       Wishlab could achieve the same result as an impleader under Rule 14(a) by

18   filing a separate complaint against Canyon Springs.  However, this process will not

19   meet the objectives of Rule 14 indicated above but instead delay the administration

20   of justice and reduce efficiency.  Accordingly, to increase judicial efficiency and

21   avoid the trying of two separate actions which should be tried together, Wishlab

22   respectfully requests the Court to grant its motion for leave to file its Third-Party

23   Complaint against Canyon Springs.

24   **C.    No Substantial Delay, Complication, or Prejudice Will Result.**

25       Unreasonable delay in seeking to implead a third-party may be a valid basis

26   to deny impleader where the plaintiff has been prejudiced by the delay. *See Blais*

27   *Constr. Co., Inc. v. Hanover Square Associates–I*, 733 F.Supp. 149, 158 (N.D.N.Y.

28   1990); *Plywood Panels, Inc. v. M/V Thalia*, 141 F.R.D. 689, 692 (E.D. LA 1992).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE THIRD-PARTY
COMPLAINT PER F.R.C.P. 14

1    Wishlab has not delayed unreasonably.  This motion was brought within the period
2    permitted by this Court's Scheduling And Case Management Order to allow the
3    addition of parties.
4           Moreover, no prejudice will result to Plaintiff (or any other defendant) by the
5    filing of the Third-Party Complaint.  The parties are in the discovery phase of the
6    case.  The Discovery Cut-Off date is not until July 26, 2013, the Motion Cut-Off
7    date not until August 19, 2013, and the trial has been set for more than a year out,
8    on October 29, 2013.  Accordingly, as the parties hereto have only just commenced
9    discovery and based on these deadlines, no party will suffer prejudice by the
10   addition of Canyon Springs.
11          Finally, Wishlab has a legitimate claim of derivative liability against Canyon
12   Springs inasmuch as Canyon Springs may be obligated to fully indemnify Wishlab
13   for any sums that Wishlab may be compelled to pay as the result of any damages or
14   judgment recovered by Plaintiff against Wishlab concerning the Red Feather Mall
15   Transfers.  Accordingly, the filing of Wishlab's viable Third-Party Complaint
16   against Canyon Springs will not result in undue or substantial delay of the
17   proceedings.
18          **D.     No Prejudice to Canyon Springs Will Occur.**
19          For the same reasons stated in section III.C. above, Canyon Springs will not
20   be prejudiced by the impleader as discovery in this matter has only just commenced
21   and there remains plenty of time until trial and its associated cut-off dates.
22          **E.     This Court Has Jurisdiction Over the Requested Third-Party**
23                   **Complaint.**
24          Although 28 U.S.C. §1332(a)(1) requires that in that the amount in
25   controversy exceed $75,000, exclusive of interest and costs, and that the action be
26   between parties incorporated in different states, case law supports the finding of
27   jurisdiction over third-party actions absent these factors.  *See, e.g., Banks*, 109
28   F.R.D. at 538 (N.D. Cal. 1985) (no independent basis for federal jurisdiction is

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    required if the original complaint has satisfied the federal requirements for

2    jurisdiction); *Burke v. Ernest W. Hahn, Inc.*, 592 F.2d 542, 546 (9th Cir.1979)

3    (approved the joining of a party within the ancillary jurisdiction of the court where

4    that party is brought into the case by a party other than the plaintiff who seeks

5    indemnification); *United States v. United Pac. Ins. Co.*, 472 F.2d 792, 794 (9th

6    Cir.1973) (the third party complaint need not have an independent basis for federal

7    jurisdiction if the original complaint has satisfied the federal requirements for

8    jurisdiction), *cert. denied* 411 U.S. 982 (1973).

9            Jurisdiction is also grounded in this third-party action pursuant to 28 U.S.C.

10   §1367(a) inasmuch as Wishlab seeks the joinder of an additional party arising from

11   a related transaction. *See Burke v. Hahn*, 592 F.2d 542, 545 (9th Cir. 1979)

12   (ancillary jurisdiction exists if the new claims arise out of the subject matter of the

13   original action and involve the same persons or issues or if they arise from the same

14   "transaction or occurrence.").

15           Finally, the Court has personal jurisdiction over Canyon Springs on the basis

16   that Canyon Springs actively transacts business in this District in California, is

17   incorporated in California, and has a principal place of business in Beverly Hills,

18   California.

19   **IV.    CONCLUSION**

20           Based on the foregoing, Wishlab respectfully requests the Court grant its

21   Motion for Leave to File the requested Third-Party Complaint.

22   DATED:  September 27, 2012          GREENBERG GLUSKER FIELDS
                                         CLAMAN & MACHTINGER, LLP
23
                                         By: */s/ Brian L. Davidoff*
24                                          BRIAN L. DAVIDOFF (SBN 102654)
                                            LORI L. WERDERITCH (SBN 247345)
25                                          Attorneys for Defendants Mousa Namvar
                                            Magdiel,LLC, DGADE of Delaware,
26                                          LLC, Namco 8, LLC, Bunherst, LLC and
                                            Defendant and Third-Party Plaintiff
27                                          Wishlab 90, LLC

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## DECLARATION OF LORI L. WERDERITCH

I, Lori L. Werderitch, declare as follows:

1.      I am an attorney duly licensed to practice before this Court and all courts of the state of California and am associated with the firm of Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Defendants Mousa Namvar Magdiel,LLC, DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC and Defendant and Third-Party Plaintiff Wishlab 90, LLC ("Wishlab") herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** are true and correct copies of the Summons and Third-Party Complaint.

3.      Prior to filing this motion, I consulted telephonically with opposing counsel, pursuant to L.R. 7-3, but opposing counsel has not yet indicated whether this motion will be opposed by Plaintiff Bradley D. Sharp, Chapter 11 Trustee of Namco Capital Group, Inc. ("Plaintiff").

4.      Also prior to the filing of this motion, Wishlab had sent a demand letter for indemnification to Canyon Springs.  Thereafter counsel for Wishlab and Canyon Springs Shopping Center, LLC engaged in discussions regarding the indemnification now sought by the Third-Party Complaint.  The parties entered into a Confidentiality Agreement and exchanged documents, but have not yet reached resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 27th day of September, 2012 at Los Angeles, California.

/s/ Lori L. Werderitch
LORI L. WERDERITCH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE THIRD-PARTY
COMPLAINT PER F.R.C.P. 14

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## DECLARATION OF FARAMARZ RABAN

I, Faramarz Raban, declare as follows:

1.     I am the manager of Wishlab 90, LLC ("Wishlab"), Defendant and Third-Party Plaintiff herein, and am authorized to make this Declaration on Wishlab's behalf. I make this Declaration in support of Wishlab's Motion for Leave to File Its Third-Party Complaint. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.     Attached hereto as **Exhibit B** is a true and correct copy of the relevant sections of the Membership Interests Purchase Agreement, dated June 29, 2007, between Canyon Springs Shopping Center, LLC, on the one hand as Seller, and Wishlab, on the other hand as Buyer, by which Canyon Springs sold 100% of its membership interest in Namco 8, LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 27th day of September, 2012 at Los Angeles, California.



FARAMARZ RABAN

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of 18 and not a party to the within action; I am employed by GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP in the County of Los Angeles at 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

On September 28, 2012, I served the foregoing document(s) described as: **WISHLAB 90 LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT PURSUANT TO F.R.C.P. 14; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATIONS OF LORI L. WERDERITCH AND FARAMARZ RABAN IN SUPPORT THEREOF**

☐     By placing the true copies thereof enclosed in sealed envelopes addressed as stated below.

☐     **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒     **(BY OVERNIGHT DELIVERY).** On September 28, 2012, I caused said document(s) to be placed in a Norco Overnite envelope and taken to the Norco Overnite Drop Box located at 1900 Avenue of the Stars, Los Angeles, California 90067 for delivery to the parties listed on the attached service list:

VIA NORCO OVERNITE
Honorable Gary A. Feess
United States District Court
255 East Temple Street, Courtroom 740
Los Angeles, California 90012

☒     **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

Alan J Kornfeld:  akornfeld@pszyj.com
Elissa Wagner: ewagner@pszyj.com
Genise R. Reiter:  grr@srblaw.com
Alan Frank Broidy:  fbroidy@ix.netcom.com
Robert B Mobasseri:  Robert@lawyer.com
Brian Leslie Davidoff:  BDavidoff@GreenbergGlusker.com;
    jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com
Lori L Werderitch    LWerderitch@GreenbergGlusker.com,
Office of the U.S. Trustee:  ustpregion16.la.ecf@usdoj.gov

59776-00002/1863781.1                              1                    NOTICE OF MOTION AND MOTION FOR
                                                                       LEAVE TO FILE THIRD-PARTY
                                                                       COMPLAINT PER F.R.C.P. 14

☒    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on September 28, 2012 at Los Angeles, California.

<i>/s/ Jan Reinglass</i>
JAN REINGLASS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

59776-00002/1863781.1

2

NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE THIRD-PARTY
COMPLAINT PER F.R.C.P. 14