1  HENLEY L. SALTZBURG (State Bar No. 33634)
2  PAUL T. DYE (State Bar No. 81753), *E-Mail: ptd@srblaw.com*
   Genise R. Reiter (State Bar No. 80578), *E-Mail: grr@srblaw.com*
3  SALTZBURG, RAY & BERGMAN, LLP
4  12121 Wilshire Boulevard, Suite 600
   Los Angeles, California 90025-1166
5  Tel: (310) 481-6700 – Fax: (310) 481-6720

6  **Attorneys for Defendants** Lacy 20, LLC, Hooshang Namvar,
7  Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC,
   Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman
8  Partners, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor. | Case No.: 2:11-cv-05320-GAF<br>Chapter 11<br>Bankr. Case No.: 2:08-bk-32333-BR<br>Adv. Proc. No.: 2:10-ap-02945-BR |
| BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MOUSA NAMVAR, *et al.*,<br><br>Defendants. | **DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF CREDITOR CLAIMS OR LOSSES;**<br><br>Date: October 21, 2013<br>Time: 10:00 a.m.<br>Ctrm: 740<br><br>Discovery Cutoff: July 26, 2013<br>Pretrial Conf.: September 23, 2013<br>Trial: October 29, 2013<br><br>Judge: Hon. Gary A. Feess<br>Magistrate: Hon. Carla Woehrle |

161330.1 8257.005

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 21, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 740 of the above entitled Court, located at 255 East Temple St., Los Angeles, California 90012, Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, and Woodman Partners will and move the Court for an order excluding at trial presentation of any evidence of any claims or resulting losses by the creditors of the Debtor, Namco Capital Group, Inc. Defendants bring the instant Motion in Limine after meeting and conferring with counsel for Plaintiff pursuant to L.R. 7-3 which took place on September 9, 2013.

DATED: September 21, 2013         SALTZBURG, RAY & BERGMAN, LLP


By: /s/ Paul T. Dye
    PAUL T. DYE
Attorneys for Defendants Lacy 20, LLC,
Hooshang Namvar, Homayoun Namvar,
Ramin Namvar, Trifish, LLC, Tribun, LLC,
Believers, LLC, Net, LLC, Light Source
Management, LLC, Woodman Partners, LLC

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELIEF SOUGHT

Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC and Woodman Partners, LLC ("Defendants") seek the Court's entry of an Order precluding introduction at trial of any evidence of any alleged claims or losses of any *creditors* of the Debtor, Namco Capital Group, Inc ("Namco").

## II. ISSUES TO BE DECIDED

Whether Plaintiff should be precluded from admitting any evidence of any alleged losses of any creditors of Namco under FRE 402 (lack of relevance) or FRE 403 (probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, waste of time) since the Plaintiff has no standing to assert any claims for any losses of such creditors, if any there may be.

As is more fully briefed below, Defendants are entitled to this relief as the Trustee has no standing to raise claims on behalf of the creditors. While this Court concluded on summary judgment that the Trustee has the right to bring breach of fiduciary claims on behalf of the corporation, [Minute Order, p. 6], it did not do so with respect to the creditors, and indeed, based upon significant law, could not. This motion then, addresses the claims the Trustee is inappropriately asserting on behalf of the creditors, an issue not previously addressed by the Court's ruling, and the significant prejudicial impact that the admission of evidence that alleged creditor losses would have on the Defendants.

## III. STATEMENT OF FACTS

The Plaintiff is the bankruptcy Trustee for Namco. For nearly twenty years, Namco was a hard money lender dealing primarily in real estate. Namco would obtain money from depositors who were given promissory notes. Namco would then invest

2

funds in real estate projects. Ezri Namvar ("Ezri") was the CEO, director and sole shareholder of Namco. The real estate projects were typically owned by a single purpose limited liability company in which Ezri was the sole manager and most often the sole or majority owner. When the projects made money, Ezri would reinvest proceeds from the controlled LLCs into Namco. For nearly twenty years Namco was successful. With the sudden collapse of the real estate market in 2008, Namco also collapsed. An involuntary bankruptcy petition was filed in December, 2008.

The Trustee's First Amended Complaint ("FAC") asserts various claims against Ezri's family members saying they contributed to Namco's collapse. The issue here is: ***on whose behalf is the Trustee asserting these claims, Namco (the corporation) or Namco's depositors (its creditors)***? The issue is critical because, as discussed below, the Trustee has no standing to assert claims of Namco's ***creditors***.

The Trustee's pleadings have been vague on this point. Paragraph 9 of the FAC, incorporated by reference in all claims, says:

> "9. Among the hundreds of millions of dollars of ***creditor*** losses are the life savings of many families. This lawsuit seeks to mitigate the creditors' losses by seeking recovery from some of the primary perpetrators of this tragedy."

This indicates the Trustee is asserting claims of Namco's ***creditors***.

This conclusion is reinforced by the Trustee's proposed Pre-Trial Conference Order, which indicates that the Trustee's claims are (emphasis added):

First Claim for Relief – Breach of Fiduciary Duty: Tony breached the fiduciary duties he owed, as an officer and director of Namco, to Namco ***and its creditors***.

Second Claim for Relief – Aiding & Abetting Breach of Fiduciary Duty: Sean, Mousa and Ramin had actual knowledge of, substantially assisted, and otherwise aided and abetted breaches by Tony and Ezri of the fiduciary duties they owed, as officers and directors of Namco, to Namco ***and its***

3

*creditors.*

The proposed Pre-Trial Conference Order again indicates that the Trustee is trying to assert claims of Namco's *creditors* in addition to claims of Namco the corporation.

It should also be noted that the Trustee's own report shows that the Defendants are themselves also *creditors* of Namco with claims for roughly 40% of estate assets.

As such, this motion seeks to exclude at trial evidence of claims by Namco's *creditors* because, as discussed below, the Trustee has no standing to assert such claims, making such evidence both irrelevant and prejudicial.

## IV. ARGUMENT

### A. The Trustee Has No Standing To Assert Creditor Claims

The Trustee's asserts claims for "breach of fiduciary" against Tony and "aiding and abetting breach of fiduciary duty" against Sean, Mousa and Ramin. For convenience, these will be called the "Fiduciary Duty Claims." It is important to identify on whose behalf the Trustee is asserting these claims, *i.e.*, to which party are the alleged fiduciary duties owed. As indicated in the Trustee's papers, in this case there are two *possibilities:*

- Namco, *i.e.*, the *corporation*;
- Namco's *creditors*.

This identification is paramount, because, as discussed below, the Trustee lacks standing to assert Fiduciary Duty Claims on behalf of Namco's creditors.

In denying Defendants' motion for summary judgment, the Court said that under *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), "the right to assert a fiduciary claim is vested in the trustee." Minute Order, p. 6. <u>With respect, the Court did not identify *whose* "fiduciary duty claim" was vested.</u> Indeed, the Court's ruling was evidently based on the Trustee's opposition, which cited *Pepper* for the proposition that "such [fiduciary] duties are derivative of the duties ***owed to the corporation***, and in bankruptcy may be enforced ***by the corporation***." Opposition, p. 14:8-10 (emphasis

4

added). It is apparent that the Court and the Trustee were citing *Pepper* for the proposition that the Trustee has standing to assert Fiduciary Duty Claims that might be held by Namco *the corporation*. As this is a motion in limine, Defendants will not reargue that point and will assume solely for purposes of this motion that the Trustee may assert Fiduciary Duty Claims on behalf of Namco – the corporation.

However, that is far different from asserting Fiduciary Duty Claims on behalf of Namco's ***creditors***. Nonetheless, as shown above, the Trustee has tried to slip ***creditor*** claims in with the ***corporation*** claims. This is wholly improper. The Trustee has no standing to assert Fiduciary Duty Claims that may be held by Namco's creditors, and the Court has not ruled otherwise.

In its Minute Order, the Court cites the following language in *Pepper, supra*, 308 U.S. 307:

> While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee. For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation creditors as well as stockholders

Notably, *Pepper* was dealing with a claim <u>by</u> a corporate officer <u>against</u> a bankrupt corporation. It allowed a trustee to assert the bankrupt corporation's claim for breach of fiduciary duties to disallow a claim against the bankrupt that resulted in a benefit to the sole creditor. *Pepper* certainly did not hold that the trustee had a free floating right to assert a breach of fiduciary duty claim <u>by</u> a creditor <u>against</u> a third party corporate officer or director.

Indeed, the ability of a trustee to assert creditor claims against a third party was foreclosed in *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 434, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972) which held, under the former Bankruptcy Act, that a reorganization trustee had no standing to assert claims for misconduct by the debtor's bond holders against a third party. The Court identified three separate reasons why the

5

trustee had no standing to assert claims by the bankrupt's *creditors* against third parties: (i) no statutory authority; (ii) no net benefit to the estate; and (iii) possibility of inconsistent results with claims by creditors themselves. *Caplin, supra*, 406 U.S. 428-433. The second reason is particularly telling. The Court noted that in case of any recovery, the third party would be subrogated to claims of the creditors against the estate, so there is no net benefit to the estate in any case. *Caplin, supra*, 406 U.S. 430.

The Ninth Circuit, in *Williams v. California 1st Bank*, 859 F.2d 664, 666 (1988), affirmed that *Caplin* continues to be good law under the Bankruptcy Code and also applies to a Chapter 7 trustee for each of the reasons stated by the Supreme Court. *Williams* held that Congress, in enacting the current Bankruptcy Code, specifically declined to overrule *Caplin* and give the trustee such standing. *Williams, supra,* 859 F.2d. 666. *Williams*, like *Caplin,* also held that even if the trustee has such standing and were able to recover money for the creditors, then the third parties who paid the money would be subrogated to the creditor's claims against the estate, so there would be no net benefit to the estate. *Williams, supra* 859 F.2d. 667. As such, a trustee may not pursue claims on behalf of a bankrupt's creditors against third parties. *Id.* 859 F.2d 667.

Both *Caplin* and *Williams* involved creditor claims like those asserted by the Trustee here: in *Caplin*, claims against a corporate officer for breach of fiduciary duty; and *Williams* again against third parties for facilitating the bankrupt's alleged Ponzi scheme. As in *Caplin* and *Willaims,* the Trustee here has no standing to assert any ***creditor claims*** or seek any recovery for ***creditor losses***. Indeed, as noted, the Defendants against whom the Trustee is asserting the ***creditor*** Fiduciary Duty Claims are themselves creditors of the estate with claims totaling almost 40% of the estate's assets. How can the Trustee be purporting to represent *all* creditors – including Defendants – and yet be suing Defendants at the same time? Putting aside (but not waiving) the obvious conflict of interest, as in *Caplin* and *Williams*, if there were any recovery on behalf of creditors, Defendants would be directly entitled to nearly 40% of their own money and subrogated to the rest, so there would be no net benefit to the

6

estate.

This case should be distinguished from *Pepper* and the other cases cited in the Minute Order. *In re Folks*, 211 B.R. 378, 384 (9th Cir. BAP 1997) is cited for the proposition that "the right to assert [a] breach of fiduciary duty claim is vested in [the] trustee." However, *Folks* involved an *alter ego* claim against a corporate officer which the court held was property of the estate because "all creditors are affected." *Folks* did not involve a claim against third parties as in *Williams*, and, indeed *Folks*, at 211 B.R. 387, distinguished *Williams* because "*Williams* is not an *alter ego* case." Moreover, in *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1252 (9th Cir. 2010) the Ninth Circuit specifically **disapproved** *Folks*, holding that its reasoning that the trustee held the *alter ego* claim "because all creditors are affected" was a "made-up cause of action" and that under California law "such a cause of action does not exist." *Id.* 623 F.3d 1252. *In re Morpheus, Lights, Inc.*, 228 B.R. 449, 452 (Bankr. N.D. Cal. 1998), also cited by the Trustee, involved a "pattern of improper ***post-petition*** conduct" by one creditor which allegedly impacted all other creditors. Here the Trustee is asserting pre-petition creditor claims, so *Morpheus* does not apply. The point is that not one of the cases cited held that a trustee has standing to assert pre-petition claims of a bankrupt's creditors against third parties.

State law determines whether a claim belongs to the trustee or to a creditor. *Ahcom, supra*, 623 F.3d 1251, *citing Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Since Namco is a California corporation, California law determines which party holds any creditor's claim for breach of fiduciary duties. *Ahcom, supra*, 623 F.3d 1251.

On this point, California law is crystal clear. Before actual insolvency, a corporate officer and director only owes a fiduciary duty to the corporation and its shareholders, not to corporate creditors. *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1p40, 100 Cal.Rptr.3d 875 (2009). After actual insolvency, "California's trust fund doctrine imposes an additional, albeit limited, fiduciary duty on

7

the corporation's directors to avoid 'actions that divert, dissipate, or risk corporate assets that might otherwise be used to pay creditors' claims,' including "acts that involve self-dealing or the preferential treatment of creditors.' **This additional duty is owed to the corporation's creditors only."** *Scouler & Co., LLC v. Schwartz*, 2012 WL 1502762 (N.D.Cal. 2012) (emphasis added) *citing Berg,* 100 Cal.Rptr.3d. 894 and holding the trustee lacks standing to assert such creditor claims.

The result here is undisputable:

- Before Namco's actual insolvency, the Trustee has no standing to assert Fiduciary Duty Claims on behalf of any *creditor* because under California law such claims do not exist;
- After Namco's actual insolvency, the Trustee still lacks standing to assert Fiduciary Duty Claims on behalf of *creditors* because under California law only the creditors hold such claims, not the corporation.

In other words, the Trustee has no standing to assert *creditor* claims against these Defendants on any basis. As such, and purported evidence of *creditor claims* or any resulting *creditor losses* should be excluded.[1]

**B.      Evidence of Creditor Claims Or Losses Should be Excluded Under FRE 402.**

Federal Rules of Evidence 401 provides:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Federal Rules of Evidence 402 says flatly: "Irrelevant evidence is not

---

[1] As noted in Defendant's companion motion to bifurcate, determining the date of Namco's "actual insolvency" is critical to most of the Trustee's other claims above and beyond the Fiduciary Duty Claims, so that date is mentioned here since it is a dividing line for so many other issues in this case. For the *creditor* Fiduciary Duty Claims, as mentioned, the Trustee has no standing to assert such claims before or after such date.

8

admissible."

In FAC ¶ 9 the Trustee alleges he is seeking to recover "hundreds of millions of dollars of creditor losses [including] the life savings of many families." However, if those *creditor* claims or losses exist, they belong to the creditors themselves, not the Trustee. As such, any evidence of such claims or losses has no bearing on any fact of consequence in determining this action and should be excluded as irrelevant. As *CDX Liquidating Trust ex rel. CDX Liquidating Trustee v. Venrock Associates*, 411 B.R. 591, 601 (N.D.Ill. 2009) held: "Defendants argue that evidence of Defendants' conduct before the individual Defendants joined Cadant's Board is irrelevant because they could not technically breach fiduciary duties before they legally owed such obligations. The Court agrees." Claims that might have been brought or losses that might have been suffered by third party creditors is for them to assert, not the Trustee, and as such are simply irrelevant to any issue in this case.

C. **Evidence of Creditor Claims or Losses Should be Excluded Under FRE 403.**

Federal Rules of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence

Even if there were some basis for considering evidence of *creditor* claims of losses, such evidence should be excluded under this section.

The "unfair prejudice" that Rule 403 is concerned with involves "some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence." *U.S. v. Gelzer*, 50 F.3d 1133, 1139 (2nd Cir. 1995). In this case, introducing evidence of lost "life savings" and the like would unfairly prejudice Defendants by trying to encourage sympathy for creditors who are not even proper parties to the case. *E.g. Master-Halco, Inc. v. Scillia, Dowling & Natarelli*, 739 F.Supp.2d 104, 109

9

(D.Conn. 2010) (evidence of alleged claims against others who were parties in the case excluded as unfairly prejudicial.)

Moreover, it also leads to undue confusion, undue delay and waste of time. If the Trustee seeks to introduce evidence of creditors who lost their "life savings" in the real estate crash of 2008, then in fairness the Defendants should be allowed to admit rebuttal evidence of all of the satisfied customers who made money for years at Namco and found its business practices to be acceptable and profitable. *Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 818 F.2d 1398, 1404 8th Cir. 1987) (evidence of "bad dealings" with some franchise owners was properly excluded because then the court would be required to allow rebuttal evidence of favorable dealings with other franchisees, this confusing issues and wasting time). It would be grossly unfair to Defendants to paint any involvement in Namco's practices as "all bad" without allowing them to present evidence of Namco's years of successful business and satisfied customers from those very same practices.

## V.   CONCLUSION

For the reasons given above, Plaintiff respectfully requests the Court to exclude any testimony or evidence at trial regarding any *creditor claims* or *creditor losses* by with respect to Namco Capital Group, Inc.

DATED: September 21, 2013         SALTZBURG, RAY & BERGMAN, LLP

By: /s/ Paul T. Dye
PAUL T. DYE
Attorneys for Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC

10

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025-1166.

On September 23, 2013, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF CREDITOR CLAIMS OR LOSSES;**

☒ by placing the true copies thereof enclosed in sealed envelope(s) addressed as stated on the attached service list;

☐ by placing ☐ the original ☐ a true copy thereof in sealed envelope(s) addressed as follows:

**See Attached Service List.**

☒ **(BY MAIL)** I deposited each such envelope in the mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** Will cause to be delivered by hand to the offices of the addressee(s).

☒ **(BY NOTICE OF ELECTRONIC FILING** on September 23, 2013, I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 23, 2013, at Los Angeles, California.

Aaron Rosenberg
Type or Print Name                                    Signature

1

# SERVICE LIST

*Sharp v Namvar*
Case No.: 2:11-cv-05320-GAF (DWx)

**By US MAIL:**

United States District Court
Attn: Hon. Gary A. Feess
Edward R. Roybal Federal Building
255 East Temple Street, Courtroom 740
Los Angeles, CA 90012

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Alan F. Broidy: afbroidy@ix.netcom.com
- Gillian N. Brown: gbrown@pszjlaw.com
- Brian L. Davidoff: briandavidoff@davidoffgold.com
- Alan J. Kornfeld: akornfeld@pszyj.com
- Robert B. Mobasseri: robert@lawyer.com, robertm@mobasseripc.com
- Richard M Pachulski: jstang@pszjlaw.com
- Daryl G. Parker: dparker@pszjlaw.com
- Elissa A. Wagner: ewagner@pszjlaw.com
- Dean A. Ziehl: dziehl@pszyj.com

2

161330.1 8257.005