HENLEY L. SALTZBURG (State Bar No. 33634)
PAUL T. DYE (State Bar No. 81753), *E-Mail: ptd@srblaw.com*
Genise R. Reiter (State Bar No. 80578), *E-Mail: grr@srblaw.com*
**SALTZBURG, RAY & BERGMAN, LLP**
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1166
Tel: (310) 481-6700 – Fax: (310) 481-6720

**Attorneys for Defendants** Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC., a California corporation,<br>Debtor.<br><br>BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MOUSA NAMVAR, *et al.*,<br><br>Defendants. | Case No.: 2:11-cv-05320-GAF<br>Chapter 11<br>Bankr. Case No.: 2:08-bk-32333-BR<br>Adv. Proc. No.: 2:10-ap-02945-BR<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO BIFURCATE TRIAL ON ISSUE OF ACTUAL INSOLVENCY**<br><br>Date: October 21, 2013<br>Time: 10:00 a.m.<br>Ctrm: 740<br><br>Discovery Cutoff: July 26, 2013<br>Pretrial Conf.: September 23, 2013<br>Trial: October 29, 2013<br><br>Judge: Hon. Gary A. Feess<br>Magistrate: Hon. Carla Woehrle |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 21, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 740 of the above entitled Court, located at 255 East Temple St., Los Angeles, California 90012, Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, and Woodman Partners, LLC will and move the Court pursuant to FRCP 42(b) for an order bifurcating the trial of this matter so that this issue of the date of the actual insolvency of the Debtor, Namco Capital Group, Inc. may be tried and determined first.

The motion will be made on the grounds that such bifurcation will further the interests of judicial economy, limit juror confusion and avoid undue prejudice. The motion will be based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and documents on file in this action, and such further evidence or oral argument as may be presented at the hearing on this motion.

Defendants brings the instant motion after meeting and conferring with counsel for Plaintiff pursuant to L.R. 7-3 which took place on September 9, 2013.

DATED: September 21, 2013      SALTZBURG, RAY & BERGMAN, LLP

By: /s/ Paul T. Dye
PAUL T. DYE
Attorneys for Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELIEF SOUGHT

Defendants Hooshang Namvar ("Sean"), Homayoun Namvar ("Tony"), Ramin Namvar ("Ramin"), , Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC, ("Defendants") seek the Court's entry of an Order bifurcating the trial of this matter and first trying the issue of determining the date of "actual insolvency" of the Debtor, Namco Capital Group, Inc. ("Namco").

## II. ISSUES TO BE DECIDED

Whether first trying the issue of the date of "actual insolvency" of Namco would facilitate convenience of presentation of this case, avoid prejudice, and economize judicial resources such that the Court should bifurcate the issue under FRCP 42(b)

## III. STATEMENT OF FACTS

The Plaintiff is the bankruptcy Trustee for Namco. For nearly twenty years, Namco was a hard money lender dealing primarily in real estate. Namco would obtain money from depositors (*i.e.*, creditors) who were given promissory notes. Namco would then invest the funds in real estate projects. Ezri Namvar ("Ezri") was the CEO, director and sole shareholder of Namco. The real estate projects were typically owned by a single purpose limited liability company in which Ezri was the sole manager and frequently, the majority owner. When the projects made money, Ezri would reinvest proceeds from the controlled LLCs into Namco. For nearly twenty years Namco was successful. With the sudden collapse of the real estate market in 2008, Namco also collapsed. An involuntary bankruptcy was filed in December, 2008.

The Trustee's First Amended Complaint ("FAC") asserts various claims against Ezri's family members saying they contributed to Namco's collapse by engaging in

2

various transactions with other LLCs remotely related to the single purpose LLCs that Ezri set up for the real estate projects. However, a significant number of the Trustee's claims turn on one indispensable allegation: that Namco was "insolvent" at the time of the relevant transactions. Without this showing, these claims cannot go forward.

The FAC contains no specification of the date on which the Trustee alleges Namco became "insolvent." The only allegation is in FAC ¶ 10, which says that an involuntary petition was filed against Ezri and Namco on December 22, 2008. However, all of the alleged misconduct by Defendants occurred well before that time. Thus, the pivotal issue in this case is the *actual date* on which Namco became "insolvent." Defendants maintain that date was on or about the date the involuntary petition was filed. If the Trustee maintains insolvency occurred on an earlier date, then that earlier date must first be established before most of the Trustee's claims are even viable.

Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Drennan v. Maryland Cas. Co.*, 366 F.Supp.2d 1002, 1007 (D.Nev.2005). As discussed below, for most of the Trustee's claims the date of Namco's insolvency is *the indispensable factual predicate* to going forward. This is a discrete issue that can be tried in a day or so. The following discusses why this issue should be tried first.

## IV. NAMCO'S DATE OF INSOLVENCY IS CRITICAL TO MANY OF THE TRUSTEE'S CLAIMS

The FAC asserts numerous claims against these Defendants. Several claims have been dismissed. Of the remaining claims, the following all require a finding of the date when Namco became actually insolvent in order to proceed.

**First Claim – Breach of Fiduciary Duty**: This Claim is asserted against Tony. As noted in Defendants' companion motion in limine to exclude evidence of creditor claims, the First Claim seeks recovery for claims and losses on behalf of Namco's

3

161331.1 8257.005

*creditors*. Without waiving Defendants' claim that the Trustee has no standing to assert *creditor* claims at all, the law is clear that the creditors have no claims for breach of fiduciary duties before Namco's "actual insolvency." *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1040, 100 Cal.Rptr.3d 875 (2009). As such, if there is any inclination to allow the Trustee to assert creditor claims (which Defendants vigorously assert would be contrary to California state law which governs this claim), then determining the date of Namco's actual insolvency would be crucial for the viability of such claims.

**Second Claim – Aiding and Abetting Breach of Fiduciary Duty**: This claim is asserted against Mousa, Sean and Ramin. Again, this claim seeks recovery on behalf of Namco's *creditors*. And again, without waiving the standing issue, the creditors have no claims for breach of fiduciary duties before Namco's "actual insolvency." *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1040, 100 Cal.Rptr.3d 875 (2009). As such, if creditor claims are asserted (and the Court allows them to be tried), then determining the date of Namco's actual insolvency would be central to the viability of such claims.

**Eleventh Claim – Recovery of Fraudulent Transfer**: This claim seeks recovery of certain alleged Fraudulent Transfers to the Defendants allegedly avoidable under 11 U.S.C. § 544(b) because they are avoidable under Cal. Civil. Code §§ 3439.04 and 3439.05. As an essential element of this claim, the FAC ¶ 190 alleges that "Namco was insolvent at the time of each transfer." Indeed, in the Trustee's *Memorandum of Contentions of Fact and Law Pursuant to L.R. 16-4* (Doc. # 274) the Trustee asserts that: "The elements required to establish [the fraudulent transfer] claim are: … (iii) Namco was insolvent at the time of the transfer(s) of its funds…." See also Cal. Civil Code § 3439.04(a) (transfer rendering the debtor effectively insolvent) and § 3439.05 (requiring that the debtor was insolvent at the time of the transfer or because insolvent as a result of the transfer). As a result, the viability of this claim hinges on determining the date when Namco was "insolvent."

4

1  **Twelfth Claim – Recovery of Fraudulent Transfer**: This claim seeks recovery of certain alleged Fraudulent Transfers against Mousa. As with the Eleventh Claim, this claim requires the Trustee to prove that Namco was insolvent when the alleged transfers were made. Trustee's Memorandum Of Contentions Of Fact And Law Pursuant To L.R. 16-4 (Doc. # 274)

As shown, a substantial number of the Trustee's remaining claims against Defendants require a finding that Namco was actually insolvent on the date the alleged misconduct occurred. Without such a showing, the claims are mooted and are never presented to the jury. The volume of information to be offered and trial time used in presenting these insolvent-dependent claims, as more fully explained below, is enormous and trying insolvency first fosters judicial economy without any corresponding detriment to any party. As such, this significant issue should be tried first.

**A.    The Court Should Bifurcate And Try "Actual Insolvency" First**

Federal Rules of Civil Procedure 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Courts usually consider the following factors in determining whether bifurcation is appropriate: (1) complexity of the issue of damages; (2) confusion of the jury; (3) overlap of issues; and (4) prejudice to the parties. *Amylin Pharmaceuticals Inc. v. Regents of University of Minn.*, 1998 WL 35031973 *1 (S.D.Cal. 1998). Bifurcation is

5

particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case, *Drennan v. Maryland Cas. Co.*, 366 F.Supp.2d 1002, 1007 (D.Nev.2005), or will dispose of or simplify issues to be raised in the second trial. *Payne v. A.O.Smith Corp.*, 99 F.R.D. 534, 535, 37 Fed.R.Serv.2d 1277, 14 Fed. R. Evid. Serv. 1640 (S.D.Ohio 1983); United Service Auto. Ass'n., (D. Nev. 1996), 169 F.R. D. 359. The party seeking bifurcation has the burden of proving it is justified. *IPPV Enterprises v. Cable/Home Communication Corp.*, 26 U.S.P.Q.2d 1714, 1715, 1993 WL 186168 *1 (S.D.Cal.1993). Here, all four factors weigh strongly in favor of bifurcating trial of the issue of "actual insolvency" in this case.

**(1) Complexity of Damages Issue:** This factor weighs heavily in favor of bifurcation. Determining the date on which the Trustee claims Namco became "actually insolvent" will be straight-forward and primarily turn on an examination of the financial records of Namco. This could likely be done in a day or so of trial time primarily through testimony of accounting experts David Judd for the Trustee and Jason Engel for the Defendants. On the other hand, as the Court can see from the summary judgment filings and the Pre-Trial Conference Order, the time and effort necessary to establish the details of the alleged breach of fiduciary duty, aiding and abetting and fraudulent transfers, all viable only upon a showing of insolvency, will be enormous. It requires setting forth the facts for scores of transactions involving tiers of LLCs coming and going at different times with changing ownership interests in evolving real estate transactions. Indeed, the Trustee's FAC raises insolvency dependent issues with respect to the following transactions: LA Marriott Hotel, with four tiers of LLCs; Las Vegas/ Flamingo Road with four tiers of LLCs including a buy-out; Las Vegas/ Sunset Springs with three tiers including a buy-out; Nam 5 / Accounts Receivable; DGADE; Security Pacific Bank and multiple Trifish and Mousa transfers; Wilshire/Bundy Ground Lease with two tiers of LLCs; Namco 8/Red Feather Mall with four tiers of LLCs.  If the jury determines that Namco was not actually insolvent when relevant portions of these transactions occurred, then days of trial time spent slogging through the minutia of

6

these transactions will be for naught. Moreover, all evidence related to whether Tony was an officer and/or director of Namco as well as what the standard of duty is for an officer and director will be unnecessary if the Trustee does not establish insolvency. All of the evidence pertaining to whether Sean, Ramin or Mousa knew about breaches of duty and assisted in breaches of duty as well as damage issues on these subjects will be eliminated. The punitive damages issue will be removed from the case.[1]

**(2) Confusion of Jury:** This factor also weighs heavily in favor of bifurcation. In order to determine the date on which the Trustee claims Namco became actually insolvent, the jury should only need to consider discrete evidence regarding Namco's financial records and balance sheet. This is vastly different from the complicated and detailed analysis that will need to be undertaken to analyze each of the transfers alleged by the Trustee which necessarily involves not only issues of liability, but of damages as well. For the jury to determine what part of financial information is relevant to insolvency as opposed to damages would be overwhelming. The insolvency information is relatively simple as compared with the damage analysis and to have two sets of financial information having completely different purposes – insolvency versus damage – will undoubtedly confuse the jury, leading potentially to error on appeal, no matter who prevails in this matter, a potential landmine easily avoided by trying insolvency first.

**(3) Overlap of issues**: The chance of overlap of issues is small. Basically, a determination of the date of actual insolvency should be done from Namco's financial

---

[1] To the extent that the Trustee claims there were breaches of fiduciary duty to Namco, the corporation, this is contrary to the law given that Namco was wholly owned by Ezri. *See L. R. Schmaus Co., Inc. v. Commissioner of Internal Revenue*, 406 F.2d 1044 (7th Cir. 1969) ("if an officer of the company owns all the stock 'he may use the corporate assets as he sees fit and there can be no misappropriation of corporate assets by him'"); *In re Doctors Hospital of Hyde Park, Inc.* 474 F.3d 421 (7th Cir. 2007) ("… as long as a corporation is solvent, directors typically owe fiduciary duties only to shareholders …[b]ecause Desnick was the sole shareholder of the Hospital, he can hardly have defrauded himself or breached a fiduciary duty to himself."); *Cechettini v. Consumer Assoc.* (1968) 260 Cal.App.2d 295, 301 (no breach of directors' fiduciary duty occurred when sole shareholder had approved the directors' actions).

7

records and balance sheet. As noted above, the issue of damages is in effect controlled by when the date of insolvency occurred. Thus, whatever date is chosen for insolvency will limit much of the information that is finally presented to the jury to acts that occurred after the insolvency date. And, if the jury determines that Namco was not insolvent until at or around the time of its bankruptcy, a great deal of the Trustee's case will evaporate along with the evidence that he would have introduced to prove it. The actual overlap in issues therefore is minimal.

**(4) Prejudice to the parties**: While Defendants do not want to misstate the Trustee's case, there does not appear to be any significant prejudice to the Trustee to try the issue of actual insolvency first. The issue must be decided in any case, and trying the issue first could result in a significant savings of time. As noted above, bifurcation is particularly appropriate when resolution of a single issue could simplify much of the case. Here, determining the date of actual insolvency could moot many of the Trustee's claims – and, indeed, Defendants believe that their evidence on the date of insolvency will show this to be the case. Instead of there being prejudice to this case if this motion is granted, it is actually the converse that is true. If this motion is not granted, prejudice to all parties is a virtual certainty. Both Defendants and the Trustee have already spent millions in attorneys' fees in this action. To subject both Defendants and the estate to the enormous expense of additional days of trial, potentially wasted on claims that may ultimately be mooted by trying insolvency first is prejudicial to Defendants, the estate, and its creditors. There is no need to further dissipate estate assets on the enormous legal expense of additional trial time or further deplete Defendants' resources that could well prove ultimately unnecessary.

Moreover, the failure to bifurcate could work a substantial prejudice on Defendants in a second and even more potentially damaging manner As the Trustee indicates in the FAC, the Trustee seeks to recover "hundreds of millions of dollars of creditor losses [that] are the life savings of many families." It is apparent that the Trustee, as part of its case, will seek to introduce "lost life savings" as a means to garner

8

sympathy and unfairly prejudice the jury against Defendants. While these losses are certainly tragic – many people lost money in the Great Recession of 2008 and resulting real estate collapse – that alone does not make Defendants liable for such losses. Any discussion of potential liability first demands a finding of actual insolvency of Namco, which should be based on an objective analysis of financial records which should not be influenced by the potential sympathy of the jurors.

## V. CONCLUSION

For the reasons given above, Plaintiff respectfully requests the Court issue an order bifurcating trial of the issues in this case and first trying the issue of determining the date of "actual insolvency" of the debtor, Namco Capital Group, Inc.

DATED: September 21, 2013        SALTZBURG, RAY & BERGMAN, LLP


By: /s/ Paul T. Dye
PAUL T. DYE
Attorneys for Defendants Lacy 20, LLC,
Hooshang Namvar, Homayoun Namvar,
Ramin NamvarTrifish, LLC, Tribun, LLC,
Believers, LLC, Net, LLC, Light Source
Management, LLC, Woodman Partners, LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025-1166.

On September 23, 2013, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 2 TO BIFURCATE TRIAL ON ISSUE OF ACTUAL INSOLVENCY**

☒ by placing the true copies thereof enclosed in sealed envelope(s) addressed as stated on the attached service list;
☐ by placing ☐ the original ☐ a true copy thereof in sealed envelope(s) addressed as follows:

**See Attached Service List.**

☒ **(BY MAIL)** I deposited each such envelope in the mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** Will cause to be delivered by hand to the offices of the addressee(s).

☒ **(BY NOTICE OF ELECTRONIC FILING on** September 23, 2013, I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 23, 2013, at Los Angeles, California.

Aaron Rosenberg
Type or Print Name                                    Signature

1

# SERVICE LIST

*Sharp v Namvar*
Case No.: 2:11-cv-05320-GAF (DWx)

**By US MAIL:**

United States District Court
Attn: Hon. Gary A. Feess
Edward R. Roybal Federal Building
255 East Temple Street, Courtroom 740
Los Angeles, CA  90012

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Alan F. Broidy: afbroidy@ix.netcom.com
- Gillian N. Brown: gbrown@pszjlaw.com
- Brian L. Davidoff: briandavidoff@davidoffgold.com
- Alan J. Kornfeld: akornfeld@pszyj.com
- Robert B. Mobasseri: robert@lawyer.com, robertm@mobasseripc.com
- Richard M Pachulski: jstang@pszjlaw.com
- Daryl G. Parker: dparker@pszjlaw.com
- Elissa A. Wagner: ewagner@pszjlaw.com
- Dean A. Ziehl: dziehl@pszyj.com

161331.1 8257.005