PAUL T. DYE (State Bar No. 81753), *E-Mail: ptd@srblaw.com*
Genise R. Reiter (State Bar No. 80578), *E-Mail: grr@srblaw.com*
SALTZBURG, RAY & BERGMAN, LLP
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1166
Tel: (310) 481-6700 – Fax: (310) 481-6720

**Attorneys for Defendants** Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC., a California corporation,<br>Debtor. | Case No.: 2:11-cv-05320-GAF<br>Chapter 11<br>Bankr. Case No.: 2:08-bk-32333-BR<br>Adv. Proc. No.: 2:10-ap-02945-BR |
| BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br>Plaintiff,<br>vs.<br>MOUSA NAMVAR, *et al.*,<br>Defendants. | **MOTION IN LIMINE NO. 4 BY DEFENDANTS LACY 20, LLC, HOOSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN NAMVAR, TRIFISH, LLC, TRIBUN, LLC, BELIEVERS, LLC, NET, LLC, LIGHT SOURCE MANAGEMENT, LLC, WOODMAN PARTNERS, LLC TO EXCLUDE EVIDENCE AND REFERENCES TO NAMCO CAPITAL GROUP, INC.'S PURPORTED PAYMENT FOR A DIAMOND RING FOR ILANA NAMVAR**<br>Date: October 21, 2013<br>Time: 10:00 a.m.<br>Ctrm: 740<br><br>Discovery Cutoff: July 26, 2013<br>Pretrial Conf.: September 23, 2013<br>Trial: October 29, 2013 |

i

|   |   |
|---|---|
|   | Judge: Hon. Gary A. Feess<br>Magistrate: Hon. Carla Woehrle |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 21, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 740 of the above entitled Court, located at 255 East Temple St., Los Angeles, California 90012, Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, and Woodman Partners, LLC will and move the Court for an order excluding any and all evidence, references to evidence, testimony or argument relating to non-party Ezri Namvar's purported $390,000 purchase in or about 2007 of a diamond ring for non-party Ilana Namvar, allegedly using Namco Capital Group, Inc.'s funds.

PLEASE TAKE FURTHER NOTICE THAT this motion is made pursuant Federal Rules of Evidence 401 through 403, is unrelated to plaintiff Bradley D. Sharp's claims and therefore irrelevant, and any probative value is substantially outweighed by the danger of undue prejudice to the moving parties, and of confusing the issues and misleading the jury.

PLEASE TAKE FURTHER NOTICE THAT this motion is based upon this notice and motion, the attached memorandum of points and authorities, the moving parties' anticipated reply papers, the complete files and records in this action, and any oral argument and additional evidence that may be presented prior to or at the time of the hearing.

Defendants bring the instant motion after meeting and conferring with counsel for Plaintiff pursuant to L.R. 7-3 which took place on September 9, 2013.

ii

161347.1 8257.005

| | |
|---|---|
| 1  DATED: September 21, 2013 | SALTZBURG, RAY & BERGMAN, LLP |
| 3 | By: /s/ Paul T. Dye |
| 4 | PAUL T. DYE |
| | Attorneys for Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC |

iii

161347.1 8257.005

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELIEF SOUGHT

Defendants Hooshang Namvar ("Sean"), Homayoun Namvar ("Tony"), Ramin Namvar ("Ramin"), , Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC, ("Defendants") seek the Court's entry of an Order excluding any and all evidence, references to evidence, testimony or argument relating to non-party Ezri Namvar's purported $390,000 purchase in or about 2007 of a diamond ring for non-party Ilana Namvar, allegedly using Namco Capital Group, Inc.'s ("Namco") funds.

## II. ISSUES TO BE DECIDED

Whether Plaintiff should be precluded from introducing any evidence, testimony or argument relating to non-party Ezri Namvar's purported $390,000 purchase in or about 2007 of a diamond ring for Ilana Namvar, allegedly using Namco's funds under FRE 402 (lack of relevance) or FRE 403 (probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, waste of time).

## III. STATEMENT OF FACTS

The Plaintiff is the bankruptcy Trustee for Namco. For nearly twenty years, Namco was a hard money lender dealing primarily in real estate. Namco would obtain money from depositors (*i.e.*, creditors) who were given promissory notes. Namco would then invest the funds in real estate projects. Ezri Namvar ("Ezri") was the CEO, director and sole shareholder of Namco. The real estate projects were typically owned by a single purpose limited liability company in which Ezri was the sole manager and frequently, the majority owner. When the projects made money, Ezri would reinvest proceeds from the controlled LLCs into Namco. For nearly twenty years Namco was successful. With the sudden collapse of the real estate market in 2008, Namco also

161347.1 8257.005

collapsed. An involuntary bankruptcy was filed in December, 2008.

The Trustee's First Amended Complaint ("FAC") asserts various claims against Ezri's family members saying they contributed to Namco's collapse by engaging in various transactions with other LLCs remotely related to the single purpose LLCs that Ezri set up for the real estate projects. The Trustee did not, however, sue Ezri's wife Ilana, despite the fact that he continually carps on Ezri's purported $390,000 purchase in or about 2007 of a diamond ring for Ilana using Namco's funds. Given that neither Ezri nor Ilana are parties to this action, the Trustee's focus here is to taint the jury.

Plaintiff's claims involve certain alleged, business-related transactions between them and Namco. The purported ring purchase is not one of those alleged transactions. Hence, any evidence relating to that purchase is entirely irrelevant to this case. But Plaintiff intends to introduce evidence relating to that ring purchase anyway, and for no other reason than to improperly evoke a negative, emotional reaction from the jury. The applicable rules of evidence, however, prohibit Plaintiff from presenting irrelevant evidence to the jury.

Even if there could be some modicum of probative value in evidence relating to the purchase of that ring, such value is overshadowed by the prejudicial impact such evidence would have on the moving parties during trial, and would only confuse the jury, and the issues that are actually in controversy in this case. Any evidence relating to the ring purchase should therefore be excluded.

## IV. THE COURT MAY EXCLUDE IRRELEVANT OR PREJUDICIAL EVIDENCE PURSUANT TO THIS MOTION IN LIMINE.

This Court has the inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41 (1984); *see also* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

Federal Rule of Evidence 402 expressly states that irrelevant evidence is not admissible, and Rule 401 explains that evidence is relevant only if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.

Even if evidence is found to have some relevance, Federal Rule of Evidence 403 allows the court to exclude it if there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403; *see also Old Chief v. U.S.*, 519 U.S. 172, 180-192 (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800-02 (1st Cir. 1995); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### A. Ezri's Purported Purchase Of A Ring For Ilana Using Namco's Funds Is Irrelevant To This Lawsuit.

Plaintiff contends that in or about 2007, Ezri paid about $390,000 for a diamond ring which he gave to his Ilana and that Ezri used Namco funds for the purchase. Yet, Plaintiff never included that purported purchase as one of the transactions alleged in his complaint. Plaintiff did not even name Ilana as a defendant to this lawsuit.

Although Plaintiff recognizes that none of the claims alleged in his complaint is about that ring purchase, he intends to present evidence relating to the ring anyway. The only logical explanation for Plaintiff's intended strategy is to sully the moving parties before the jury.

But the law does not countenance a party dragging into the courtroom any evidence irrelevant to a case. Instead, the law strictly *forbids* it.

Federal Rule of Evidence 402 unambiguously states that evidence that is not relevant is not admissible. Rule 401, in turn, restricts "relevant" to mean only if the proffered evidence (1) has any tendency to make a fact more or less probable than it

3

would be without the evidence, and (2) the fact is of consequence in determining the action. The alleged ring purchase is entirely *unrelated* to any of the transactions that Plaintiff alleged in his complaint, and none of the transactions in dispute turn on whether or not Namco Capital paid for that ring.

Equally unambiguous is the restriction imposed by Federal Rule of Evidence 103(d), which states that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." This does not extend any discretion in deciding to admit or not admit irrelevant evidence. *See U.S. v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992). Plain and simple, irrelevant evidence may *never* be admitted. Evidence relating to the alleged ring purchase, which has nothing to do with any of the transactions that are actually in dispute, is no exception to the evidentiary prohibition.

### B. Even If The Ring Purchase Exhibits A Modicum Of Probative Value, Such Evidence Should Be Excluded To Avoid Prejudicial Jury Confusion

Assuming *arguendo* that the ring purchase is marginally probative, under the Federal Rules of Evidence, this Court may exclude evidence that is unduly confusing or prejudicial. Federal Rule of Evidence 403 specifies that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In *Cohn v. Papke*, the court explained that "unfair prejudice," as used in Rule 403, means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Cohn v. Papke*, 655 F.2d 191655 F.2d 191, 194 (1981). Evoking a prejudicial, emotional response is precisely what Plaintiff intends to do by presenting evidence relating to the $390,000 ring that Ezri purportedly purchased for Ilana with Namco's funds. Even though that ring purchase has nothing to do with any of the transactions that Plaintiff is alleging against any of the defendants in this case, presenting such evidence to the jury would undoubtedly, and unfairly, evoke a

161347.1 8257.005

negative sentiment among the jurors against any transaction in which Namco and Ezri may have been involved. Indeed, unlike the business-related transactions that are in dispute in this case, a ring purchase is entirely "personal" in nature.

Once those emotions are stirred, it would be difficult for a juror to divorce such negative sentiment when viewing any of the transactions that are actually in controversy in this case. Consequently, allowing Plaintiff to present evidence relating to the ring purchase would be highly prejudicial to the moving parties, and would cause the jury to confuse the issues at trial. This is the very kind of confusion and prejudice that Federal Rule of Evidence 403 was designed to curb.

## V. **CONCLUSION**

For the foregoing reasons, defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Nataly Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, and Woodman Partners, LLC respectfully and jointly request that the Court enter an order excluding any and all evidence, references to evidence, testimony or argument relating to Ezri Namvar's purported purchase of a diamond ring for non-party Ilana Namvar, using Namco's funds.

DATED: September 23, 2013    SALTZBURG, RAY & BERGMAN, LLP


By: /s/ Paul T. Dye
PAUL T. DYE
Attorneys for Defendants Lacy 20, LLC,
Hooshang Namvar, Homayoun Namvar,
Ramin NamvarTrifish, LLC, Tribun, LLC,
Believers, LLC, Net, LLC, Light Source
Management, LLC, Woodman Partners, LLC

5

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025-1166.

On September 23, 2013, I served the foregoing document described as **MOTION IN LIMINE NO. 4 BY DEFENDANTS LACY 20, LLC, HOOSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN NAMVAR, TRIFISH, LLC, TRIBUN, LLC, BELIEVERS, LLC, NET, LLC, LIGHT SOURCE MANAGEMENT, LLC, WOODMAN PARTNERS, LLC TO EXCLUDE EVIDENCE AND REFERENCES TO NAMCO CAPITAL GROUP, INC.'S PURPORTED PAYMENT FOR A DIAMOND RING FOR ILANA NAMVAR**

☒ by placing the true copies thereof enclosed in sealed envelope(s) addressed as stated on the attached service list;

☐ by placing ☐ the original ☐ a true copy thereof in sealed envelope(s) addressed as follows:

**See Attached Service List.**

☒ **(BY MAIL)** I deposited each such envelope in the mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** Will cause to be delivered by hand to the offices of the addressee(s).

☒ **(BY NOTICE OF ELECTRONIC FILING** on September 23, 2013, I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 23, 2013, at Los Angeles, California.

Aaron Rosenberg
Type or Print Name                              Signature

1

# SERVICE LIST

*Sharp v Namvar*
Case No.: 2:11-cv-05320-GAF (DWx)

**By US MAIL:**

United States District Court
Attn: Hon. Gary A. Feess
Edward R. Roybal Federal Building
255 East Temple Street, Courtroom 740
Los Angeles, CA 90012

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Alan F. Broidy: afbroidy@ix.netcom.com
- Gillian N. Brown: gbrown@pszjlaw.com
- Brian L. Davidoff: briandavidoff@davidoffgold.com
- Alan J. Kornfeld: akornfeld@pszyj.com
- Robert B. Mobasseri: robert@lawyer.com, robertm@mobasseripc.com
- Richard M Pachulski: jstang@pszjlaw.com
- Daryl G. Parker: dparker@pszjlaw.com
- Elissa A. Wagner: ewagner@pszjlaw.com
- Dean A. Ziehl: dziehl@pszyj.com