BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
BERNARD M. RESSER (SBN 92873)
BResser@GreenbergGlusker.com
LORI L. WERDERITCH (SBN 247345)
LWerderitch@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067
Telephone: 310-553-3610
Facsimile: 310-553-0687

Attorneys for Defendants Mousa Namvar, Magdiel, LLC, DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC, and Wishlab 90, LLC

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

In re: NAMCO CAPITAL GROUP, INC., a California corporation,

Debtor.

BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,

Plaintiff,

vs.

MOUSA NAMVAR, et al.,

Defendants.

Case No.: 2:11-cv-05320-GAF

Bankr. Case No.: 2:08-bk-32333-BR
Bankr. Adv. Proc. No.: 2:10-ap-02945-BR

Chapter 11

**NOTICE OF MOTION AND MOTION IN LIMINE OF DEFENDANTS MOUSA NAMVAR, MAGDIEL, LLC, NAMCO 8, LLC, WISHLAB 90, LLC, BUNHERST, LLC, AND DGADE OF DELAWARE, LLC TO EXCLUDE DOCUMENTS NOT TIMELY PRODUCED IN DISCOVERY AND DEPOSITION TESTIMONY REGARDING SUCH DOCUMENTS FROM INTRODUCTION AT TRIAL BY PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Request for Judicial Notice, Lori L. Werderitch Declaration, and [Proposed] Order Submitted Concurrently Herewith]

Date: October 21, 2013
Time: 9:30 a.m.
Place: Courtroom 740
Complaint Filed: October 26, 2010
Trial Date: October 29, 2013

**TO PLAINTIFF BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC., AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 21, 2013 at 9:30 a.m., or as soon thereafter as the parties may be heard, in Courtroom 740 of the above-entitled Court, located at 255 East Temple St., Los Angeles, California 90012, Defendants Mousa Namvar, Magdiel, LLC, DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC, and Wishlab 90, LLC (collectively, the "Mousa Defendants") will and hereby do move the Court for an order excluding documents not timely produced in discovery and any deposition testimony of the Mousa Defendants concerning such documents from being introduced into evidence at trial by Plaintiff Bradley D. Sharp's, Chapter 11 Trustee of Namco Capital Group, Inc. ("Plaintiff"). This includes documents identified on the parties' Joint Exhibit List as Exhibits Nos. 42, 43, 48, 49, 50, 156, 165, 166, 167, 257, 284, 285, 286, 296, 303, 304, 457, 878, 879, and 975.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Lori L. Werderitch and Request for Judicial Notice, and all supporting evidence filed concurrently herewith, all of the records, pleadings and papers on file in this action, and upon such further oral or documentary evidence as may be presented at or before the hearing on this Motion.

//

//

//

//

//

//

//

//

Pursuant to L.R. 7-3, the parties met and conferred regarding the motion on July 12, 2013.

DATED: September 23, 2013

Respectfully submitted,

GREENBEG GLUSKER FIELDS
CLAMAN & MACHTINGER, LLP

By: *__/s/ Lori L. Werderitch__*.
BRIAN L. DAVIDOFF
BERNARD M. RESSER
LORI L. WERDERITCH
Attorneys for Defendants Mousa Namvar, Magdiel, LLC, DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC, and Wishlab 90, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants Mousa Namvar, Magdiel, LLC, DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC, and Wishlab 90, LLC (collectively, the "Mousa Defendants") move to preclude Plaintiff Bradley D. Sharp's, Chapter 11 Trustee of Namco Capital Group, Inc. ("Plaintiff") from introducing at trial and/or relying on documents that were not timely produced by Plaintiff in connection with its required disclosures or in response to the Mousa Defendants' discovery requests and from introducing any deposition testimony of the Mousa Defendants concerning such documents.

Throughout this litigation, Plaintiff has made a mockery of the disclosure and discovery requirements that are fundamental to the orderly process of litigation in this District and the federal system by repeatedly introducing at depositions documents it failed to timely produce or properly disclose during discovery. The Mousa Defendants will incur substantial prejudice given their inability to properly prepare for the use of the document during depositions. To prevent prejudice to the Mousa Defendants, Plaintiff should not be permitted to use at trial any documents it did not timely or properly disclose and any deposition testimony concerning such documents.

Had the Mousa Defendants been timely given the withheld documents and information, they would have been able to question Plaintiff's witnesses about them, and would have been able to conduct additional written discovery based on them. Instead, Plaintiff's obstructionist tactics prevented the Mousa Defendants from taking necessary discovery in this case.

It would be fundamentally unfair if Plaintiff were permitted to withhold documents and information throughout the entire course of the litigation only to be permitted to produce it now and freely use it at trial or spring in on witnesses at their

//

depositions and fire questions at them without having produced the document in discovery.

It is this element of gamesmanship and surprise that the Federal Rules were specifically designed to protect against. These rules demand that the Court preclude parties that fail to make or supplement initial disclosures from presenting at trial any evidence not so disclosed, unless there is substantial justification or the failure to disclose is harmless.

As will be discussed below, Plaintiff was not substantially justified in refusing to make disclosures or produce documents in discovery and the harm to the Mousa Defendants is great. The Court should preclude Plaintiff from introducing any and all documents that it did not timely disclose, including, but not necessarily limited to, Exhibit Nos. 42, 43, 48, 49, 50, 156, 165, 166, 167, 257, 284, 285, 286, 296, 303, 304, 457, 878, 879, and 975 in the parties' Joint Exhibit List and from introducing any deposition testimony of the Mousa Defendants concerning such documents.

## II. FACTUAL BACKGROUND

### A. The First Amended Complaint and Scheduling Order.

Namco Capital Group, Inc. ("Namco") entered bankruptcy via an involuntary petition on December 22, 2008. Soon thereafter, plaintiff Bradley D. Sharp (the "Trustee" or "Plaintiff") was appointed as Chapter 11 Trustee of Namco.

The Trustee spent more than two years and many millions of dollars investigating the collapse of Namco and pursuing alleged creditors to recoup Namco losses. As part of that effort, the Trustee filed the First Amended Complaint ("FAC") herein alleging that the Mousa Defendants are the creditors of Namco, are alter-egos of one another, and are responsible for damages incurred by Namco in connection with various real estate deals and monetary transfers. *See* Request for Judicial Notice ("RJN") filed concurrently herewith at ¶1.

//

On June 25, 2012, the Court issued its Rule 16 Scheduling Order, setting the discovery cut-off in this case for July 26, 2013. RJN ¶2. The Scheduling Order was later modified for the purposes of taking a handful of specific depositions only. RJN ¶3.

**B. Plaintiff's Use of Documents Not Produced In Discovery During Depositions.**

The Mousa Defendants received from Plaintiff rolling document productions from early in the case through May 2013. Declaration of Lori L. Werderitch filed concurrently herewith ("Werderitch Dec.") at ¶2. The parties scheduled various witness depositions throughout the month of July. *Id*. at ¶3. During deposition, Plaintiff introduced exhibits that were not Bates numbered and had also not been produced by the Mousa Defendants, or any other party, herein. *Id*. at ¶¶3-6. In addition, several of Plantiff's proposed exhibits on the parties' Joint Exhibit List are not Bates numbered and were not been produced by Plaintiff, the Mousa Defendants, or any other party, herein during the discovery process. *Id*. at ¶7.

**C. The Parties' Efforts to Meet and Confer.**

Given the prejudice to the Mousa Defendants presented by the use of undisclosed documents during deposition (and potentially later at trial), counsel for the Mousa Defendants' requested a meet and confer conference concerning the Mousa Defendants' intention to exclude such documents at trial. **Exhibit A** to Werderitch Dec. at ¶8. On July 12, 2013, counsel participated in a personal meet and confer wherein the parties came to an agreement not to introduce any additional non-Bates labeled documents at future depositions, but Plaintiff continued to do so in violation of that agreement thereby necessitating the filing of the motion to avoid prejudice. Werderitch Dec. at ¶¶8-9.

///

///

## III. PLAINTIFF'S FAILURE TO PRODUCE DOCUMENTS IN DISCLOSURES AND/OR DISCOVERY PRECLUDES USE OF SUCH DOCUMENTS AT TRIAL

The Federal Rules of Civil Procedure are clear with respect to the sanctions imposed upon a party that fails to comply with disclosure requirements, including the Rule that imposes the continuing obligation on a party to supplement its initial disclosures and discovery responses:

> <u>Failure to Disclose or Supplement.</u> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*See* Fed. R. Civ. Proc. 37(c)(1).

This is a "self-executing," "automatic" sanction, which "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *See* Advisory Committee Notes on 1993 Amendment to Federal Rule of Civil Procedure Rule 37(c)(1); *see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1106 (citing same).

The Court need not make any finding of willfulness or bad faith to exclude Plaintiff from presenting evidence under this rule. "The implementation of the sanction is appropriate even when a litigant's entire cause of action will be precluded." *Hoffman v. Construction Protective Services, Inc.* (9th Cir. 2008) 541 F.3d 1175, 1180 (internal citations omitted).

The party facing sanctions (not the party seeking sanctions) has the burden of proving its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti By Molly*, *supra*, 259 F.3d at 1106. Unless Plaintiff can meet the required burden showing that the failure to disclose was either substantially justified or harmless, Plaintiff must be precluded from using the previously undisclosed information at trial. *Cambridge Electronics Corp. v. MGA Electronics, Inc.* (C.D. Cal. 2004) 227 F.R.D. 313, 320-21 ("Excluding evidence at trial as a sanction for failure to disclose under Rule 26(e)(2) in a timely fashion is 'automatic and mandatory' unless the party can show the violation is either justified or harmless.").

It would be manifestly unfair to the Mousa Defendants' defense if Plaintiff were permitted to withhold documents throughout the entire course of litigation only to be allowed to freely use them and deposition testimony about them at trial. Plaintiff therefore needs to be precluded from introducing at trial any and all documents not previously produced during discovery and/or disclosures and from introducing any deposition testimony of the Mousa Defendants concerning such documents.

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, the Mousa Defendants respectfully request an order precluding Plaintiff from introducing at trial, and/or relying at trial on, documents that Plaintiff failed to timely produce during discovery and disclosures and from introducing any deposition testimony of the Mousa Defendants concerning such documents.

DATED: September 23, 2013

Respectfully submitted,

GREENBEG GLUSKER FIELDS
CLAMAN & MACHTINGER, LLP

By: *__/s/ Lori L. Werderitch__*.
BRIAN L. DAVIDOFF
BERNARD M. RESSER
LORI L. WERDERITCH
Attorneys for Defendants Mousa Namvar, Magdiel, LLC, DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC, and Wishlab 90, LLC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of 18 and not a party to the within action; I am employed by GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP in the County of Los Angeles at 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

On September 23, 2013, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION IN LIMINE OF DEFENDANTS MOUSA NAMVAR, MAGDIEL, LLC, NAMCO 8, LLC, WISHLAB 90, LLC, BUNHERST, LLC, AND DGADE OF DELAWARE, LLC TO EXCLUDE DOCUMENTS NOT TIMELY PRODUCED IN DISCOVERY AND DEPOSITION TESTIMONY REGARDING SUCH DOCUMENTS FROM INTRODUCTION AT TRIAL BY PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☐ By placing the true copies thereof enclosed in sealed envelopes addressed as stated below.

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☐ (**BY HAND DELIVERY).** On August 8, 2013, I caused said documents to be hand delivered via First Legal to the party listed on the attached service list.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on September 23, 2013 at Los Angeles, California.

*/s/ Jan Reinglass*
*JAN REINGLASS*

***SERVICE LIST***

**BY NORCO OVERNITE**

Honorable Gary A. Feess
United States District Court
255 East Temple Street, Courtroom 740
Los Angeles, California 90012

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Alan J Kornfeld: akornfeld@pszyj.com
Elissa Wagner: ewagner@pszyj.com
Gillian Brown: gbrown@pszjlaw.com
Richard Pachulski: rpachulski@pszjlaw.com
Daryl Parker: dparker@pszyj.com
Dean Ziehl: dziehl@pszyj.com
Genise R. Reiter: grr@srblaw.com
Alan Frank Broidy: fbroidy@ix.netcom.com
Robert B Mobasseri: Robert@lawyer.com
Brian Leslie Davidoff: BDavidoff@GreenbergGlusker.com; jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com
Lori L Werderitch LWerderitch@GreenbergGlusker.com,
Office of the U.S. Trustee: ustpregion16.la.ecf@usdoj.gov