HENLEY L. SALTZBURG (State Bar No. 33634)
PAUL T. DYE (State Bar No. 81753), *E-Mail: ptd@srblaw.com*
Genise R. Reiter (State Bar No. 80578), *E-Mail: grr@srblaw.com*
SALTZBURG, RAY & BERGMAN, LLP
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1166
Tel: (310) 481-6700 – Fax: (310) 481-6720

**Attorneys for Defendants Defendants** Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, INC., a California corporation,<br>Debtor.<br><br>BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MOUSA NAMVAR, *et al.*,<br><br>Defendants. | Case No.: 2:11-cv-05320-GAF<br>Chapter 11<br>Bankr. Case No.: 2:08-bk-32333-BR<br>Adv. Proc. No.: 2:10-ap-02945-BR<br><br>**JOINDER IN MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF DAVID JUDD; PROPOSED ORDER**<br><br>Date: October 21, 2013<br>Time: 10:00 a.m.<br>Ctrm: 740<br><br>Discovery Cutoff: July 26, 2013<br>Pretrial Conf.: September 23, 2013<br>Trial: October 29, 2013<br><br>Judge: Hon. Gary A. Feess<br>Magistrate: Hon. Carla Woehrle |

161333.1 8257.005

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 21, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 740 of the above entitled Court, located at 255 East Temple St., Los Angeles, California 90012, Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC and Woodman Partners, LLC ("Defendants") will join in the Motion in Limine by Defendants Mousa Namvar, Magdiel, LLC, DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC and Wishlab 90, LLC ("Mousa Defendants"), moving the Court for an order excluding at trial presentation of any evidence the Expert Report and testimony of David Judd on the grounds stated in such motion failure to comply with FRCP 26(a)(2) and FRE 702.

Such joinder will be based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and documents on file in this action, and such further evidence or oral argument as may be presented at the hearing on this motion.

Defendants brings the instant joinder after meeting and conferring with counsel for Plaintiff pursuant to L.R. 7-3 which took place on September 9, 2013.

DATED: September 21, 2013        SALTZBURG, RAY & BERGMAN, LLP

By: /s/ Paul T. Dye
PAUL T. DYE
Attorneys for Defendants Lacy 20, LLC,
Hooshang Namvar, Homayoun Namvar,
Ramin Namvar, Trifish, LLC, Tribun, LLC,
Believers, LLC, Net, LLC, Light Source
Management, LLC, Woodman Partners, LLC

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELIEF SOUGHT

Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC ("Defendants") join in the Motion in Limine filed by the Mousa Defendants and also seek the Court's entry of an Order precluding introduction at trial of the Expert Report and testimony of David Judd.

## II. ISSUES TO BE DECIDED

Whether Plaintiff should be precluded from admitting any evidence at trial of at trial of the Expert Report or testimony of David Judd due to failure to comply with FRCP 26(a) and FRE 702 as further stated in the Motion in Limine by the Mousa Defendants?

## III. STATEMENT OF FACTS

The factual basis for excluding the Expert Report and testimony of David Judd is set forth in detail in the companion Motion by the Mousa Defendants. These Defendants join in that statement of facts in that Motion. These Defendants only note the following complementary facts.

First, the deposition of Mr. Judd on June 26, 2013 was a combined deposition by all Defendants. As such, counsel for these Defendants was present at the Deposition and experienced the same infirmities as counsel for the Mousa Defendants. Due to Mr. Judd's failure to bring documents on the first day of deposition, and the volume of documents on the second day, counsel for these Defendants suffer the same inability as counsel for the Mousa Defendants in conducting the deposition.

Second, Defendants intend to rely on Mr. Engel's insolvency analysis, and they have William Scott Mowrey, Jr. for their damages analysis. Mr. Mowrey faces the same difficulties in evaluating Mr. Judd's initial expert report and in being unable to respond adequately to his rebuttal report as Mr. Engle, the Mousa Defendant's expert.

161333.1 8257.005

## IV. ARGUMENT

These Defendants also join in the reasons for excluding the Expert Report and testimony of Mr. Judd as set forth in detail in the companion Motion by the Mousa Defendants. The same reasoning and principles justifying preclusion apply to these Defendants. In summary:

**FRCP 26(a)**: The Trustee failed to comply with FRCP 26(a)(2) in providing Mr. Judd's Expert Report. The Report failed to provide the "basis and reasons" underlying the opinion, omitted material information relied on in the opinion, and Mr. Judd failed to timely provide required documents at his deposition.

**FRE 702**: The Report also failed to comply with the requirements for expert testimony under FRE 702. The report failed to provide "sufficient facts and data" justifying the opinions stated, and failed to provide an objective, verifiable methodology for reaching its conclusions.

## V. CONCLUSION

For the reasons given above, Defendants respectfully request the Court to exclude the Expert Report or any testimony by Mr. Judd at the trial of this matter.

DATED: September 21, 2013                SALTZBURG, RAY & BERGMAN, LLP

By: /s/ Paul T. Dye
PAUL T. DYE
Attorneys for Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC

3

161333.1 8257.005

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025-1166.

On September 23, 2013, I served the foregoing document described as **JOINDER IN MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF DAVID JUDD; PROPOSED ORDER**

☒ by placing the true copies thereof enclosed in sealed envelope(s) addressed as stated on the attached service list;
☐ by placing ☐ the original ☐ a true copy thereof in sealed envelope(s) addressed as follows:

**See Attached Service List.**

☒ **(BY MAIL)** I deposited each such envelope in the mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** Will cause to be delivered by hand to the offices of the addressee(s).

☒ **(BY NOTICE OF ELECTRONIC FILING on** September 23, 2013, I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 23, 2013, at Los Angeles, California.

Aaron Rosenberg
Type or Print Name                                    Signature

# SERVICE LIST

*Sharp v Namvar*
Case No.: 2:11-cv-05320-GAF (DWx)

**By US MAIL:**

United States District Court
Attn: Hon. Gary A. Feess
Edward R. Roybal Federal Building
255 East Temple Street, Courtroom 740
Los Angeles, CA 90012

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Alan F. Broidy: afbroidy@ix.netcom.com
- Gillian N. Brown: gbrown@pszjlaw.com
- Brian L. Davidoff: briandavidoff@davidoffgold.com
- Alan J. Kornfeld: akornfeld@pszyj.com
- Robert B. Mobasseri: robert@lawyer.com, robertm@mobasseripc.com
- Richard M Pachulski: jstang@pszjlaw.com
- Daryl G. Parker: dparker@pszjlaw.com
- Elissa A. Wagner: ewagner@pszjlaw.com
- Dean A. Ziehl: dziehl@pszyj.com