Dean A. Ziehl (CA Bar No. 84529)
Alan J. Kornfeld (CA Bar No. 130063)
Gillian N. Brown (CA Bar No. 205132)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dziehl@pszjlaw.com
  gbrown@pszjlaw.com

Special Counsel for Plaintiff Bradley D. Sharp,
Chapter 11 Trustee for Namco Capital Group, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>　　　　Debtor. | Case No. 2:11-cv-05320-GAF (CWx)<br><br>Chapter 11<br><br>Bankr. Case No. 2:08-bk-32333-BR<br><br>Bankr. Adv. No. 2:10-ap-02945-BR |
| BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MOUSA NAMVAR, *et al.*,<br><br>　　　　Defendants. | **TRUSTEE'S OPPOSITION TO MOTION IN LIMINE NO. 4 BY DEFENDANTS LACY 20, LLC, HOOSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN NAMVAR, TRIFISH, LLC, TRIBUN, LLC, BELIEVERS, LLC, NET, LLC, LIGHT SOURCE MANAGEMENT, LLC, WOODMAN PARTNERS, LLC TO EXCLUDE EVIDENCE AND REFERENCES TO NAMCO CAPITAL GROUP, INC.'S PURPORTED PAYMENT FOR A DIAMOND RING FOR ILANA NAMVAR [DOC. 291]**<br><br>Date:　October 21, 2013<br>Time:　9:30 a.m.<br>Place:　Courtroom 740<br>Judge:　Hon. Gary A. Feess<br><br>Trial:　October 29, 2013 |

OPPOSITION TO MOTION IN LIMINE RE DIAMOND RING

DOCS_LA:271691.3 59701/001

**TO THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, AND TO ALL COUNSEL OF RECORD:**

Plaintiff Bradley D. Sharp, the chapter 11 trustee (the "Trustee") for Namco Capital Group, Inc. ("Namco") hereby opposes the *Motion in Limine No. 4 by Defendants Lacy 20, LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC, Woodman Partners, LLC to Exclude Evidence and References to Namco Capital Group, Inc.'s Purported Payment for a Diamond Ring for Ilana Namvar* [Doc. No. 291] and *Defendants Mousa Namvar, Magdiel, LLC, Namco 8, LLC, Wishlab 90, LLC, Bunherst, LLC, and DGADE of Delaware, LLC's Joinder to Motion to Exclude Evidence and References to Namco Capital Group, Inc.'s Purported Payment for a Diamond Ring for Ilana Namvar* [Doc. No. 296] (the "Motion").

# I.
# INTRODUCTION

The Trustee alleges that Namco was misused as a Namvar family bank. Money flowed in from community members and flowed out to family members, directly or indirectly, for personal purposes as well as business purposes. Often, Namco money was transferred to acquire and maintain real estate for entities ultimately owned by family members. Millions of dollars went out with no documentation or security beyond a ledger entry debiting a family member's "account." The Defendants are attempting to justify these transfers as business loans on terms that satisfied fiduciary duties to Namco between trusted persons for whom formal documents were unnecessary (although Defendants now claim the loans are unenforceable). The Trustee is entitled to introduce evidence tending to show that this proffered patina of business legitimacy is utterly false by showing that Namco money was also used for purposes that were undeniably personal, such as the purchase of a $390,000 diamond. It is relevant because it debunks the Defendants' denial that Namco was used as a

DOCS_LA:271691.3 59701/001

family piggybank and supports the Trustee's alter ego allegations because it tends to make more likely the Trustee's contention that the real estate transfers were made on terms that were unduly favorable to the Defendants, and because it tends to make more probable that the Namvar brothers knew that Namco funds were not being used for Namco purposes.

## II.

## RELEVANT FACTS

The facts germane to the Motion were addressed by this Court in its *Order re: Motion for Summary Judgment*, entered on September 6, 2013 in Case No. CV 13-04698 GAF [Doc. 14].

> On May 30, 2007, Ezri Namvar sent a bank wire (the "Wire Transfer"), in the amount of $390,000.00, from Namco's bank account to Julius Klein-Eliaz Diamonds, Ltd, a diamond dealer located in Ramat Gan, Israel. (Mem. at 7 (citing UF ¶ 6).) The Wire Transfer was made as payment for the purchase of a 13-carat diamond (the "Diamond"). (Id. ¶ 7) Ezri Namvar's account at Namco was debited $390,040, indicating that Namco's payment for the Diamond was treated as a loan from Namco to Ezri. (Id. ¶ 16) Ezri then gave the Diamond to his wife, the Defendant. (Id. ¶ 13)

Order at 2. In what the Court observed was "clearly self-contradictory testimony," Ilana Namvar claimed that the the Diamond was given to her as a gift and held by her as her sole and separate property; that the Diamond was intended to be an investment ("'security' for [Defendant] and [her] children"); and that she had attempted to purchase the Diamond ("I signed over a $273,000 check that I received from one of my investments, to pay, in part, for the diamond, which was purchased for $390,040."). Order at 4-5.

The Court's order denying the Defendants' various motions for summary judgment contains the following synopsis of the Trustee's allegations:

> The Trustee maintains that Ezri, Tony, and the other Namvar Brothers—Hooshang Namvar ("Sean"), Mousa Namvar ("Mousa"), and Ramin Namvar ("Ramin")—worked as a team to "make decisions for Namco, to solicit funds from Namco's depositors, to use those funds for the Namvar

family's real estate projects and other activities, and to decide when (if ever) to repay those funds to Namco." (Opp. at 9 (citing AMF ¶¶ 376–381, 395–399).) The Trustee insists that "[t]he Namvar Brothers, acting as a team, structured the Namvar family's investments at issue in this Action to benefit themselves and other members of the Namvar family," and that they did so by "insert[ing] a variety of Namvar family-owned entities between themselves and Namco, in an attempt to distance themselves from Namco's misuse of 'other people's money' (i.e., account-holders' funds)." (Id. at 11 (citing AMF ¶¶ 414–474, 484–492)) According to the Trustee, "[t]hese entities were the 'alter egos' of the Namvar Brothers: the Namvar Brothers juggled assets among themselves, their family members and the entities; the Namvar Brothers operated the entities as a team of five brothers, regardless of the 'on paper' ownership percentages or management designations; and the Namvar Brothers back-dated and created multiple versions of organizational documents for the entities to suit the Namvar Brothers' needs." (Id.)

*Order Denying Motions for Summary Judgment*, filed August 16, 2013 [Doc. 262], at 2-3.

## III.

## ARGUMENT

Evidence pertaining to Namco's purchase of the Diamond is relevant, and its probative value is not substantially outweighed by the threat of unfair prejudice or jury confusion. Evidence is relevant under Federal Rule of Evidence 401 if it tends to make more probable a fact that is of consequence in determining the action. It is relevant even when it only tends to support an *inference* of a consequential fact. *Rogers v. Missouri Pa. R.R.*, 352 U.S. 500, 508 n. 17, 77 S. Ct. 443 (1957). Here, the use of Namco for personal expenditures – regardless of whether a transfer is denoted by a ledger entry that purports to make it something other than a fraudulent transfer – is relevant to several issues in the case. Such evidence supports the Trustee's alter ego allegations, rebuts the Defendants' contention that Namco was simply engaged in legitimate business transactions, and supports the claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, as Namco's use for personal purposes of family members tends to make more probable that the intra-family

3

OPPOSITION TO MOTION IN LIMINE RE DIAMOND RING

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

transfers were made on non-standard terms and tends to make more probably that the Namvar brothers knew that Namco money was being used in a manner that did not meet Ezri Namvar's and Tony Namvar's fiduciary duties to Namco.

For example, in *Feitshans v. Kahn*, 2008 WL 344722 (S.D.N.Y. Feb. 6, 2008), the defendant sought to exclude evidence of the defendant's "alleged use of Winter Films, LLC's funds for the reinstatement of his driver's license. . . ." Alter ego liability was an issue in the case. The court held: "[T]he alleged misuse of funds remains in dispute. Because evidence of such misuse is relevant to the inquiry into whether defendants used the Entities' funds for personal purposes, defendants' motion to exclude this evidence is also denied." *Id*., at *5.

Furthermore, Namco's purchase of the Diamond is relevant to show a pattern of conduct of using Namco funds for personal purposes. Under Federal Rule of Evidence 404(b) ("Rule 404(b)"), evidence of "a crime, wrong or other act" may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In the Ninth Circuit, "[e]vidence of "other acts" is admissible under Rule 404(b) when: (1) sufficient evidence exists for the jury to find that the defendant committed the other acts; (2) the other acts are introduced to prove a material issue in the case; (3) the other acts are not too remote in time; and (4) if admitted to prove intent, the other acts are similar to the offense charged." *U.S. v. Murillo*, 255 F.3d 1169, 1175 (2001) (holding that "evidence of multiple prior car rentals was relevant as tending to show Murillo's knowledge that drugs were secreted in the rental car through demonstration of his modus operandi and to rebut his defense that he was driving the long distance in a short time period to pick up his mother.holding that evidence of car rental use."). Here, (1) the Court has made findings; (2) the acts prove a material issue in the case; and (3) they are not remote in time. *See also Carofino v. Forester*, 450 F.Supp.2d 257, 273 (S.D.N.Y. 2006) ("evidence that defendant made false misrepresentations to an insurance carrier

4

OPPOSITION TO MOTION IN LIMINE RE DIAMOND RING

DOCS_LA:271691.3 59701/001

concerning how many times per week he saw a particular patient both immediately after and during the period when he was seeing Jonathan tends to make more probable the alleged fact that he was making the same false misrepresentations to George."); *U.S. v. Prejean*, 429 F. Supp. 2d 782 (E.D. La. 2006) ("uncharged conduct, involving defendant's being stopped by police for transporting 1,639 dosage units of prescription drugs was relevant in that it involved conduct within indictment period and and tended to show pattern of conduct to dispense drugs outside scope of legitimate medical practice.").

Finally the Court should reject the argument that the probative value is substantially outweighed by the risk of unfair prejudice. "All evidence tending to demonstrate a defendant's liability, by its nature, will be prejudicial in some respect to the defendant; Rule 403 is designed to exclude only *unfair* prejudice. . . . [T]he prejudice is unfair only if the evidence has 'an undue tendency to suggest decision on an improper basis." *Carofino v. Forester*, 450 F.Supp.2d at 273 (emphasis in original; citation omitted).

Here, the reason why the Defendants complain that evidence of the Diamond is prejudicial – the obviously personal nature of the Namco payment – is the very reason the probative value of the evidence is so high. It is the epitome of evidence that is prejudicial, but not unfairly prejudicial. Indeed, the Defendants themselves place such evidence at issue by contending that Namco was used for legitimate business transactions. Evidence is admissible under Rule 404(b) where it tends to "prove a fact that the defendant has placed, or conceivably will place, in issue. . . ." *United States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007).

[remainder of page left intentionally blank]

1  WHEREFORE, for all the foregoing reasons, the Trustee requests that the
2  Motion be denied.

4  Dated: September 30, 2013             PACHULSKI STANG ZIEHL & JONES LLP

                                         By   */s/ Gillian N. Brown*
                                              Dean A. Ziehl
                                              Alan J. Kornfeld
                                              Gillian N. Brown
                                              Elissa A. Wagner

                                              Special Counsel for Plaintiff Bradley D.
                                              Sharp, Chapter 11 Trustee for Namco
                                              Capital Group, Inc.

# **PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES   )

I, Mary de Leon, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067.

On September 30, 2013, I caused to be served the **TRUSTEE'S OPPOSITION TO MOTION IN LIMINE NO. 4 BY DEFENDANTS LACY 20, LLC, HOOSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN NAMVAR, TRIFISH, LLC, TRIBUN, LLC, BELIEVERS, LLC, NET, LLC, LIGHT SOURCE MANAGEMENT, LLC, WOODMAN PARTNERS, LLC TO EXCLUDE EVIDENCE AND REFERENCES TO NAMCO CAPITAL GROUP, INC.'S PURPORTED PAYMENT FOR A DIAMOND RING FOR ILANA NAMVAR [DOC. 291]** in this action by placing a true and correct copy of said document(s) and sent as follows:

*See Attached Service List*

☐ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☑ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☑ (BY HAND DELIVERY) I caused to be served the above-described document by hand delivery to the parties as indicated on the attached service.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 30, 2013, at Los Angeles, California.

*/s/ Mary de Leon*
Mary de Leon

DOCS_LA:269885.1 59701/001

# SERVICE LIST

**2:11-cv-05320-GAF (CWx) Notice will be sent via hand delivery to:**

**Judge Gary A. Feess**
**U.S. District Court**
**255 East Temple Street, Courtroom 740**
**Los Angeles, CA  90012-3332**

**2:11-cv-05320-GAF (CWx) Notice will be sent electronically to:**

- **Matthew Peter Chan Benham**
  benham.esq@gmail.com
- **Alan Frank Broidy**
  afbroidy@ix.netcom.com
- **Gillian N Brown**
  gbrown@pszjlaw.com
- **Brian Leslie Davidoff**
  bdavidoff@greenbergglusker.com,kwoodson@greenbergglusker.com,jreinglass@greenbergglusker.com,calendar@greenbergglusker.com
- **Alan J Kornfeld**
  akornfeld@pszyj.com
- **Richard Hyungil Lee**
  richard.lee@salisianlee.com,christina.cordero@salisianlee.com
- **Robert B Mobasseri**
  robert@lawyer.com,robertm@mobasseripc.com
- **Richard M Pachulski**
  jstang@pszjlaw.com
- **Daryl G Parker**
  dparker@pszjlaw.com
- **Genise R Reiter**
  grr@srblaw.com
- **Bernard M Resser**
  bresser@greenbergglusker.com,calendar@greenbergglusker.com
- **Neal S Salisian**
  neal.salisian@salisianlee.com,christina.cordero@salisianlee.com
- **Damon G Saltzburg**
  ds@srblaw.com,hls@srblaw.com
- **Henley L Saltzburg**
  hls@srblaw.com,ar@srblaw.com,ptd@srblaw.com,lb2@srblaw.com,grr@srblaw.com
- **Newton C Tak**
  newton.tak@salisianlee.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:269885.1 59701/001

- **Elissa A Wagner**
  ewagner@pszjlaw.com
- **Lori L Werderitch**
  lwerderitch@greenbergglusker.com,jreinglass@greenbergglusker.com
- **Dean A Ziehl**
  dziehl@pszjlaw.com,mdj@pszjlaw.com

**2:11-cv-05320-GAF (CWx) Notice will be sent via Email to:**

**Counsel for Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Helen Shadi, Hilda Bayanfar, Lida Shraga, Nataly Namvar, Trifish, LLC, Tribun, LLC, Trisister, LLC, Believers, LLC, Net, LLC, Light Source, LLC, Lacy 20, LLC, Woodman Partners, LLC, Tritowne, LLC and Trigrove, LLC**
Henley L. Saltzburg, Esq.
Paul T. Dye, Esq.
Genise R. Reiter, Esq.
SALTZBURG, RAY & BERGMAN, LLP
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1166
Email:        hls@srblaw.com
        ptd@srblaw.com
        grr@srblaw.com

-and-

Richard Lee, Esq.
Newton C. Tak, Esq.
SALISIAN LEE LLP
444 South Flower Street, Suite 2320
Los Angeles, California 90071-2924
Email:        richard.lee@salisianlee.com
        newton.tak@salisianlee.com

**Counsel for Mousa Namvar, Magdiel, LLC, Namco 8, LLC, Wishlab 90, LLC, Bunherst, LLC and DGADE of Delaware, LLC**
Bernard M. Resser, Esq.
Lori L. Werderitch, Esq.
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067
Email:        bresser@greenbergglusker.com
        lwerderitch@greenbergglusker.com

**Counsel for Bradley D. Sharp, as Chapter 11 Trustee for Namco Capital Group Inc.**
David M. Poitras, Esq.
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Email:		dpoitras@jmbm.com

**Counsel for Haron Shabatian**
Robert B. Mobasseri, Esq.
LAW OFFICES OF ROBERT B. MOBASSERI
445 South Figueroa Street, 27th Floor
Los Angeles, California 90071
Email:		robertm@mobasseripc.com

**Counsel for Daniel Namvar, Benjamin Namvar, Malka Namvar and Shira Namvar**
Alan F. Broidy, Esq.
LAW OFFICES OF ALAN F. BROIDY
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Email:		alan@broidylaw.com

-and-

John D. Younesi, Esq.
Jan A. Yoss, Esq.
YOUNESI & YOSS LLP
11355 W. Olympic Blvd., Suite 200
Los Angeles, California 90064
Email:		jdyounesi@younesi.com
		jyoss@younesi.com

DOCS_LA:269885.1 59701/001