Dean A. Ziehl (CA Bar No. 84529)
Alan J. Kornfeld (CA Bar No. 130063)
Gillian N. Brown (CA Bar No. 205132)
Elissa A. Wagner (CA Bar No. 213589)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910; Facsimile: 310/201-0760
E-mail:  dziehl@pszjlaw.com; gbrown@pszjlaw.com
          ewagner@pszjlaw.com

Special Counsel for Plaintiff Bradley D. Sharp, Chapter 11
Trustee for Namco Capital Group, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>            Debtor.<br><hr>BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br><br>            Plaintiff,<br><br>vs.<br><br>MOUSA NAMVAR, *et al.*,<br><br>            Defendants. | Case No. 2:11-cv-05320-GAF (CWx)<br><br>Chapter 11<br><br>Bankr. Case No. 2:08-bk-32333-BR<br>Bankr. Adv. No. 2:10-ap-02945-BR<br><br>**DECLARATION OF GILLIAN N. BROWN IN SUPPORT OF TRUSTEE'S OPPOSITION TO MOTION IN LIMINE OF DEFENDANTS MOUSA NAMVAR, MAGDIEL, LLC, NAMCO 8, LLC, WISHLAB 90, LLC, BUNHERST, LLC, AND DGADE OF DELAWARE, LLC TO EXCLUDE DOCUMENTS NOT TIMELY PRODUCED IN DISCOVERY AND DEPOSITION TESTIMONY REGARDING SUCH DOCUMENTS FROM INTRODUCTION AT TRIAL BY PLAINTIFF**<br><br>Date:     October 21, 2013<br>Time:    9:30 a.m.<br>Place:    Courtroom 740<br>Judge:   Hon. Gary A. Feess<br><br>Trial:     October 29, 2013 |

I, Gillian N. Brown, declare and state as follows:

1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), special counsel for Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") for Estate of Namco Capital Group, Inc. ("Namco").  I am an attorney at law duly authorized to practice before all of the courts of the State of California, the State of New York, and the District of Columbia.  I am authorized to practice in the United States District Court for the Central District of California.

2.      I have personal knowledge of the facts set forth in this Declaration.  If called as a witness I could and would competently testify thereto.

3.      I make this declaration in support of the *Trustee's Opposition to Motion in Limine of Defendants Mousa Namvar, Magdiel, LLC, Namco 8, LLC, Wishlab 90, LLC, Bunherst, LLC, and DGADE of Delaware, LLC to Exclude Documents Not Timely Produced in Discovery and Dpeosition Testimony Regarding Such Documents From Introduction at Trial by Plaintiff* filed by Defendants Mousa Namvar; Magdiel, LLC; DGADE of Delaware, LLC; Bunherst, LLC; Namco 8, LLC; and Wishlab 90, LLC (the "Mousa Defendants").

4.      Attached hereto as **Exhibit 1** is a true and correct copy of the *Plaintiff's Objections and Responses to Defendant **Mousa Namvar's** First Set of Requests for Production of Documents* (the "Responses"), served on January 20, 2012.  In the Responses, the Trustee made available to the Mousa Defendants the Namco electronically stored information ("ESI") and more than 500 hundreds of boxes of hard copy, paper documents in the Trustee's possession, custody, or control.  The Trustee had objected to the Mousa Defendants' document requests on the grounds that it was unduly burdensome and oppressive to require him to review the large volume both of Namco's ESI and its hard copy, paper files.  *See* General Objections, ¶¶ 2-4 of **Exhibit 1**.

5.      Namco's ESI is stored in an electronic database (the "Database"). *See* General Objections, ¶ 1 of **Exhibit 1**. The data in that Database was culled from the computer server that Namco used before and after the filing of its bankruptcy case,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and information on Namco desktop computers.  In his responses to the Mousa Defendants' document requests, the Trustee "request[ed] that [the Mousa Defendants] provide the Trustee with appropriate search terms ('Search Terms') to locate documents potentially responsive to the Document Requests in the Database. Using the Search Terms, the Trustee will make the documents in the Database available to Defendant's counsel. . . ." *See id.*, ¶ 2.  The Mousa Defendants never provided Search Terms to the Trustee's counsel.

6.      The Trustee is in possession of more than 500 boxes of Namco's hard copy documents.  On January 20, 2012, the Trustee produced to the Mousa Defendants his written inventory containing a listing of those hard copy files (the "Inventory").  That Inventory was bates labeled as P8965-9015.  The Trustee offered to make the documents on the Inventory available to the Mousa Defendants for inspection and copying. *See* General Objections, ¶¶ 3-4 of **Exhibit 1**.  The Mousa Defendants inspected only a small fraction of Namco's hard copy documents.

7.      Attached hereto as **Exhibit 2** is a June 28, 2013 email (without attachments) that I sent to the Mousa Defendants' co-defendants, which was also copied on Mousa Defendants' counsel.  In that email, I explained that emails the Trustee marked at deposition which did not contain bates labels came from the computer server that the Trustee offered to search with the defendants' search terms. The Mousa Defendants' co-defendants have *not* joined in *Defendants Mousa Namvar, Magdiel, LLC, Namco 8, LLC, Wishlab 90, LLC, Bunherst, LLC, and DGADE of Delaware, LLC to Exclude Documents Not Timely Produced in Discovery and Deposition Testimony Regarding Such Documents From Introduction at Trial by Plaintiff.*

8.      The Trustee produced bates labeled copies of Trial Exhibits 285 and 286 to the Mousa Defendants months before either document was used at deposition.  Trial Exhibit 285 was bates labeled as P25001.  The Trustee produced this document on

3

February 14, 2013.  This document was used at deposition more than five months after the Trustee produced it.

9.     Trial Exhibit 286 was bates labeled as P29760.  The Trustee produced this document on May 1, 2013.  This document was marked at deposition more than two and a half months after the Trustee produced it.

10.     The Trustee marked Trial Exhibit 879 as an exhibit to the December 18, 2012 deposition of Gregory Johnson.  Mr. Johnson was deposed again the following day and on March 5, 2013. No other depositions had been completed before the December 18, 2012 deposition at which Trial Exhibit 879 was marked.

11.     Trial Exhibits 156, 165-167, and 878 are all deposition exhibits that the Mousa Defendants' own counsel marked as exhibits at the deposition of David Judd, one of the Trustee's expert witnesses.

12.     Trial Exhibit 156 is the expert rebuttal report of one of the Trustee's expert witnesses, David H. Judd. The Trustee served the Mousa Defendants with Trial Exhibit 156 on the rebuttal expert report exchange date of June 17, 2013, which was more than 3 weeks *before* Attorney Resser, counsel for the Mousa Defendants, marked that report as a deposition exhibit.  Attorney Resser then went on to question Mr. Judd about the document at the first day of Mr. Judd's deposition on July 8, 2013:

13.     Attached hereto as **Exhibit 3** is a true and correct copy of selected pages from the Deposition Transcript of David H. Judd, taken July 8, 2013.

14.     The defendants continued Mr. Judd's deposition on July 9 and August 13, 2013. The Trustee produced Trial Exhibits 165-167 to the Mousa Defendants *before* the second of three days of Mr. Judd's deposition. Once again, Attorney Resser, counsel for the Mousa Defendants, marked these documents as deposition exhibits and examined Mr. Judd about them at deposition.

15.     Attached hereto as **Exhibit 4** is a true and correct copy of selected pages from the Deposition Transcript of David H. Judd, taken July 9, 2013.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16.     The Mousa Defendants' counsel marked Trial Exhibit 878 as a deposition exhibit more than two years ago at the first day of Ezri Namvar's deposition on September 22, 2011.

17.     Attached hereto as **Exhibit 5** is a true and correct copy of selected pages from the Deposition Transcript of Ezri Namvar, taken September 11, 2011.

18.     Defendant Mousa Namvar was copied on all five of the emails now marked as Trial Exhibits 42, 43, and 48-50. Mousa Namvar did not produce these documents to the Trustee.  Furthermore, Trial Exhibits 42, 43, and 48-50 were marked as exhibits at depositions the Trustee's counsel took on July 1, 2013 of Fara Raban, a non-party to this case. Mr. Raban's deposition continued on July 3, 2013. At the time of Mr. Raban's depositions on July 1 and 3, 2013, the only depositions that had been completed in this case were those of Gregory Johnson; Trisister, LLC; and Ezri Namvar's three sisters.

19.     Trial Exhibit Nos. 257 and 457 are all documents that the Trustee located during his inspection of the Namco hard documents in preparation for depositions. The Trustee notes also that Defendant Mousa Namvar was listed as a recipient of Trial Exhibit No. 457but did not produce it to the Trustee during discovery.

20.     Trial Exhibits 284, 303, and 304 are portions of the Namco general ledger that the Trustee produced to the Mousa Defendants in native (QuickBooks) format in 2012. I attended the September 27, 2013 meet and confer regarding objections to the Joint Trial Exhibit List.  During that meeting, Bernard Resser, counsel to the Mousa Defendants, proposed that the native format of QuickBooks be used at trial in this matter.

[remainder of page left intentionally blank]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

21.     The Mousa Defendants' counsel participated in the depositions at which each of the Questioned Exhibits were discussed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on September 30, 2013.

_____/s Gillian N. Brown_____
Gillian N. Brown

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

# EXHIBIT 1

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Alan J. Kornfeld (CA Bar No. 130063)
Gillian N. Brown (CA Bar No. 205132)
Elissa A. Wagner (CA Bar No. 213589)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:rpachulski@pszjlaw.com; dziehl@pszjlaw.com;
       gbrown@pszjlaw.com; ewagner@pszjlaw.com

Special Counsel for Bradley D. Sharp, Chapter 11 Trustee
for Estate of Namco Capital Group, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>      Debtor.<br><br><br>BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>MOUSA NAMVAR, et al.<br><br>      Defendants. | Case No. 2:11-cv-05320-GAF (CWx)<br><br>Bankr. Case No. 2:08-bk-32333-BR<br><br>Bankr. Adv. Proc. No. 2:10-ap-02945-BR Chapter 11<br><br>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT **MOUSA NAMVAR'S** FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

**PROPOUNDING PARTY:** **Defendant Mousa Namvar**

**RESPONDING PARTY:** **Plaintiff Bradley D. Sharp, Chapter 11 Trustee**

**SET NO.:** **One (1)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Plaintiff Bradley D. Sharp, solely in his capacity as Chapter 11 Trustee ("Trustee") of Namco Capital Group, Inc. ("Namco"), hereby responds to Defendant Mousa Namvar's First Set of Requests for Production of Documents ("Document Requests" or "Document Request" when referring to the individual requests contained therein) as follows:

## GENERAL OBJECTIONS

The Trustee's responses to the Document Requests are made subject to the statements and general objections ("General Objections") set forth herein. The General Objections apply to each and every Document Request.

1.      The Trustee objects to the Document Requests to the extent that they seek documents which are not, and have never been, within the Trustee's possession, custody or control. In particular, Namco was put into an involuntary chapter 11 proceeding in December 2008, but the Trustee was not appointed as chapter 11 trustee of Namco's bankruptcy estate until May 2009. While the Trustee has received a vast amount of data (the "Database") from servers in the possession, custody and control of Pentaco Management, Inc. ("Pentaco"), which Database purportedly contains all of the data owned by, or relating to Namco, the Trustee is unable to state unequivocally that all responsive data on Pentaco's servers is in his possession, custody or control. Accordingly, the Trustee's production does not include responsive documents, if any, on Pentaco's servers which were not downloaded onto the Database.

2.      The Trustee objects to the Document Requests to the extent that they require inspection and assessment of a vast amount electronically stored information in the Database, which is unduly burdensome and oppressive. To the extent necessary, the Trustee requests that Defendant provide the Trustee with appropriate search terms ("Search Terms") to locate documents potentially responsive to the Document Requests in the Database. Using the Search Terms, the Trustee will make the documents in the Database available to Defendant's counsel provided that Defendant's counsel agrees in writing that the Trustee shall not be deemed to have

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

waived the attorney-client privilege or any work product protections available to him or Namco should the Search Terms result in an inadvertent production of protected information and in accordance with terms and conditions mutually agreed upon by counsel for the Trustee and Defendant.

3.    In addition to the foregoing, the Trustee will produce an index (P09016-P09019) of the QuickBooks files (the "QB Index") for Defendant to review. Following Defendant's review of the QB Index, the Trustee will produce requested QuickBooks files to Defendant upon the terms and conditions mutually agreed upon by counsel for the Trustee and Defendant.

4.    The Trustee objects to the Document Requests to the extent that they require the inspection and assessment of a large volume of paper documents which is unduly burdensome and oppressive. The Trustee will produce indices (P08965-P09015) listing all of the hundreds of boxes of documents in his possession, custody, or control (the "Namco Boxes") for Defendant's review.  The Trustee will make the documents in the Namco Boxes available to Defendant's counsel for inspection and copying provided that Defendant's counsel agrees in writing that the Trustee shall not be deemed to have waived the attorney-client privilege or any work product protections available to him or Namco should the document inspection result in an inadvertent production of protected information and in accordance with terms and conditions mutually agreed upon by counsel for the Trustee and Defendant.

5.    The Trustee objects to the Document Requests to the extent that they require the production of documents that the Trustee received pursuant to a Confidentiality Stipulation with Pentaco, an entity about which Defendant has knowledge, and from whom, potentially, Defendant already has access to such documents.

6.    The Trustee objects to the Document Requests to the extent that they require the production of documents that were prepared for, or in anticipation of, litigation, thereby constituting attorney work product; that are protected by the

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

attorney-client privilege or the attorney work product doctrine; that contain confidential business or proprietary information, including, but limited to, trade secrets, or other private or confidential information of Namco, its customers, clients, affiliates, or former employees, that is not relevant to the subject matter of the above-captioned case; or that are otherwise privileged or protected from discovery.

7.    In view of the Trustee's offer to provide Defendant access to search, inspect, and copy documents subject to an agreement regarding the treatment of privileged and/or protected documents, the Trustee will not at this time produce a privilege log, and expressly reserves the right to produce a privilege log, of documents to which a claim of privilege will be made following the completion of Defendant's search and/or inspection of the Database, the QuickBooks files, and the Namco Boxes.

8.    In addition, the Trustee and his counsel have a large volume of documents, electronic communications, and working papers – all of which are wholly protected from discovery by the attorney –client privilege and work product doctrine. The Trustee will not individually identify each such document, communication, and working paper on a privilege log on the grounds that to do so would be unduly burdensome and oppressive, and serve no useful purpose.  The Trustee asserts that within the category of documents in his possession, custody or control that are wholly protected by the attorney-client privilege and/or work product doctrine are the following:

       a.    Communications between the Trustee (including the Trustee's employees and agents) and his counsel, whether written or electronic;

       b.    Documents prepared by, or at the direction of Trustee's counsel, in anticipation of, or in connection with, this litigation and other litigation involving the Trustee.

       c.    Documents prepared by the Trustee's accountants and financial advisors in anticipation of, or in connection with, this litigation and other litigation involving the Trustee.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9.      The Trustee objects to the Document Requests to the extent that they seek information that has already been provided in this litigation, is on file with the Court in this case, is more readily available from other parties, is a matter of public record, or otherwise available to or already in the possession of Defendant or any agents thereof.

10.      The Trustee objects to the Document Requests to the extent that they require the Trustee to make compilations, abstracts, audits, or summaries of records when those compilations, abstracts, audits, or summaries do not exist.

11.      The Trustee has made a good faith effort to investigate information responsive to the Document Requests.  However, it is possible that additional information will be discovered that might affect the responses as discovery proceeds and as the Trustee prepares for trial.  Accordingly, the Trustee reserves the right to supplement or modify the responses to incorporate subsequently discovered information.

12.      The Trustee expressly reserves all objections as to the relevance or admissibility of his responses to the Document Requests.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce *ALL DOCUMENTS RELATING TO the "Mousa SP Transfers" as identified in the COMPLAINT.*

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The Trustee refers to and incorporates his General Objections.  The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may exist among the Namco Boxes in the

5

Trustee's possession and within the Database; is premature insofar as the Trustee has not completed discovery in this case nor completed preparation for trial, and/or to the extent requested responsive documents have already been produced to Defendant (*see* P00001 through P05867).  Subject to and without waiving these objections, the Trustee (a) will produce responsive, non-privileged documents to the extent they can be reasonably searched and identified as set forth in the General Objections at paragraph 2; (b) will produce the QB Index for review by Defendant and, upon request, provide copies of requested files as set forth in the General Objections at paragraph 3; (c) will produce the indices to the Namco Boxes and make the documents in the Namco Boxes available for inspection and copying as set forth in the General Objections at paragraph 4; and (d) will produce copies of Namco's QuickBooks files, which served as the general ledger for Namco during the relevant period.

**REQUEST FOR PRODUCTION NO. 2:**

> *Please produce ALL DOCUMENTS constituting, reflecting, or memorializing any COMMUNICATIONS between NAMCO, EZRI, or TONY on the one hand, and MOUSA on the other.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Trustee refers to and incorporates his General Objections.  The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  The Trustee objects on the grounds that this Document Request is overbroad, vague, and ambiguous and therefore, unduly burdensome and oppressive in that there is no limitation as to subject matter or time.  The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may exist among the Namco Boxes in the Trustee's possession and within the Database; is premature insofar as the Trustee has not completed discovery in this

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  case nor completed preparation for trial, and to the extent that responsive documents

2  have already been produced to Defendant (*see* P00001 through P05867).  Subject to

3  and without waiving these objections, the Trustee (a) will produce responsive, non-

4  privileged documents to the extent they can be reasonably searched and identified as

5  set forth in the General Objections at paragraph 2; (b) will produce the QB Index for

6  review by Defendant and, upon request, provide copies of requested files as set forth

7  in the General Objections at paragraph 3; and (c) will produce the indices to the

8  Namco Boxes and make the documents in the Namco Boxes available for inspection

9  and copying as set forth in the General Objections at paragraph 4.

11  **REQUEST FOR PRODUCTION NO. 3:**

12  *Please produce ALL DOCUMENTS constituting, reflecting, or memorializing*

13  *any payments or transfers by NAMCO to MOUSA.*

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

15  The Trustee refers to and incorporates his General Objections.  The Trustee

16  specifically objects to this Document Request to the extent that it seeks information

17  protected by the attorney-client privilege and work product doctrine.  The Trustee

18  further objects on the grounds that this Document Request is overbroad, vague, and

19  ambiguous and therefore, unduly burdensome and oppressive in that there is no

20  limitation as to time.  The Trustee further objects on the grounds that this Document

21  Request is burdensome and oppressive insofar as responsive documents may exist

22  among the Namco Boxes in the Trustee's possession and within the Database; is

23  premature insofar as the Trustee has not completed discovery in this case nor

24  completed preparation for trial, and to the extent that responsive documents have

25  already been produced to Defendant (*see* P00001 through P05867).  Subject to and

26  without waiving these objections, the Trustee (a) will produce responsive, non-

27  privileged documents to the extent they can be reasonably searched and identified as

28  set forth in the General Objections at paragraph 2; (b) will produce the QB Index for

7

1   review by Defendant and, upon request, provide copies of requested files as set forth

2   in the General Objections at paragraph 3; (c) will produce the indices to the Namco

3   Boxes and make the documents in the Namco Boxes available for inspection and

4   copying as set forth in the General Objections at paragraph 4; and (d) will produce

5   copies of Namco's QuickBooks files, which served as the general ledger for Namco

6   during the relevant period.

7

8   **REQUEST FOR PRODUCTION NO. 4:**

9   *Please produce ALL DOCUMENTS RELATING TO the terms and conditions of*

10  *the "Mousa SP Transfers" that YOU allege were agreed upon between NAMCO and*

11  *MOUSA.*

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13       The Trustee refers to and incorporates his General Objections. The Trustee

14  specifically objects to this Document Request to the extent that it seeks information

15  protected by the attorney-client privilege and work product doctrine. The Trustee

16  further objects on the grounds that this Document Request is burdensome and

17  oppressive insofar as responsive documents may exist among the Namco Boxes in the

18  Trustee's possession and within the Database; is premature insofar as the Trustee has

19  not completed discovery in this case nor completed preparation for trial, and such

20  documents have already been produced to Defendant (*see* P00001 through P05867).

21  Subject to and without waiving these objections, the Trustee (a) will produce

22  responsive, non-privileged documents to the extent they can be reasonably searched

23  and identified as set forth in the General Objections at paragraph 2; (b) will produce

24  the QB Index for review by Defendant and, upon request, provide copies of requested

25  files as set forth in the General Objections at paragraph 3; (c) will produce the indices

26  to the Namco Boxes and make the documents in the Namco Boxes available for

27  inspection and copying as set forth in the General Objections at paragraph 4; and (d)

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

1    will produce copies of Namco's QuickBooks files, which served as the general ledger

2    for Namco during the relevant period.

3

4    **REQUEST FOR PRODUCTION NO. 5:**

5       *Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the*

6    *COMPLAINT that MOUSA agreed to be bound by the terms and conditions of the*

7    *"Mousa SP Transfers" without a written agreement, and/or confirmed such*

8    *agreement by its conduct.*

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10      The Trustee refers to and incorporates his General Objections. The Trustee

11    specifically objects to this Document Request to the extent that it seeks information

12    protected by the attorney-client privilege and work product doctrine. The Trustee

13    further objects on the grounds that this Document Request is burdensome and

14    oppressive insofar as responsive documents may exist among the Namco Boxes in the

15    Trustee's possession and within the Database; is premature insofar as the Trustee has

16    not completed discovery in this case nor completed preparation for trial, and such

17    documents have already been produced to Defendant (*see* P00001 through P05867).

18    Subject to and without waiving these objections, the Trustee (a) will produce

19    responsive, non-privileged documents to the extent they can be reasonably searched

20    and identified as set forth in the General Objections at paragraph 2; (b) will produce

21    the QB Index for review by Defendant and, upon request, provide copies of requested

22    files as set forth in the General Objections at paragraph 3; (c) will produce the indices

23    to the Namco Boxes and make the documents in the Namco Boxes available for

24    inspection and copying as set forth in the General Objections at paragraph 4; and (d)

25    will produce copies of Namco's QuickBooks files, which served as the general ledger

26    for Namco during the relevant period.

27

28    **REQUEST FOR PRODUCTION NO. 6:**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

1      *Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the*

2      *COMPLAINT that ALL conditions required for MOUSA's performance of the terms*

3      *and conditions of the "Mousa SP Transfers" agreement have been satisfied, except*

4      *those excused by reason of MOUSA's conduct.*

5      **RESPONSE TO REQUEST FOR PRODUCTION NO.6:**

6      The Trustee refers to and incorporates his General Objections. The Trustee

7      specifically objects to this Document Request to the extent that it seeks information

8      protected by the attorney-client privilege and work product doctrine. The Trustee

9      further objects on the grounds that this Document Request is burdensome and

10      oppressive insofar as responsive documents may exist among the Namco Boxes in the

11      Trustee's possession and within the Database; is premature insofar as the Trustee has

12      not completed discovery in this case nor completed preparation for trial, and such

13      documents have already been produced to Defendant (*see* P00001 through P05867).

14      Subject to and without waiving these objections, the Trustee (a) will produce

15      responsive, non-privileged documents to the extent they can be reasonably searched

16      and identified as set forth in the General Objections at paragraph 2; (b) will produce

17      the QB Index for review by Defendant and, upon request, provide copies of requested

18      files as set forth in the General Objections at paragraph 3; (c) will produce the indices

19      to the Namco Boxes and make the documents in the Namco Boxes available for

20      inspection and copying as set forth in the General Objections at paragraph 4; and (d)

21      will produce copies of Namco's QuickBooks files, which served as the general ledger

22      for Namco during the relevant period.

23

24      **REQUEST FOR PRODUCTION NO. 7:**

25      *Please produce ALL DOCUMENTS RELATING TO ALL alleged breaches of*

26      *any term and/or condition of the "Mousa SP Transfers" committed by either NAMCO*

27      *or MOUSA.*

28      **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:246933.2 59701-001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Trustee refers to and incorporates his General Objections.  The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may exist among the Namco Boxes in the Trustee's possession and within the Database; is premature insofar as the Trustee has not completed discovery in this case nor completed preparation for trial, and such documents have already been produced to Defendant (*see* P00001 through P05867).  Subject to and without waiving these objections, the Trustee (a) will produce responsive, non-privileged documents to the extent they can be reasonably searched and identified as set forth in the General Objections at paragraph 2; (b) will produce the QB Index for review by Defendant and, upon request, provide copies of requested files as set forth in the General Objections at paragraph 3; (c) will produce the indices to the Namco Boxes and make the documents in the Namco Boxes available for inspection and copying as set forth in the General Objections at paragraph 4; and (d) will produce copies of Namco's QuickBooks files, which served as the general ledger for Namco during the relevant period.

**REQUEST FOR PRODUCTION NO. 8:**

*Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the COMPLAINT that at the time NAMCO allegedly made the "Mousa SP Transfers," NAMCO (i) was engaged or was about to be engaged in a business or transaction for which the remaining assets of NAMCO were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Trustee refers to and incorporates his General Objections.  The Trustee specifically objects to this Document Request to the extent that it seeks information

DOCS_LA:246933.2 59701-001

1   protected by the attorney-client privilege and work product doctrine.  The Trustee

2   further objects on the grounds that this Document Request is burdensome and

3   oppressive insofar as responsive documents may exist among the Namco Boxes in the

4   Trustee's possession and within the Database; is premature insofar as the Trustee has

5   not completed discovery in this case nor completed preparation for trial, and such

6   documents have already been produced to Defendant (*see* P00001 through P05867).

7   Subject to and without waiving these objections, the Trustee (a) will produce

8   responsive, non-privileged documents to the extent they can be reasonably searched

9   and identified as set forth in the General Objections at paragraph 2; (b) will produce

10  the QB Index for review by Defendant and, upon request, provide copies of requested

11  files as set forth in the General Objections at paragraph 3; and (c) will produce the

12  indices to the Namco Boxes and make the documents in the Namco Boxes available

13  for inspection and copying as set forth in the General Objections at paragraph 4; (d)

14  will produce copies of Namco's QuickBooks files, which served as the general ledger

15  for Namco during the relevant period; and (e) refers Defendant to the *First Financial*

16  *Report of the Chapter 11 Trustees Pursuant to 11 U.S.C. §1106(a)(3)-(4), dated*

17  *February 26, 2010,* which was filed with the Court in the above-entitled bankruptcy

18  case.  Finally the Trustee notes that he intends to produce his financial advisors'

19  expert report on insolvency at the designated time in this adversary proceeding.

20

21  **REQUEST FOR PRODUCTION NO. 9:**

22      *Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the*

23  *COMPLAINT that the "Mousa SP Transfers" were made "without receiving*

24  *reasonably equivalent value in exchange, and Namco was insolvent at the time of each*

25  *such transfer, in that at fair valuations, the sum of its debts was greater than all of its*

26  *assets."*

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

The Trustee refers to and incorporates his General Objections.  The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may exist among the Namco Boxes in the Trustee's possession and within the Database; is premature insofar as the Trustee has not completed discovery in this case nor completed preparation for trial, and such documents have already been produced to Defendant (*see* P00001 through P05867).  Subject to and without waiving these objections, the Trustee (a) will produce responsive, non-privileged documents to the extent they can be reasonably searched and identified as set forth in the General Objections at paragraph 2; (b) will produce the QB Index for review by Defendant and, upon request, provide copies of requested files as set forth in the General Objections at paragraph 3; and (c) will produce the indices to the Namco Boxes and make the documents in the Namco Boxes available for inspection and copying as set forth in the General Objections at paragraph 4; (d) will produce copies of Namco's QuickBooks files, which served as the general ledger for Namco during the relevant period; and (e) refers Defendant to the *First Financial Report of the Chapter 11 Trustees Pursuant to 11 U.S.C. §1106(a)(3)-(4), dated February 26, 2010,* which was filed with the Court in the above-entitled bankruptcy case.  Finally the Trustee notes that he intends to produce his financial advisors' expert report on insolvency at the designated time in this adversary proceeding.

## REQUEST FOR PRODUCTION NO. 10:

Please produce *ALL DOCUMENTS RELATING TO YOUR allegation in the COMPLAINT that MOUSA, at all material times, was the "agent, employee, servant, alter ego, partner, co-conspirator, co-venturer and/or legal representative of each of the other Defendants."*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Trustee refers to and incorporates his General Objections.  The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may exist among the Namco Boxes in the Trustee's possession and within the Database; is premature insofar as the Trustee has not completed discovery in this case nor completed preparation for trial, and such documents have already been produced to Defendant (*see* P00001 through P05867).  Subject to and without waiving these objections, the Trustee (a) will produce responsive, non-privileged documents to the extent they can be reasonably searched and identified as set forth in the General Objections at paragraph 2; (b) will produce the QB Index for review by Defendant and, upon request, provide copies of requested files as set forth in the General Objections at paragraph 3; (c) will produce the indices to the Namco Boxes and make the documents in the Namco Boxes available for inspection and copying as set forth in the General Objections at paragraph 4; and (d) will produce copies of Namco's QuickBooks files, which served as the general ledger for Namco during the relevant period.

**REQUEST FOR PRODUCTION NO. 11:**

*Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the COMPLAINT that MOUSA is indebted to NAMCO on an open book account.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The Trustee refers to and incorporates his General Objections.  The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.  The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may exist among the Namco Boxes in the Trustee's possession and within the Database; is premature insofar as the Trustee has

14

1   not completed discovery in this case nor completed preparation for trial, and such

2   documents have already been produced to Defendant (*see* P00001 through P05867).

3   Subject to and without waiving these objections, the Trustee (a) will produce

4   responsive, non-privileged documents to the extent they can be reasonably searched

5   and identified as set forth in the General Objections at paragraph 2; (b) will produce

6   the QB Index for review by Defendant and, upon request, provide copies of requested

7   files as set forth in the General Objections at paragraph 3; and (c) will produce the

8   indices to the Namco Boxes and make the documents in the Namco Boxes available

9   for inspection and copying as set forth in the General Objections at paragraph 4; and

10  (d) will produce copies of Namco's QuickBooks files, which served as the general

11  ledger for Namco during the relevant period.

12

13  **REQUEST FOR PRODUCTION NO. 12:**

14      *Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the*

15  *COMPLAINT that the "Mousa Preferential Transfers" as identified in the*

16  *COMPLAINT were made to MOUSA on account of antecedent debt owed by NAMCO*

17  *before the "Mousa Preferential Transfers" were made.*

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19      The Trustee refers to and incorporates his General Objections.  The Trustee

20  specifically objects to this Document Request to the extent that it seeks information

21  protected by the attorney-client privilege and work product doctrine.  The Trustee

22  further objects on the grounds that this Document Request is burdensome and

23  oppressive insofar as responsive documents may exist among the Namco Boxes in the

24  Trustee's possession and within the Database; is premature insofar as the Trustee has

25  not completed discovery in this case nor completed preparation for trial, and such

26  documents have already been produced to Defendant (*see* P00001 through P05867).

27  Subject to and without waiving these objections, the Trustee (a) will produce

28  responsive, non-privileged documents to the extent they can be reasonably searched

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

15

1   and identified as set forth in the General Objections at paragraph 2; (b) will produce

2   the QB Index for review by Defendant and, upon request, provide copies of requested

3   files as set forth in the General Objections at paragraph 3; and (c) will produce the

4   indices to the Namco Boxes and make the documents in the Namco Boxes available

5   for inspection and copying as set forth in the General Objections at paragraph 4; and

6   (d) will produce copies of Namco's QuickBooks files, which served as the general

7   ledger for Namco during the relevant period.

8

9   **REQUEST FOR PRODUCTION NO. 13:**

10      *Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the*

11  *COMPLAINT that the "Mousa Preferential Transfers" were made to MOUSA within*

12  *one year of the "Petition Date."*

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

14      The Trustee refers to and incorporates his General Objections.  The Trustee

15  specifically objects to this Document Request to the extent that it seeks information

16  protected by the attorney-client privilege and work product doctrine.  The Trustee

17  further objects on the grounds that this Document Request is burdensome and

18  oppressive insofar as responsive documents may exist among the Namco Boxes in the

19  Trustee's possession and within the Database; is premature insofar as the Trustee has

20  not completed discovery in this case nor completed preparation for trial, and such

21  documents have already been produced to Defendant (*see* P00001 through P05867).

22  Subject to and without waiving these objections, the Trustee (a) will produce

23  responsive, non-privileged documents to the extent they can be reasonably searched

24  and identified as set forth in the General Objections at paragraph 2; (b) will produce

25  the QB Index for review by Defendant and, upon request, provide copies of requested

26  files as set forth in the General Objections at paragraph 3; and (c) will produce the

27  indices to the Namco Boxes and make the documents in the Namco Boxes available

28  for inspection and copying as set forth in the General Objections at paragraph 4; and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16

(d) will produce copies of Namco's QuickBooks files, which served as the general ledger for Namco during the relevant period.

**REQUEST FOR PRODUCTION NO. 14:**

*Please produce ALL DOCUMENTS relied upon by YOU to answer ALL Interrogatories served upon you by MOUSA in the above-captioned adversary proceeding.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The Trustee refers to and incorporates his General Objections. The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine. The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may also exist among the Namco Boxes in the Trustee's possession and within the Database. Subject to and without waiving these objections, the Trustee identifies the following documents:

    (a)    The Complaint filed in the within action;

    (b)    Documents previously produced as P00001 to P05857.

**REQUEST FOR PRODUCTION NO. 15:**

*Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the COMPLAINT that MOUSA is the alter-ego of any corporate entity identified in the COMPLAINT.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The Trustee refers to and incorporates his General Objections. The Trustee specifically objects to this Document Request to the extent that it seeks information protected by the attorney-client privilege and work product doctrine. The Trustee further objects on the grounds that this Document Request is burdensome and oppressive insofar as responsive documents may exist among the Namco Boxes in the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

17

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Trustee's possession and within the Database; is premature insofar as the Trustee has

2  not completed discovery in this case nor completed preparation for trial, and such

3  documents have already been produced to Defendant (*see* P00001 through P05867).

4  Subject to and without waiving these objections, the Trustee (a) will produce

5  responsive, non-privileged documents to the extent they can be reasonably searched

6  and identified as set forth in the General Objections at paragraph 2; (b) will produce

7  the QB Index for review by Defendant and, upon request, provide copies of requested

8  files as set forth in the General Objections at paragraph 3; (c) will produce the indices

9  to the Namco Boxes and make the documents in the Namco Boxes available for

10  inspection and copying as set forth in the General Objections at paragraph 4; and (d)

11  will produce copies of Namco's QuickBooks files, which served as the general ledger

12  for Namco during the relevant period.

13

14  **REQUEST FOR PRODUCTION NO. 16:**

15    *Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the*

16  *COMPLAINT that MOUSA aided and abetted TONY in breaching any fiduciary duty*

17  *owed to NAMCO.*

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

19    The Trustee refers to and incorporates his General Objections.  The Trustee

20  specifically objects to this Document Request to the extent that it seeks information

21  protected by the attorney-client privilege and work product doctrine.  The Trustee

22  further objects on the grounds that this Document Request is burdensome and

23  oppressive insofar as responsive documents may exist among the Namco Boxes in the

24  Trustee's possession and within the Database; is premature insofar as the Trustee has

25  not completed discovery in this case nor completed preparation for trial, and such

26  documents have already been produced to Defendant (*see* P00001 through P05867).

27  Subject to and without waiving these objections, the Trustee (a) will produce

28  responsive, non-privileged documents to the extent they can be reasonably searched

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   and identified as set forth in the General Objections at paragraph 2; (b) will produce

2   the QB Index for review by Defendant and, upon request, provide copies of requested

3   files as set forth in the General Objections at paragraph 3; (c) will produce the indices

4   to the Namco Boxes and make the documents in the Namco Boxes available for

5   inspection and copying as set forth in the General Objections at paragraph 4; and (d)

6   will produce copies of Namco's QuickBooks files, which served as the general ledger

7   for Namco during the relevant period.

8

9   **REQUEST FOR PRODUCTION NO. 17:**

10   *Please produce ALL DOCUMENTS RELATING TO YOUR allegation in the*

11   *COMPLAINT that MOUSA aided and abetted EZRI in breaching any fiduciary duty*

12   *owed to NAMCO.*

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

14   The Trustee refers to and incorporates his General Objections.  The Trustee

15   specifically objects to this Document Request to the extent that it seeks information

16   protected by the attorney-client privilege and work product doctrine.  The Trustee

17   further objects on the grounds that this Document Request is burdensome and

18   oppressive insofar as responsive documents may exist among the Namco Boxes in the

19   Trustee's possession and within the Database; is premature insofar as the Trustee has

20   not completed discovery in this case nor completed preparation for trial, and such

21   documents have already been produced to Defendant (*see* P00001 through P05867).

22   Subject to and without waiving these objections, the Trustee (a) will produce

23   responsive, non-privileged documents to the extent they can be reasonably searched

24   and identified as set forth in the General Objections at paragraph 2; (b) will produce

25   the QB Index for review by Defendant and, upon request, provide copies of requested

26   files as set forth in the General Objections at paragraph 3; (c) will produce the indices

27   to the Namco Boxes and make the documents in the Namco Boxes available for

28   inspection and copying as set forth in the General Objections at paragraph 4; and (d)

19

will produce copies of Namco's QuickBooks files, which served as the general ledger for Namco during the relevant period.

Dated:  January _19_, 2012

PACHULSKI STANG ZIEHL & JONES LLP

By _____
Richard M. Pachulski
Dean A. Ziehl
Alan J. Kornfeld
Gillian N. Brown
Elissa A. Wagner

Special Counsel for Bradley D. Sharp, Chapter 11 Trustee for Estate of Namco Capital Group, Inc.

DOCS_LA:246933.2 59701-001

# PROOF OF SERVICE

STATE OF CALIFORNIA                )

COUNTY OF LOS                      )
ANGELES                            )

I, Mary de Leon, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California  90067-4100.

On January 20, 2012, I caused to be served the **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT MOUSA NAMVAR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*PLEASE SEE ATTACHED SERVICE LIST*

☑  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑  (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☐  (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown.  The transmission was reported as complete and without error.  (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐  (BY OVERNIGHT DELIVERY) By sending by                    to the addressee(s) as indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on January 20, 2012, at Los Angeles, California.

Mary de Leon

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:246933.2 59701-001

## SERVICE LIST

**Counsel for Mousa Namvar, Magdiel, LLC, Namco 8, LLC, Wishlab 90, LLC, Bunherst, LLC and DGADE of Delaware, LLC**
Brian L. Davidoff, Esq.
Geoffrey M. Gold, Esq.
David Y. Joe, Esq.
Neeta Menon, Esq.
RUTTER HOBBS & DAVIDOFF INCORPORATED
1901 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Email:        bdavidoff@rutterhobbs.com
              ggold@rutterhobbs.com
              djoe@rutterhobbs.com
              nmenon@rutterhobbs.com

**Counsel for Bradley D. Sharp, as Chapter 11 Trustee for Namco Capital Group Inc.**
David M. Poitras,  Esq.
Jeffer Mangels Butler & Mitchell
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Email:        dpoitras@jmbm.com

**Counsel for Namco Capital  Group, Inc. Daniel Namvar, Benjamin Namvar, Homayoun Namvar, Malka Namvar,  Shira Namvar, Hooshang Namvar Net LLC and Helen Shadi**
Alan F. Broidy, Esq.
Law Offices of Alan F. Broidy
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Email:        alan@broidylaw.com

and

John D. Younesi, Esq.
Jan A. Yoss, Esq.
Younesi & Yoss, LLP
11355 W. Olympic Blvd., Suite 200
Los Angeles, California 90065
Email:        jdyounesi@younesi.com
              jyoss@younesi.com

**Counsel for Haron Shabatian**
Robert B. Mobasseri, Esq.
Law Offices of Robert B. Mobasseri
445 South Figueroa Street, Suite 2700
Los Angeles, California 90071
Email:        robertm@mobasseripc.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:246933.2 59701-001

**Counsel for Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Helen Shadi, Hilda Bayanfar, Lida Shraga, Nataly Namvar, Trifish, LLC, Tribun, LLC, Trisister, LLC, Believers, LLC, Net, LLC, Light Source, LLC, Lacy 20, LLC, Woodman Partners, LLC, Tritowne, LLC and Trigrove, LLCLA Hotel Venture LLC,Lancam Properties, LLC andToyram LLC**
Henley L. Saltzburg, Esq.
Damon G. Saltzburg, Esq.
Paul T. Dye, Esq.
Genise R. Reiter, Esq.
Saltzburg Ray and Bergman
12121 Wilshire Boulevard, Suite 600
Los Angeles, California 90025
Email:        hls@srblaw.com
              ds@srblaw.com
              ptd@srblaw.com
              grr@srblaw.com


Richard Sandor Berger, Esq,
Peter J. Gurfein, Esq.
Landau Gottfried and Berger LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Email:        rberger@lgbfirm.com
              pgurfein@lgbfirm.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

## Gillian N. Brown

| | |
|---|---|
| **From:** | Gillian N. Brown |
| **Sent:** | Friday, June 28, 2013 12:25 PM |
| **To:** | ptd@srblaw.com |
| **Cc:** | Elissa A. Wagner; Alan Kornfeld; Ellen Bender; bresser@greenbergglusker.com; Genise Reiter [grr@srblaw.com] (grr@srblaw.com); 'robertm@mobasseripc.com'; 'Werderitch, Lori' |
| **Subject:** | FW: Namco Family Litig. |
| **Attachments:** | [NAMCO] 4.29.13 Letter to Counsel.pdf; [NAMCO] Plaintiff's Responses to First Set of Doc Requests.pdf |

Paul,

As I explained to Genise (on and off the record during Wednesday's depositions), emails that do not contain bates labels came from the server that was in your clients' possession, custody, and control.  Elissa also explained the provenance of these emails in her June 13 email to you.  That is, your clients produced those emails to the Namco Trustee; these are your clients' own documents.

We have expressly stated that we would not produce to the defendants documents that they had previously produced to us.  For example, my colleague, Gail Greenwood, set forth in her April 29 letter accompanying *Plaintiff's Responses to Trifish, LLC's First Set of Requests for Production of Documents* (the "Responses") that the Namco Trustee would not be producing to defendants documents that defendants previously produced to us.  (I have attached a copy of that letter to this email.)  We also preserved that position in General Objection G to the Responses.  (I have attached a copy of the Responses to this email, as well.)  Moreover, in General Objection G to the Responses, we offered to produce ESI pursuant to search terms even though this data belongs to and is in the possession of your clients.  We have no record of the Defendants providing us any such search terms.

If you still intend to instruct your clients not to answer questions relating to documents that are not bates labeled, I suggest that we begin the meet and confer process today in advance of our potential motion to compel deposition testimony should you instruct witnesses not to answer.  (If **Bernie, Lori, and Robert** are going to instruct their witnesses not to answer on these grounds, I invite them to the meet and confer, as well, of course.)  If counsel instruct witnesses not to respond to questions regarding un-bates labeled documents, we will keep the depositions open and make our motion to compel.  That motion to compel will also include a request that, should we prevail on the motion, discovery will remain open after the July 26 discovery cutoff to permit us to finish those depositions.

I am available to **meet and confer** today until 1:30pm, and then after 4pm today.  I can make myself available this weekend after 12:30pm on Saturday and Sunday, as well.

With regard to your aspersions on our client and/or our attorneys, suffice it to say that we disagree.

Best regards,
Gillian

---

**From:** Paul Dye [mailto:ptd@srblaw.com]
**Sent:** Friday, June 28, 2013 10:25 AM
**To:** Elissa A. Wagner; Alan Kornfeld; Gillian N. Brown
**Cc:** Ellen Bender; Resser, Bernard; Genise Reiter; robertm@mobasseripc.com; Werderitch, Lori
**Subject:** RE: Namco Family Litig.

Dear Esteemed Counsel -

Genise has shown me the exhibits from the Trisister depositions. Many are emails bearing no bate stamp. It appears that these were not produced in response to defendants' document requests, nor were they identified in Plaintiff's Rule 26 disclosures. This appears to be an attempt at trial by ambush which is not allowed under the FRCP.

I suspect this is part of the game plaintiff has played in this litigation of stating that there is a vast pile of documents and emails which Defendants may search by providing plaintiff with key words, etc. This game, which we have not played, required Defendants to attempt to guess what plaintiff might be thinking would justify plaintiff's claims. Defendants' requests for production for all emails relating to the topics in this litigation was designed to put an end to that nonsense.

Apparently, this did not succeed in bringing about the production of documents that plaintiff intends to use in the depositions and at trial.

Unless you can convince me otherwise, in the depositions of my clients, I will be objecting to any document that was not identified and produced and will instruct the witness not to answer questions relating to the document.

Very truly yours,
Paul

Paul T. Dye
Saltzburg, Ray & Bergman, LLP
12121 Wilshire Blvd., Suite 600
Los Angeles, CA 90025-1166
Telephone: (310) 481-6757
FAX (310) 481-6720
E-Mail: ptd@srblaw.com

This document is intended for the exclusive use of the addressee.  It may contain privileged, confidential or non-disclosable information.  If you are not the addressee or someone responsible for delivering this document to the addressee, you may not read, copy or distribute it.  If you have received this document by mistake, please e-mail the administrator at administrator@srblaw.com and securely dispose of it.  Thank you.

# EXHIBIT 3

Page 1

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                       LOS ANGELES DIVISION

4

5    In re: NAMCO CAPITAL GROUP,    )
     INC. a California              )
6    corporation,                   )   Case No.
                                     )   2:11-cv-05320-GAF
7                Debtor             )
     _____)
8                                    )
                                     )
     BRADLEY D. SHARP, solely in    )
9    his capacity as Chapter 11     )
     Trustee of NAMCO CAPITAL       )
10   GROUP, INC.,                    )
                                     )
11               Plaintiff,         )
                                     )
12         vs.                      )
                                     )
13   MOUSA NAMVAR, et al.,          )
                                     )
14               Defendants.        )
     _____)
15

16

17

18             DEPOSITION OF DAVID H. JUDD

19               Los Angeles, California

20               Monday, July 8, 2013

21

22

23   TSG Job # 63217

24   Reported by:

25   NIKKI ROY, CSR No. 3052

1          Deposition of DAVID H. JUDD, taken on behalf of

2     the Counsel for MOUSA NAMVAR, MAGDIEL, LLC, MANCO 8

3     LLC, WISHLAB 90 LLC, BUNHERST, LLC and DGAD OF

4     DELAWARE, LLC, at 1900 Avenue of the Stars,

5     21st Floor, Los Angeles, California, on Monday,

6     July 8, 2013 at 9:23 a.m., before NIKKI ROY, CSR

7     No. 3052.

8

9     APPEARANCES OF COUNSEL:

10

11    FOR THE PLAINTIFF:

12          PACHULSKI STANG ZIEHL & JONES
            BY:  ALAN KORNFELD, Attorney at Law

13          10100 Santa Monica Boulevard
            Los Angeles, California 90067

14

15

16

17    FOR HOOSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN, NAMVAR,
      HELEN SHADI, HILDA BAYANFAR, LIDA SHRAGGA, NATALY

18    NAMVAR, TRIFISH, LLC, TRIBUN, LLC, TRISISTER, LLC,
      BELIEVERS, LLC, NET LLC, LIGHT SOURCE, LLC, LACY 20,

19    LLC, WOODMAN PARTNERS, LLC, TRITOWNE, LLC AND
      TRIGROVE LLC:

20

            SALTZBURG RAY & BERGMAN

21          BY:  PAUL DYE, Attorney at Law
            GENISE REITER, Attorney at Law

22          12121 Wilshire Boulevard
            Los Angeles, California 90025

23

24

25

1    APPEARANCES OF COUNSEL (CONTINUED):

2

3    COUNSEL FOR MOUSA NAMVAR, HAGDIEL, LLC, NAMCO 8K LLC,

     WISHLAB 90 LLC, BUNHERST, LLC AND DGADE OF DELAWARE,

4    LLC:

5         GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER

          BY:  BERNARD RESSER, Attorney at Law

6         1900 Avenue of the Stars

          Los Angeles, California 90067

7

8

9

10   ALSO PRESENT:

11        NICHOLAS TROSZAK

          BRADLEY SHARP

12         GREGORY GATELEY, videographer

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 4

1                             I N D E X

2

3     WITNESS               EXAMINATION          PAGE

4 DAVID H. JUDD

5                    MR. RESSER           7, 98

6

7

8                          E X H I B I T S

9

10     NUMBER           DESCRIPTION          PAGE

11 Exhibit 150    Printout from BRG website    13

12 Exhibit 151    First Financial Report of the   26
                   Chapter 11 Trustees Pursuant to
13                 11 USC Section 1106(a)(3)-(4),
                   dated February 26, 2010
14                 Submitted to the Honorable Barry
                   Russell, United States
15                 Bankruptcy Judge for the Central
                   District of California by R.
16                 Todd Neilson and Bradley D.
                   Sharp
17

    Exhibit 152    Expert Report of David Judd    27
18

    Exhibit 153    Expert Report of David Judd    30
19

    Exhibit 154    Spreadsheets entitled       34
20                 "Bankruptcy Estate of NCG and
                   Namvar Transaction Analysis"
21

    Exhibit 155    Spreadsheets entitled       35
22                 "Bankruptcy Estate of NCG and
                   Namvar Transaction Analysis"
23

    Exhibit 156    Rebuttal Expert Report of David   38
24                 Judd Rebuttal Expert Report of
                   David Judd
25

Page 5

1                    I N D E X (CONTINUED):

2

3                    EXHIBITS (CONTINUED):

4     NUMBER            DESCRIPTION                PAGE

5    Exhibit 157    Notice of Deposition of Namco      41
                    Capital Group under Federal Rule
6                   of Civil Procedure 30(b)(6)

7    Exhibit 158    Notice of Expert Witness           52
                    Deposition of David Judd and of
8                   Requests for Production of
                    Documents at Deposition

9

10

11

                    QUESTIONS INSTRUCTED NOT TO ANSWER

12

                            None

13

14

                       INFORMATION REQUESTED

15

                            None

16

17

18

19

20

21

22

23

24

25

Page 6

1          LOS ANGELES, CALIFORNIA, MONDAY, JULY 8, 2013

2                          9:23 A.M.

3

4          THE VIDEOGRAPHER:  Good morning, everybody.

5      This is the start of disk number 1 in the

6      video deposition of David Judd in the matter

7      Bradley D. Sharp, Chapter 11 Trustee versus Mousa

8      Namvar, et al. in the United States Bankruptcy Court,

9      Central District of California.

10          This deposition is being held at Greenberg

11     Glusker Fields Claman and Machtinger, LLP located at

12     1900 Avenue of the Stars, 21st floor, Los Angeles,

13     California on July 8, 2013 at approximately 9:23 a.m.

14          My name is Gregory Gateley from TSG

15     Reporting Inc.  I'm the legal video specialist.  The

16     court reporter is Nikki Roy in association with TSG

17     Reporting.

18          Counsel please state your appearances for

19     the record.

20          MR. RESSER:  Bernard Resser, Greenberg

21     Glusker Fields Claman & Machtinger for defendants

22     Mousa Namvar, Magdiel LLC, Namco 8 LLC, Wishlab 90

23     LLC, Bunherst LLC, Dgade of Delaware LLC.

24          MR. DYE:  Paul Dye, of Saltzburg, Ray &

25     Bertman, also Genise Reiter of Saltzburg, Ray &

1    Bertman representing defendants Lacy 20 LLC, Hooshang

2    Namvar, Homayoun Namvar, Ramin Namvar, Helen Shadi,

3    Hilda Bayanfar, Lida Shragga, Nataly Namvar, Trifish

4    LLC, Tribun LLC, Trisister LLC, Believers LLC,

5    Net LLC, Light Source Management LLC, Woodman

6    Partners LLC, Tritowne LLC and Trigrove LLC.

7              MR. KORNFELD:  Alan Kornfeld, Pachulski

8    Stang Ziehl & Jones for Bradley Sharp, trustee for

9    Namco Capital Group.

10             THE VIDEOGRAPHER:  Will the court reporter

11   please swear in the witness.

12

13                       DAVID H. JUDD

14             called as a deponent and sworn in by

15             the deposition officer, was examined

16                and testified as follows:

17

18                       EXAMINATION

19   BY MR. RESSER:

20        Q.   Good morning, Mr. Judd.

21        A.   Good morning.

22        Q.   Can you state your full name for the record.

23        A.   David Harl Judd.

24        Q.   What is your business address?

25        A.   2049 Century Park East, Suite 2525,

Page 38

1              (The document referred to was marked

2              by the CSR as Deposition Exhibit 156

3              for identification and attached to the

4              deposition transcript hereto.)

5              (Document reviewed by witness.)

6     BY MR. RESSER:

7          Q.   Okay.  Mr. Judd, what is Exhibit 156?

8          A.   It is a rebuttal expert report that I

9     prepared for this specific litigation.

10         Q.   Okay.  And this is the rebuttal report that

11    you just referred to in your earlier answer to my

12    question about whether you prepared an expert report

13    on damages in this case, correct?

14              MR. KORNFELD:  Objection; vague.

15              THE WITNESS:  I didn't recall talking about

16    the rebuttal report prior, but --

17    BY MR. RESSER:

18         Q.   Okay.  In preparing your rebuttal expert

19    report, did you consult any of the schedules that

20    were prepared for the trustee or counsel that were

21    the basis for the damages amounts in the first

22    amended complaint?

23         A.   Yes.

24         Q.   And is that the schedules that you prepared

25    for the damages for the first amended complaint the

# EXHIBIT 4

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                 LOS ANGELES DIVISION
 4
 5    In re:  NAMCO CAPITAL GROUP, )
      INC. a California            )
 6    corporation,                 )  Case No.
                                   )  2:11-cv-05320-GAF
 7              Debtor             )
      _____)
 8                                 )
      BRADLEY D. SHARP, solely in  )
 9    his capacity as Chapter 11   )
      Trustee of NAMCO CAPITAL     )
10    GROUP, INC.,                 )
                                   )
11              Plaintiff,         )
                                   )
12         VS.                     )
                                   )
13    MOUSA NAMVAR, et al.,        )
                                   )
14              Defendants.        )
      _____)
15
16
17          DEPOSITION OF DAVID H. JUDD
18             Los Angeles, California
19             Tuesday, July 9, 2013
20
21
22
23        Reported by:
24    NIKKI ROY, CSR No. 3052
25    Job # 63218
```

1        Deposition of DAVID H. JUDD, taken on behalf of

2   the Counsel for MOUSA NAMVAR, MAGDIEL, LLC, MANCO 8

3   LLC, WISHLAB 90 LLC, BUNHERST, LLC and DGAD OF

4   DELAWARE, LLC, at 1900 Avenue of the Stars,

5   21st Floor, Los Angeles, California, on Tuesday,

6   July 9, 2013 at 9:18 a.m., before NIKKI ROY, CSR

7   No. 3052.

8

9   APPEARANCES OF COUNSEL:

10

11   FOR THE PLAINTIFF:

12        PACHULSKI STANG ZIEHL & JONES
          BY:  ALAN KORNFELD, Attorney at Law

13        10100 Santa Monica Boulevard
          Los Angeles, California 90067

14

15

16

17   FOR HOOSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN, NAMVAR,
     HELEN SHADI, HILDA BAYANFAR, LIDA SHRAGGA, NATALY

18   NAMVAR, TRIFISH, LLC, TRIBUN, LLC, TRISISTER, LLC,
     BELIEVERS, LLC, NET LLC, LIGHT SOURCE, LLC, LACY 20,

19   LLC, WOODMAN PARTNERS, LLC, TRITOWNE, LLC AND
     TRIGROVE LLC:

20

          SALTZBURG RAY & BERGMAN

21        BY:  PAUL DYE, Attorney at Law
          12121 Wilshire Boulevard

22        Los Angeles, California 90025

23

24

25

1    APPEARANCES OF COUNSEL (CONTINUED):

2

3    COUNSEL FOR MOUSA NAMVAR, HAGDIEL, LLC, NAMCO 8K LLC,

    WISHLAB 90 LLC, BUNHERST, LLC AND DGADE OF DELAWARE,

4    LLC:

5        GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER

        BY:  BERNARD RESSER, Attorney at Law

6        1900 Avenue of the Stars

        Los Angeles, California 90067

7

8

9

10   ALSO PRESENT:

11       NICHOLAS TROSZAK (Appearing telephonically)

        BRADLEY SHARP (Appearing telephonically)

12      GREGORY GATELEY, Videographer

13

14

15

16

17

18

19

20

21

22

23

24

25

1                           I N D E X
2
3      WITNESS              EXAMINATION              PAGE
4  DAVID H. JUDD
5                     MR. DYE               7, 116
6                     MR. RESSER                200
7
8
9                     E X H I B I T S
10
11    NUMBER            DESCRIPTION               PAGE
12  Exhibit 159     Notice of FRCP 30(b)(6)        15
                    Deposition of Chapter 11
13                  Bankruptcy Estate of Esri
                    Namvar
14
    Exhibit 160     Notice of FRCP 30(b)(6)        91
15                  deposition of Namco Capital
                    Group Inc.
16
    Exhibit 161     One-page document, Bates      163
17                  number P2658
18  Exhibit 162     Documents, Bates numbers P    165
                    2825 through 2830
19
    Exhibit 163     Documents, Bates number P 1214  167
20
    Exhibit 164     Transactional Analysis, Bates  168
21                  numbers P 3041 through P 3110
22  Exhibit 165     Multiple page landscape,      204
                    month-by-month analysis of
23                  income and expenses, January
                    2004 through March of 2007
24
    Exhibit 165-1 - Excel file documents          211
25          165-40

1               I N D E X (CONTINUED):

2

3               EXHIBITS (CONTINUED):

4    NUMBER          DESCRIPTION                    PAGE

5    Exhibit 166     Interest Payable NFE and NFI    212
                     xlsx

6

     Exhibit 167     Interest Payable Namvar Family  212

7

8

9

               QUESTIONS INSTRUCTED NOT TO ANSWER

10

                         None

11

12

               INFORMATION REQUESTED

13

                         None

14

15

16

17

18

19

20

21

22

23

24

25

1        LOS ANGELES, CALIFORNIA, TUESDAY, JULY 9, 2013

2                          9:18 A.M.

3

4             THE VIDEOGRAPHER:  Good morning, everybody.

5        This is the start of disk number 1 in the

6   video deposition of David Judd in the matter of

7   Bradley D. Sharp, Chapter 11 Trustee versus Mousa

8   Namvar, et al., in the court, United States District

9   Court, Central District of California, Los Angeles

10  Division.

11            This deposition is being held at Greenberg

12  Glusker Fields Claman & Machtinger LLP, located at

13  1900 Avenue of the Stars, 21st Floor, Los Angeles,

14  California.

15            Today's date is July 9, 2013.  The time is

16  approximately 9:18 a.m.  My name is Gregory Gateley

17  from TSG Reporting Inc.  I am the legal video

18  specialist.  The court reporter is Nikki Roy in

19  association with TSG Reporting.

20            Counsel, please state your appearances for

21  the record.

22            MR. DYE:  Good morning.  Paul Dye,

23  Saltzburg, Ray & Bergman.  I'm representing Lacy 20

24  LLC, Hooshang Namvar, Homayoun Namvar, Ramin Namvar,

25  Helen Shadi, Hilda Bayanfar, Lida Shragga, Nataly

1    Namvar, Trifish LLC, Tribun LLC, Trisister LLC,

2    Believers LLC, Net LLC, Light Source Management LLC,

3    Woodman Partners LLC, Tritowne LLC and Trigrove LLC.

4              MR. RESSER:  Bernard Resser, Greenberg

5    Glusker Fields Claman & Machtinger LLP, representing

6    defendants Mousa Namvar and the following LLCs:

7    Magdiel, Namco 8, Wishlab 90, Bunherst, Dgade of

8    Delaware.

9              MR. KORNFELD:  Alan Kornfeld, Pachulski

10   Stang Ziehl & Jones for Chapter 11 trustee Brad

11   Sharp.

12             THE VIDEOGRAPHER:  And will the court

13   reporter please swear in the witness.

14

15                    DAVID H. JUDD

16            called as a deponent and sworn in by

17            the deposition officer, was examined

18               and testified as follows:

19

20                    EXAMINATION

21   BY MR. DYE:

22        Q.   Good morning, Mr. Judd.

23        A.   Good morning.

24        Q.   I understand you're the person who's going

25   to tell me what the evidence is that supposedly

1          MR. KORNFELD:  Okay.

2          MR. RESSER:  All right.  I apparently have

3    only one copy of each of these, so I just want to get

4    them in the record because they've been produced

5    today, and they don't have Bates, and we don't have

6    any way of --

7          MR. KORNFELD:  That's fine.

8          MR. RESSER:  -- controlling them.

9          MR. KORNFELD:  We're about control.

10         MR. RESSER:  All right.

11    Q.   We've now handed you a several-page

12    landscape legal-size document.

13         Can you tell me what Exhibit 165 is?

14    A.   It is a month-by-month analysis of income

15    and expenses beginning with January 2004 and going

16    through March of 2007.

17    Q.   And which portion of your insolvency report

18    does this relate to?

19    A.   This relates to the exhibit on page 10 of my

20    May 17, 2013 expert report.

21    Q.   Is that document that I've handed you the

22    full and complete Excel file relating to the -- is it

23    the income statement analysis?

24    A.   It's an income and expense analysis.

25    Q.   Okay.  The -- the names of the three Excel

Page 212

1              (The document referred to was marked

2              by the CSR as Deposition Exhibit 166

3              for identification and attached to the

4              deposition transcript hereto.)

5              (Document reviewed by witness.)

6              THE WITNESS:  Okay.

7      BY MR. RESSER:

8          Q.   What is Exhibit 166?

9          A.   It is the second file that you identified.

10         Q.   Interest payable NFE and NFI xlsx?

11         A.   Yes.

12         Q.   Okay.  Handing you a third document, if you

13     can tell me what that is.

14              THE DEPOSITION OFFICER:  Did we mark that?

15              MR. RESSER:  That will be 167.

16              (The document referred to was marked

17              by the CSR as Deposition Exhibit 167

18              for identification and attached to the

19              deposition transcript hereto.)

20              (Document reviewed by witness.)

21              THE WITNESS:  And if I'm not mistaken, I

22     believe this file has two tabs.  I -- I would have to

23     look at this one as well to confirm that this is all

24     here.

25     BY MR. RESSER:

1      Q.   Okay.  Why don't we mark that as 167 and

2   leave a blank in the deposition and have you check

3   that against the document.

4      A.   I will do --

5      Q.   Does that make sense?

6      A.   I will do that.

7      Q.   And your counsel will notify us if we had

8   difficulty printing it.

9        Does it -- sir, does it surprise you that it

10   took my office almost six hours today to print those?

11      MR. KORNFELD:  You know, that's a hard

12   question to answer without knowing who works in your

13   office.

14      MR. RESSER:  He can answer the question.  I

15   think he kind of has by his expression.

16      THE WITNESS:  I kind of have.  Well, I mean,

17   part of it would be once you had the format down for

18   this big pile, they would all be the same, so it

19   would --

20   BY MR. RESSER:

21      Q.   Okay.

22      A.   -- it would speed up.  I don't know how long

23   it would take your printer to print off those large

24   pages, but it could take some time.

25      Q.   It wouldn't surprise you that it was a

# EXHIBIT 5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

IN RE:

NAMCO CAPITAL GROUP, INC., A
CALIFORNIA CORPORATION,

      Debtor.

_____

BRADLEY D. SHARP, SOLELY IN HIS
CAPACITY AS CHAPTER 11 TRUSTEE
OF NAMCO CAPITAL GROUP, INC.,

      Plaintiff,

                            CHAPTER 11

   vs.                    No. 2:11-CV-05320-GAF

MOUSA NAMVAR; HOOSHANG NAMVAR;
HOMAYOUN NAMVAR; RAMIN NAMVAR;
HELEN SHADI; HILDA BAYANFAR;
LIDA SHRAGA; NATALY NAMVAR;
DANIEL NAMVAR; BENJAMIN NAMVAR;
MALKA NAMVAR; SHIRAH NAMVAR;
ET AL.,

      Defendants.

_____

VIDEOTAPED DEPOSITION OF EZRI NAMVAR

Los Angeles, California

Thursday, September 22, 2011

Volume 1


Reported by:
MARIA ELLERSICK
CSR No. 10531

Job No. 173001



**EZRI NAMVAR**                                              **9/22/2011**

```
1                    UNITED STATES DISTRICT COURT

2      CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

3      IN RE:

4      NAMCO CAPITAL GROUP, INC., A
       CALIFORNIA CORPORATION,
5
            Debtor.
6      _____
       BRADLEY D. SHARP, SOLELY IN HIS
7      CAPACITY AS CHAPTER 11 TRUSTEE
       OF NAMCO CAPITAL GROUP, INC.,
8
            Plaintiff,
9                                  CHAPTER 11
          vs.                      No. 2:11-CV-05320-GAF
10
       MOUSA NAMVAR; HOOSHANG NAMVAR;
11     HOMAYOUN NAMVAR; RAMIN NAMVAR;
       HELEN SHADI; HILDA BAYANFAR; LIDA
12     SHRAGA; NATALY NAMVAR; DANIEL NAMVAR;
       BENJAMIN NAMVAR; MALKA NAMVAR;
13     SHIRAH NAMVAR; TRIFISH, LLC;
       TRIBUN, LLC; MAGDIEL, LLC; TRISISTER,
14     LLC; BELIEVERS, LLC; NET, LLC; LIGHT
       SOURCE, LLC; LA HOTEL VENTURE, LLC;
15     LANCAM PROPERTIES, LLC; LACY 20, LLC;
       NAM 5, LTD; NAMCO 8, LLC; WISHLAB 90,
16     LLC; BUNHERST, LLC; DGADE OF DELAWARE,
       LLC; TOYRAM, LLC; NAMARI, LLC;
17     WOODMAN PARTNERS, LLC; TRITOWNE, LLC;
       TRIGROVE, LLC; AND HARON SHABATIAN,
18
            Defendants.
19     _____
20          Videotaped Deposition of EZRI NAMVAR,
       Volume 1, taken on behalf of Defendants, at 12121
21     Wilshire Boulevard, Suite 600, Los Angeles,
       California, beginning at 9:54 a.m. and ending at
22     5:40 p.m. on Thursday, September 22, 2011, before
       MARIA ELLERSICK, Certified Shorthand Reporter
23     No. 10531.

24

25
```



```
 1     APPEARANCES:

 2

 3     For Plaintiff Bradley D. Sharp, Chapter 11
       Trustee for Estate of Namco Capital Group, Inc.:
 4
           PACHULSKI, STANG, ZIEHL & JONES
 5         BY:  STEVEN J. KAHN
           Attorney at Law
 6         10100 Santa Monica Boulevard, 13th Floor
           Los Angeles, California 90067
 7         (310) 277-6910

 8     For Defendants Lacy 20, LLC; Hooshang Namvar;
       Homayoun Namvar; Ramin Namvar; Helen Shadi;
 9     Hilda Bayanfar; Lida Shraga; Nataly Namvar;
       Trifish, LLC; Tribun, LLC; Trisister, LLC;
10     Believers, LLC; Tritowne, LLC; Trigrove, LLC:

11         SALTZBURG, RAY & BERGMAN
           BY:  PAUL T. DYE
12         Attorney at Law
           12121 Wilshire Boulevard, Suite 600
13         Los Angeles, California 90025
           (310) 481-6700
14

15     For Defendants Mousa Namvar; Magdiel, LLC;
       Namco 8, LLC; Bunherst, LLC; Wishlab 90, LLC;
       Dgade of Delaware, LLC:
16
           RUTTER, HOBBS & DAVIDOFF
17         BY:  BRIAN L. DAVIDOFF
           Attorney at Law
18         1901 Avenue of the Stars, Suite 1700
           Los Angeles, California 90067
19         (310) 286-1700

20     Also Present:

21         MOUSA NAMVAR
           FARA RABAN
22         SEAN NAMVAR

23
       Videographer:
24         BEN MOULANT
           SARNOFF COURT REPORTERS &
25         LEGAL TECHNOLOGIES
```



EZRI NAMVAR                                              9/22/2011

1                              INDEX

2      WITNESS                           EXAMINATION

3      EZRI NAMVAR
       Volume 1

4

5

                              BY MR. DYE              9

6
                              BY MR. DAVIDOFF        151

7

8

9                            EXHIBITS

10     DEFENDANTS'                           PAGE

11     Exhibit 1    Agreement of Purchase and Sale
                    and Escrow Instructions
12                  Between Commonwealth Wilshire
                    Corporation and Network Bank
13                  USA, dated 5/30/03            154

14     Exhibit 2    Wilshire/Bundy Office
                    Ownership chart              159

15

       Exhibit 3    Buyers Settlement Statement
16                  for Wilshire/Bundy building,
                    dated 8/15/03                163

17

       Exhibit 4    Asset sheet of Namvar
18                  Real Estate Holdings,
                    dated October 2008           166

19

       Exhibit 5    E-mail chain between Ezri
20                  Namvar and Tony Namvar and
                    others re Chesed charitable
21                  contribution, dated 9/15/03  170

22     Exhibit 6    Letter from Mousa Namvar to
                    Ezri Namvar re 12121 Wilshire
23                  Boulevard building,
                    dated 10/31/08               172

24

25



877.955.3855

4

1          Los Angeles, California, Thursday, September 22, 2011

2                       9:54 a.m. - 5:40 p.m.

3

4          THE VIDEOGRAPHER:  Good morning.  Here begins

5     Media No. 1 of the deposition of Ezri Namvar in the

6     matter of Sharp versus Namvar.  This case is pending

7     before the United States District Court, for the Central

8     District of California, Los Angeles Division, and the

9     case number is 2:11-CV-05320-GAF.  Today's date is

09:54:43 10  September 22nd and the time is 9:54.  This deposition is

11    taking place at Saltzburg, Ray and is being taken on

12    behalf of the Defendant.  The videographer is Benjamin

13    Moulant appearing on behalf of Sarnoff Court Reporters

14    located in Los Angeles, California.

15          All parties please take notice that as part of

16    the videotaping of this deposition, the microphones

17    being used are very sensitive.  All recorded comments

18    made by any party, attorney, or the deponent during this

19    deposition will be considered to be on the record and

09:55:14 20  will be transcribed.

21          Would counsel please identify yourselves and

22    state whom you represent.

23          MR. DYE:  Paul Dye of Saltzburg, Ray & Bergman.

24    I'm representing a number of the defendants in this

25    case, including Hooshang Namvar; Homayoun Namvar; Ramin



**EZRI NAMVAR**                                                    9/22/2011

1       Q.  And you say it was your tradition that when you

2   were able to do a transaction, that you would make a

3   donation to a charity?

4       A.  Yes.  Not this organized usually because this

5   a big deal.  This was our prized possession.  We wanted

6   the luck.  We had never bought anything this big.  This

7   was the trophy asset we bought.  We were all excited and

8   I gave that E-mail to put $180,000 into Chesed

9   Foundation.

16:48:42 10       Q.  And so when you say the 180- should go from the

11   Wilshire/Bundy owners and you had these percentages,

12   does this reflect your belief of what the ownership

13   percentages were of the individual brothers in the

14   building?

15       A.  For sure.  I mean, I never -- I testified to

16   that, except I was too doubtful about my sisters, which

17   is cleared by this.  The sisters are not here.

18            MR. DAVIDOFF:  Okay.  Let me show you one more

19   document, please.  We'll mark this as Exhibit No. 6.

16:49:17 20            (Defendants' Exhibit 6 was marked for

21            identification by the court reporter.)

22            MR. DAVIDOFF:  Hold on a second.  Let's just go

23   off a minute.

24            THE VIDEOGRAPHER:  We are going off the record at

25   4:50.



877.955.3855

172

**EZRI NAMVAR**                                    9/22/2011

 1          (Recess.)

 2          THE VIDEOGRAPHER:  We are back on the record at

 3     4:52.

 4     BY MR. DAVIDOFF:

 5     Q.  Mr. Namvar, I've handed you a letter dated

 6     October 31, 2008.  It's on the letterhead of Mousa

 7     Namvar, and it appears to have Mousa's signature, as

 8     well as your signature.  Could you just take a moment to

 9     look at that letter, please.

16:53:04 10     A.  I have.  What's the question?

11     Q.  Do you remember seeing this letter before?

12     A.  It's my signature, yes.  Remember, October of '08

13     was very tense time for me, yes.  I have signed this

14     letter and it is my signature.

15     Q.  And do you remember how it came about that this

16     letter was signed?

17     A.  I don't know what Mousa's reason was that he

18     wanted to put our understanding that we had for a long

19     time in writing, but that's what it was.

16:53:35 20     Q.  And does this letter correctly reflect your

21     understanding of the events as they were?

22     A.  Yes.

23     Q.  If you have a look at the bottom of the letter on

24     the first page, it says -- I'm just going to read it

25     into the record so we can understand the question that



# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               )
COUNTY OF LOS ANGELES          )

      I, Mary de Leon, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067.

      On September 30, 2013, I caused to be served the **DECLARATION OF GILLIAN N. BROWN IN SUPPORT OF TRUSTEE'S OPPOSITION TO MOTION IN LIMINE OF DEFENDANTS MOUSA NAMVAR, MAGDIEL, LLC, NAMCO 8, LLC, WISHLAB 90, LLC, BUNHERST, LLC, AND DGADE OF DELAWARE, LLC TO EXCLUDE DOCUMENTS NOT TIMELY PRODUCED IN DISCOVERY AND DEPOSITION TESTIMONY REGARDING SUCH DOCUMENTS FROM INTRODUCTION AT TRIAL BY PLAINTIFF** in this action by placing a true and correct copy of said document(s) and sent as follows:

*See Attached Service List*

☐   (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑   (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☑   (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☑   (BY HAND DELIVERY) I caused to be served the above-described document by hand delivery to the parties as indicated on the attached service.

☐   (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown.  The transmission was reported as complete and without error.  (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 30, 2013, at Los Angeles, California.

/s/ Mary de Leon
Mary de Leon

## SERVICE LIST

**2:11-cv-05320-GAF (CWx) Notice will be sent via hand delivery to:**

**Judge Gary A. Feess**
**U.S. District Court**
**255 East Temple Street, Courtroom 740**
**Los Angeles, CA  90012-3332**

**2:11-cv-05320-GAF (CWx) Notice will be sent electronically to:**

- **Matthew Peter Chan Benham**
  benham.esq@gmail.com
- **Alan Frank Broidy**
  afbroidy@ix.netcom.com
- **Gillian N Brown**
  gbrown@pszjlaw.com
- **Brian Leslie Davidoff**
  bdavidoff@greenbergglusker.com,kwoodson@greenbergglusker.com,jreinglass@greenbergglusker.com,calendar@greenbergglusker.com
- **Alan J Kornfeld**
  akornfeld@pszyj.com
- **Richard Hyungil Lee**
  richard.lee@salisianlee.com,christina.cordero@salisianlee.com
- **Robert B Mobasseri**
  robert@lawyer.com,robertm@mobasseripc.com
- **Richard M Pachulski**
  jstang@pszjlaw.com
- **Daryl G Parker**
  dparker@pszjlaw.com
- **Genise R Reiter**
  grr@srblaw.com
- **Bernard M Resser**
  bresser@greenbergglusker.com,calendar@greenbergglusker.com
- **Neal S Salisian**
  neal.salisian@salisianlee.com,christina.cordero@salisianlee.com
- **Damon G Saltzburg**
  ds@srblaw.com,hls@srblaw.com
- **Henley L Saltzburg**
  hls@srblaw.com,ar@srblaw.com,ptd@srblaw.com,lb2@srblaw.com,grr@srblaw.com
- **Newton C Tak**
  newton.tak@salisianlee.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

- **Elissa A Wagner**
  ewagner@pszjlaw.com
- **Lori L Werderitch**
  lwerderitch@greenbergglusker.com,jreinglass@greenbergglusker.com
- **Dean A Ziehl**
  dziehl@pszjlaw.com,mdj@pszjlaw.com

**2:11-cv-05320-GAF (CWx) Notice will be sent via Email to:**

**Counsel for Hooshang Namvar, Homayoun Namvar, Ramin Namvar, Helen Shadi, Hilda Bayanfar, Lida Shraga, Nataly Namvar, Trifish, LLC, Tribun, LLC, Trisister, LLC, Believers, LLC, Net, LLC, Light Source, LLC, Lacy 20, LLC, Woodman Partners, LLC, Tritowne, LLC and Trigrove, LLC**

Henley L. Saltzburg, Esq.
Paul T. Dye, Esq.
Genise R. Reiter, Esq.
SALTZBURG, RAY & BERGMAN, LLP
12121 Wilshire  Boulevard, Suite 600
Los Angeles, California 90025-1166
Email:       hls@srblaw.com
             ptd@srblaw.com
             grr@srblaw.com

-and-

Richard Lee, Esq.
Newton C. Tak, Esq.
SALISIAN LEE LLP
444 South Flower Street, Suite 2320
Los Angeles, California 90071-2924
Email:       richard.lee@salisianlee.com
             newton.tak@salisianlee.com

**Counsel for Mousa Namvar, Magdiel, LLC, Namco 8, LLC, Wishlab 90, LLC, Bunherst, LLC and DGADE of Delaware, LLC**

Bernard M. Resser, Esq.
Lori L. Werderitch, Esq.
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067
Email:       bresser@greenbergglusker.com
             lwerderitch@greenbergglusker.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 **Counsel for Bradley D. Sharp, as Chapter 11 Trustee for Namco Capital Group Inc.**
2 David M. Poitras, Esq.
JEFFER MANGELS BUTLER & MITCHELL LLP
3 1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
4 Email:      dpoitras@jmbm.com

5 **Counsel for Haron Shabatian**
Robert B. Mobasseri, Esq.
6 LAW OFFICES OF ROBERT B. MOBASSERI
445 South Figueroa Street, 27th Floor
7 Los Angeles, California 90071
Email:      robertm@mobasseripc.com
8
**Counsel for Daniel Namvar, Benjamin Namvar, Malka Namvar**
9 **and Shira Namvar**
Alan F. Broidy, Esq.
10 LAW OFFICES OF ALAN F. BROIDY
1925 Century Park East, Suite 1700
11 Los Angeles, California 90067
Email:      alan@broidylaw.com
12
-and-
13
John D. Younesi, Esq.
14 Jan A. Yoss, Esq.
YOUNESI & YOSS LLP
15 11355 W. Olympic Blvd., Suite 200
Los Angeles, California 90064
16 Email:      jdyounesi@younesi.com
           jyoss@younesi.com
17

DOCS_LA:269885.1 59701/001