1   BRIAN L. DAVIDOFF (SBN 102654)
    BDavidoff@GreenbergGlusker.com
2   BERNARD M. RESSER (SBN 92873)
    BResser@GreenbergGlusker.com
3   LORI L. WERDERITCH (SBN 247345)
    LWerderitch@GreenbergGlusker.com
4   GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
    1900 Avenue of the Stars, 21st Floor
5   Los Angeles, California 90067
    Telephone:  310-553-3610
6   Facsimile:  310-553-0687

7   Attorneys for Defendants Mousa Namvar, Magdiel, LLC,
    DGADE of Delaware, LLC, Namco 8, LLC, Bunherst, LLC,
8   and Wishlab 90, LLC

9   PAUL T. DYE (SBN 81753)
    pid@srblaw.com
10  GENISE R. REITER (SBN 80578)
    grr@srblaw.com
11  Saltzburg, Ray & Bergman, LLP
    12121 Wilshire Blvd., Suite 600
12  Los Angeles, CA 90025-1166
    Telephone:  310-481-6757
13  Facsimile:  310-481-6720

14  Attorneys for Defendants Lacy 20, LLC, Hooshang Namvar,
    Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun,
15  LLC, Believers, LLC, Net, LLC, Light Source Management,
    LLC and Woodman Partners, LLC

16
                 UNITED STATES DISTRICT COURT FOR THE
17                   CENTRAL DISTRICT OF CALIFORNIA

18  In re:                              Case No.: 2:11-cv-05320-GAF

19  NAMCO CAPITAL GROUP, INC., a        Bankr. Case No.: 2:08-bk-32333-BR
    California corporation,             Bankr. Adv. Proc. No.: 2:10-ap-02945-
20                                      BR
            Debtor.
21                                      Chapter 11

22                                      OPPOSITION TO TRUSTEE'S MOTION
                                        IN LIMINE TO SEVER AND EXCLUDE
23  BRADLEY D. SHARP, solely in his     EVIDENCE RELATING TO
    capacity as Chapter 11 Trustee of   BANKRUPTCY CLAIMS AGAINST
24  NAMCO CAPITAL GROUP, INC.,          NAMCO CAPITAL GROUP, INC.

            Plaintiff,                  [REQUEST FOR JUDICIAL NOTICE FILED
25                                      CONCURRENTLY HEREWITH]
    vs.
26                                      Hearing:
    MOUSA NAMVAR, et al.,               Date:  October 21, 2013
27                                      Time:  9:30 a.m.
            Defendants.                 Place:  Courtroom 740
28
                                    1
                                        OPPOSITION TO TRUSTEE'S MOTION IN
                                        LIMINE RE COUNTERCLAIMS
    59776-00002/1981887.1

# TABLE OF CONTENTS

| | | **Page** |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 3 |
| | A.   Legal Standards | 3 |
| |     1.   Bankruptcy Court Jurisdiction | 3 |
| |     2.   Establishing Proof of Claim Against Bankruptcy Estate | 5 |
| | B.   Pursuant to Bankruptcy Rule 3007, Claim Objections Joined in Adversary Proceeding Become Part of the Adversary Proceeding | 6 |
| | C.   Claim Objections Litigated in Adversary Proceeding Are Not Treated as a "Contested Matter" Under Bankruptcy Rule 9014 | 8 |
| | D.   Severing Defendants' Claims Will Impair Judicial Economy and Efficiency, and Fairness, and Extremely Prejudice Defendants | 9 |
| | E.   The Claims, Forming the Bases of Defendants' Counterclaims and Affirmative Defenses, Are Necessary and Indispensable to the Trial; Therefore, They Should Not be Severed | 10 |
| | F.   Plaintiff Should be Judicially Estopped from Taking a Position  Clearly Inconsistent With and Contrary to His Previous Position | 14 |
| | G.   The Validity and Amount of Defendants' Claims Have Been Established by Properly Executed and Filed Proofs of Claims Under Rule 3001(f) | 16 |
| III. | CONCLUSION | 17 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CASES

*Blesedell v. Mobile Oil,*
    708 F.Supp. 1408 (S.D.N.Y. 1998) ................................................................. 14

*Citizens Bank of Maryland v. Strumpf,*
    516 U.S. 16 (1995) ......................................................................................... 13

*Deskovic v. City of Peekskill,*
    673 F.Supp.2d 154 (S.D.N.Y. 2009) ............................................................. 14

*DirecTV, Inc. v. Barrett,*
    220 F.R.D. 630 (D. Kan. 2004) ..................................................................... 11

*Equal Rights Ctr. v. Equity Residential,*
    483 F. Supp. 2d 482 (D. Md. 2007) .............................................................. 12

*In re Castlerock Properties,*
    781 F.2d 159 (9th Cir. 1986) .......................................................................... 4

*In re Distrigas Corp.,*
    75 B.R. 770 (Bankr. D. Mass. 1987) .............................................................. 6

*In re Fidelity Holding Co., Ltd.,*
    837 F.2d 696 (5th Cir.1988) ......................................................................... 17

*In re Greene,*
    71 B.R. 104 (Bankr. S.D.N.Y. 1987) .............................................................. 6

*In re Harris Pine Mills,*
    44 F.3d 1431 (9th Cir. 1995) .......................................................................... 5

*In re Holm,*
    931 F.2d 620 (9th Cir.1991) ............................................................... 3, 6, 17

*In re Hughes,*
    313 B.R. 205 (Bankr. E.D. Mich. 2004) ...................................................... 17

*In re Leverett,*
    378 B.R. 793 (Bankr. E.D. Tex. 2007) ........................................................... 6

*In re Magic Circle Energy Corp.,*
    64 B.R. 269 (Bankr. W.D. Okla. 1986) ........................................................... 7

*In re Mathiason,*
    16 F.3d 234 (8th Cir.1994) ............................................................................. 7

*In re Peterson,*
    437 B.R. 858 (D. Ariz. 2010) ....................................................................... 13

*In re Schlehr,*
    290 B.R. 387 (Bankr. D. Mont. 2003) ......................................................... 17

59776-00002/1981887.1

*Jajdelski v. Kaplan, Inc.*,
No. 2:05-CV-01054-KJD-(GWF), 2010 WL 2326069 (D. Nev. June 7,
2010) .................................................................................................... 11

*Long Term Disability Plan of Hoffman–La Roche, Inc. v. Hiler (In re Hiler)*,
99 B.R. 238 (Bankr. D.N.J. 1989) ...................................................... 12

*Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*,
223 F.3d 1035 (9th Cir. 2000) ............................................................ 16

*Madigan v. Peterson (In re Madigan)*,
270 B.R. 749 (2001) ..................................................................... 12, 13

*Matter of Chapman*,
132 B.R. 132 (Bankr. N.D. Ill. 1991) ......................................... 2, 7, 16

*Megafoods Stores, Inc. v. Flagstaff Realty Assocs. (In re Flagstaff Realty
Assocs.)*,
60 F.3d 1031 (3rd Cir.1995) ............................................................... 12

*Miller v. Am. Bonding Co.*,
257 U.S. 304 (1921).............................................................................. 11

*Mosley v. Gen. Motors Corp.*,
497 F.2d 1330 (8th Cir. 1974) ............................................................ 11

*New Hampshire v. Maine*,
532 U.S. 742 ........................................................................................ 15

*Newbery Corp. v. Fireman's Fund Ins. Co.*,
95 F.3d 1392 (9th Cir. 1996) ....................................................... 12, 13

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*,
458 U.S. 50 (1982)............................................................................. 3, 4

*Oregon v. Harmon (In re Harmon)*,
188 B.R. 421 (B.A.P. 9th Cir. 1995) .................................................. 12

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*,
507 U.S. 380 (1993)............................................................................... 5

*Pu v. Grubin (In re Food Mmgt. Grp.)*,
484 B.R. 574 (S.D.N.Y. 2012) ......................................................... 2, 7

*Reiter v. Cooper*,
507 U.S. 258 (1993).............................................................................. 12

*Security Farms v. International Broth. Of Teamsters, Chauffers, Warehousemen
& Helpers*,
124 F.3d 999 (9th Cir. 1997) ............................................................... 4

*Sherman v. Novak (In re Reilly)*,
245 B.R. 768 (B.A.P. 2nd Cir. 2000) .................................................. 16

2

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.,*
  144 F.R.D. 99 (N.D. Cal. 1992)......................................................................12

*Stern v. Marshall,*
  131 S. Ct. 2594 (2011)..................................................................................9

*United Mine Workers of Am. v. Gibbs,*
  383 U.S. 715 (1966)....................................................................................10

*United States v. Arkison (In re Cascade Roads, Inc.),*
  34 F.3d 756 (9th Cir. 1994) ..........................................................................13

*Wausau Business Ins. Co. v. Turner Cost. Co.,*
  204 F.R.D. 248 (S.D.N.Y. 2001) ................................................................9, 14

**STATUTES**

11 U.S.C. § 502(a) ..........................................................................................5

28 U.S.C. § 157 .......................................................................................4, 5, 8

28 U.S.C. § 157(a) ..........................................................................................5

28 U.S.C. § 157(b)(2).......................................................................................5

28 U.S.C. §157(b)(2)(B) ...................................................................................2

28 U.S.C. § 157(d) ..........................................................................................4

28 U.S.C. §1334.......................................................................................2, 4, 5

28 U.S.C. §1334(a), (b)....................................................................................8

28 U.S.C. § 1334(b) (1994) ..............................................................................3

Bankruptcy Act of 1978....................................................................................3

section 501 of the Bankruptcy Code.....................................................................5

section 502(d) of the Bankruptcy Code ...............................................................16

Bankruptcy Code, section 553 ...........................................................................13

Federal Judgeship Act of 1984 ...........................................................................3

title 28 of the United States Code .......................................................................5

**OTHER AUTHORITIES**

2A Moore's Federal Practice ¶ 8.27[3] (2d ed. 1985) .............................................13

**Bankruptcy Rule 3007** ...............................................................................6, 7

Bankruptcy Rule 3007(b)...............................................................................8, 9

3

OPPOSITION TO TRUSTEE'S MOTION IN
LIMINE RE COUNTERCLAIMS

Bankruptcy Rule 3007(c) ................................................................................15

**Bankruptcy Rule 9014** ................................................................................8

Bankruptcy Rules 3007(b) and 7001 *et. seq.* ...............................................1

Civil Rule 42(b) ......................................................................................9, 11

Fed. R. Bankr. P. 3001(f) ..........................................................................5, 16

Fed. R. Bankr. P. 3007 ..................................................................................7

Fed. R. Bankr. P. 3007(b) ..........................................................................2, 7

Fed. R. Bankr. P. 3007(b) and 9014 ..........................................................2, 8

Fed. R. Bankr. P. 7001, *et seq.* ..................................................................8

Fed. R. Civ. P. 13(b) ......................................................................................11

Rule 13(b) of the Federal Rule of Civil Procedure .........................................10

Rule 3007 of the Federal Rules of Bankruptcy Procedure .............................6

"Objection to Claims" at ¶¶ 222-224 ..........................................................2

Plaintiff's "Objection to Claims," ................................................................15

Rule 12(b)(6) ................................................................................................14

Rule 21 ..................................................................................................11, 14

Rule 7001 ......................................................................................................7

Through General Order No. 266, effective July 23, 1984 ...............................5

Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1689 (3d ed. 2012) ..................11

Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 2388 (3d ed. 2012) ..................12

4

OPPOSITION TO TRUSTEE'S MOTION IN
LIMINE RE COUNTERCLAIMS

59776-00002/1981887.1

1
**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES**

2
      Defendants Mousa Namvar, Magdiel, LLC, Namco 8, LLC, Wishlab 90, LLC,

3
Bunhurst, LLC, DGADE of Delaware, LLC, Lacy 20, LLC, Hooshang Namvar,

4
Homayoun Namvar, Ramin Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net,

5
LLC, Light Source Management, LLC and Woodman Partners, LLC (collectively,

6
"Defendants") hereby oppose the *Trustee's Motion in Limine to Sever and Exclude*

7
*Evidence Relating to Bankruptcy Claims Against Namco Capital Group, Inc.* [Docket.

8
No. 283] (the "Motion" or "Motion *in Limine*") filed by Plaintiff and Counterclaim

9
defendant Bradley D. Sharp, the Chapter 11 trustee for Namco Capital Group, Inc.

10
("Plaintiff") with this Court on September 23, 2013.  For the reasons more fully set

11
forth below, the Motion *in Limine* lacks merit and should be denied in all respects.

12
**I.**     **INTRODUCTION**

13
      Plaintiff's Motion *in Limine* adds another layer of confusion and complexity to

14
this case that rivals the confusion and complexity created by Plaintiff's First Amended

15
Complaint ("FAC") which asserts over 15 causes of action against 33 defendants in

16
over two hundred paragraphs of allegations.  When read in isolation, the Motion holds

17
itself as offering a way to streamline and simplify this case for trial, severing issues

18
relating to Defendants' proofs of claim (the "Claims") filed in the Namco bankruptcy

19
case.  However, Plaintiff's proposal is not equitable, will impair judicial economy and

20
efficiency and severely prejudice Defendants.  Furthermore, Plaintiff argues that this

21
Court should withdraw its earlier withdrawal of reference to the bankruptcy court with

22
respect to the matters relating to the Claims. Plaintiff argues that notwithstanding

23
Bankruptcy Rules 3007(b) and 7001 *et. seq.*, pursuant to which the Claims have

24
become part of this lawsuit, the Claims should be tossed back to the bankruptcy court

25
and adjudicated as a "contested matter," rather than an adversary proceeding.

26
      As a basis for the argument to sever, Plaintiff contends that inclusion of the

27
Claims in this action will increase the length of trial, and confuse and overwhelm the

28
jury.  To straighten the record, however, <u>Plaintiff</u> is the one that made these Claims

1

OPPOSITION TO TRUSTEE'S MOTION IN<br>LIMINE RE COUNTERCLAIMS

part of this case in the first place. *See* accompanying Request for Judicial Notice ("RJN") ¶1 (FAC, Docket No. 1, page 38, claim for relief entitled "Objection to Claims" at ¶¶ 222-224). Once an objection to a claim is joined with relief sought in an adversary proceeding, ***it becomes part of the adversary proceeding***. Fed. R. Bankr. P. 3007(b); *see, e.g., Matter of Chapman*, 132 B.R. 132, 141, fn. 2 (Bankr. N.D. Ill. 1991); *Pu v. Grubin (In re Food Mmgt. Grp.)*, 484 B.R. 574, 582 (S.D.N.Y. 2012). Indeed, claim objections litigated in adversary proceedings are not treated as a "contested matter." *See* Fed. R. Bankr. P. 3007(b) and 9014.

Early on in the case, Defendants attempted to keep the Claims out of this action by filing a motion to dismiss. **Exhibits A** and **B** to RJN ¶¶2-3. However, Plaintiff insisted that it made sense to keep them in this action. **Exhibit C** to RJN ¶4. The motions to dismiss were denied. So not only will the proposed severance result in an inefficient, wasteful use of judicial resources, Plaintiff should also be judicially estopped from taking a position that is completely contrary to his previous position.

The Claims form the bases of Defendants' counterclaims and/or affirmative defenses. As a result, they have been subject to discovery and litigated in this case. Severance would result in duplication of discovery and overlapping proof and trial presentation. Also, such severance will not enable the jury to review the overall history and course of the parties' dealings and only provide partial information. Defendants' counterclaims and/or affirmative defenses based on the Claims constitute a relevant, integral part of this litigation, and therefore, the matters relating to the Claims should not be severed.

Plaintiff's argument that under 28 U.S.C. §157(b)(2)(B), the allowance and disallowance of proofs of claim against a bankruptcy estate must be administered by the bankruptcy court is also misleading. The bankruptcy courts are "units" of the district courts that exercise the district court's jurisdiction. This Court has "original and exclusive jurisdiction" to adjudicate this action, including the matters relating to the Claims. 28 U.S.C. §1334. This Court's referral of this action to the bankruptcy

OPPOSITION TO TRUSTEE'S MOTION IN
LIMINE RE COUNTERCLAIMS

1  court was withdrawn when it was removed to this Court. It makes absolutely no

2  sense, especially after having litigated the Claims before this Court up and through

3  this point, to cancel the withdrawal of reference and put them back into the

4  bankruptcy court to create multiple, separate proceedings. This is especially true

5  given the District Court's original and exclusive jurisdiction.

6  Plaintiff argues that his "substantive objections to the Claims in the bankruptcy

7  case . . . may be rendered unnecessary by the outcome of this action." Motion, p. 3:

8  lines 2-6; p.11: lines 23-26. Plaintiff rather argues this as a tactic to strip Defendants

9  of their ability to assert their defenses. This is certainly not fair.

10  Lastly, Plaintiff's contention that "there is no legal basis for permitting

11  [Defendants] to refer to the [Claims] as established" is not true. A properly executed

12  and filed proof of claim is deemed to establish the validity and amount of the claim,

13  unless an objection with evidence of at least equal probative force is filed. Here, the

14  Claims were properly executed and filed, and no substantive objection has been filed

15  to the Claims. The validity and amount of the Claims are deemed established, and

16  Defendants should be able to so state. *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991).

17  For these reasons, and those further set forth below, Plaintiff's Motion *in*

18  *Limine* should be denied in all respects.

19  **II.  ARGUMENT**

20      **A.  Legal Standards.**

21          ***1.  Bankruptcy Court Jurisdiction***

22  In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50

23  (1982), the U.S. Supreme Court held that the Bankruptcy Act of 1978 impermissibly

24  shifted essential attributes of judicial power from the Article III district court to its

25  non-Article III adjunct, the bankruptcy court. Congress responded by enacting the

26  Bankruptcy Amendments and Federal Judgeship Act of 1984, which provided district

27  courts with original but not exclusive jurisdiction over all bankruptcy proceedings.

28  *See* 28 U.S.C. § 1334(b) (1994). Moreover, to insulate the 1984 Amendments from a

3

1  constitutional assault like that in *Marathon*, Congress enacted 28 U.S.C. § 157. That

2  section classifies matters as either "core proceedings," in which the bankruptcy court

3  "may enter appropriate orders and judgments," or "non-core proceedings," which the

4  bankruptcy court may hear but for which it may only submit proposed findings of fact

5  and conclusions of law to the district court for *de novo* review. 28 U.S.C. § 157

6  (1994).  Actions that do not depend on bankruptcy laws for their existence and that

7  could proceed in another court are considered "non-core." *See In re Castlerock*

8  *Properties*, 781 F.2d 159, 162 (9th Cir. 1986); *Security Farms v. International Broth.*

9  *Of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir.

10  1997).

11     Section 157 also governs the district court's authority to withdraw the reference

12  and, consistent with the *Marathon* decision, mandates withdrawal in cases requiring

13  material consideration of non-bankruptcy federal law. *See* 28 U.S.C. § 157(d). The

14  district court's authority for permissive withdrawal is governed by the first sentence of

15  28 U.S.C. § 157(d): "The district court may withdraw ... any case or proceeding

16  referred [to the bankruptcy court] on its motion or on timely motion of a party, for

17  cause shown." 28 U.S.C. § 157(d) (emphasis added).

18     The three subsections of 28 U.S.C. § 1334 that govern basic bankruptcy

19  jurisdiction provide:

20          (a) Except as provided in subsection (b) of this
21     section, the district courts shall have original and exclusive
       jurisdiction of all cases under title 11.
22

23          (b) Notwithstanding any Act of Congress that confers
       exclusive jurisdiction on a court or courts other than the
24     district courts, the <u>district courts</u> shall have original but not
       exclusive jurisdiction of all civil proceedings arising under
25     title 11, or arising in or related to cases under title 11.
       [Emphasis added]
26

27          (c)–(d) [abstention provisions]
28

4

OPPOSITION TO TRUSTEE'S MOTION IN
LIMINE RE COUNTERCLAIMS

> (e) The district court in which a case under title 11 is
> commenced or is pending shall have exclusive jurisdiction
> of all of the property, wherever located, of the debtor as of
> the commencement of such case, and of the property of the
> estate.

28 U.S.C. § 1334.

The bankruptcy courts are "units" of the district courts that exercise the district court's jurisdiction under terms specified by Congress. 28 U.S.C. § 157.  Through General Order No. 266, effective July 23, 1984, the United States District Court for the Central District of California exercises the authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code.

Congress placed statutory limitations on bankruptcy court jurisdiction by distinguishing between "core" and "noncore" proceedings.  Absent consent of the parties, bankruptcy judges can only hear but not finally determine those matters deemed "non-core" under 28 U.S.C. § 157.  "Core" proceedings generally involve causes of action created or determined by the Bankruptcy Code or administrative matters arising only in bankruptcy cases. *In re Harris Pine Mills*, 44 F.3d 1431, 1435–36 (9th Cir. 1995).  Also, title 28 of the United States Code contains a nonexclusive list of 16 specific core proceedings.  28 U.S.C. § 157(b)(2).

### 2.    *Establishing Proof of Claim Against Bankruptcy Estate*

In order to recover against a bankruptcy estate, creditors typically must file proofs of claims. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 383, (1993).  A properly prepared and filed proof of claim, under section 501 of the Bankruptcy Code, is *prima facie* evidence of the validity and amount of the claim and is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

5

59776-00002/1981887.1

"[T]he allegations of the proof of claim are taken as true.  If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they *prima facie* establish a claim.  Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991).  In other words, properly executed and filed proofs of claim have an "independent evidentiary effect." *In re Leverett*, 378 B.R. 793, 799 (Bankr. E.D. Tex. 2007).

A party objecting to a proof of claim has the initial burden of presenting factual evidence tending to defeat the *prima facie* validity of a proof of claim without the burden of ultimate persuasion.  *In re Distrigas Corp.*, 75 B.R. 770, 772-73 (Bankr. D. Mass. 1987) (internal citations omitted).  If a claimant cannot produce sufficient evidence to prove his own claim, it becomes subject to disallowance. *In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987).

**B.    Pursuant to Bankruptcy Rule 3007, Claim Objections Joined in Adversary Proceeding Become Part of the Adversary Proceeding.**

In this case the Plaintiff asserted as a cause of action: "Objection to Claims." *See* RJN ¶1 (the FAC at paragraphs 222-224 ).[1]  Moreover, the FAC also asserts as the Sixteenth Claim for Relief, a cause of action for Subordination, wherein Plaintiff alleges ". . .Certain of the Namvar Defendants… have asserted or may assert claims against Namco, seeking an affirmative recovery or for purposes of establishing a right of offset…. Subordination of any claims of the Namvar Defendants… to all other claims would not be inconsistent with the Bankruptcy Code." *Id.* at paragraphs 217-221.

Plaintiff argues that Defendants' counterclaims and/or affirmative defenses based on their Claims should be severed from this action and separately tried in the bankruptcy court.  However, Plaintiff fails to mention that under Rule 3007 of the

---

[1] It is remarkable that the FAC identifies "Objection to Claims" in its caption.

6

1    Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P." or "Bankruptcy Rule"),

2    when an objection to a claim is joined with relief sought in an adversary proceeding, it

3    becomes part of the adversary proceeding, Fed. R. Bankr. P. 3007(b); *see, e.g., Matter*

4    *of Chapman*, 132 B.R. 132, 141, fn. 2 (Bankr. N.D. Ill. 1991), and in the present case,

5    Plaintiff caused the Claims to become part of this lawsuit by joining his "Objection to

6    Claims" and the Sixteenth Claim for Relief for "Subordination" in the FAC.

7        A well-established body of case law supports the proposition that once an

8    objection to a claim is included in an adversary proceeding, the claim objection

9    becomes part of the adversary proceeding and belongs in the adversary.  *See, e.g., Pu*

10   *v. Grubin (In re Food Mmgt. Grp.)*, 484 B.R. 574, 582 (S.D.N.Y. 2012)("Appellant

11   filed a proof of claim… [and] [i]n her capacity as trustee, Appellee filed a separate

12   adversary proceeding against Appellant to recover what she believed to be fraudulent

13   transfers and/or impermissible preferences.  She later filed objections to Appellant's

14   proof of claim in the bankruptcy case…  The bankruptcy court consolidated

15   Appellee's attacks on Appellant's claim into a single adversary proceeding.". . .

16   "Appellant also appears to be correct in asserting that, under the Federal Rules of

17   Bankruptcy Procedure, Appellee improperly filed a direct attack against Appellant's

18   asserted security interest in the form of claim objections in the bankruptcy case, rather

19   than in an adversarial proceeding."); *In re Mathiason*, 16 F.3d 234, 238 (8th Cir.1994)

20   ("if an objection is joined with a demand for relief of the kind specified in Rule 7001,

21   the litigation becomes an adversary proceeding under Rule 3007.  The Debtor need

22   not commence a separate adversary proceeding"); *In re Magic Circle Energy Corp.*,

23   64 B.R. 269, 271 (Bankr. W.D. Okla. 1986)("Fed. R. Bankr. P. 3007, dealing with

24   objections to claims, is clear that should an objection to a claim be joined with a

25   demand for relief of the kind specified in Fed. R. Bankr. P. 7001, it becomes an

26   adversary proceeding.").

27        Here, since becoming part of this adversary proceeding by Plaintiff's inclusion

28   of his Objection to Claims and Subordination in the operative complaint pursuant to

7

59776-00002/1981887.1

Bankruptcy Rule 3007(b) (and subsequently also Defendants' affirmative defenses of offset, recoupment, and/or counterclaims), the Claims have been addressed in this litigation.  They should rightfully remain in the within action.

### C.    Claim Objections Litigated in Adversary Proceeding Are Not Treated as a "Contested Matter" Under Bankruptcy Rule 9014.

An adversary proceeding involves its own processes similar to civil litigation. *See* Fed. R. Bankr. P. 7001, *et seq.*  Here, because Plaintiff's Objections to Claims have become part of, and are addressed in this action (adversary proceeding), which adversary proceeding has been removed to this Court, Plaintiff's contentions that the Claims should be sent back to the bankruptcy court (essentially cancelling this Court's withdrawal of reference to the bankruptcy court that removed the Claims to this Court in the first place), and that they should be adjudicated in the bankruptcy court as a contested matter under Bankruptcy Rule 9014, wholly lack merit.  *See* Fed. R. Bankr. P. 3007(b) and 9014; Motion, p. 13: lines 23-25.

Plaintiff argues that proofs of claim are subject to "core" jurisdiction of the bankruptcy court and must be administered by the bankruptcy court.  Motion, p.13: lines 24-25; p. 14: lines 11-12.  Plaintiff argues as if this Court does not have as much jurisdiction as the bankruptcy court over the matters relating to the Claims.  However, it is this Court, an Article-III court that has "original and exclusive jurisdiction" over them.  *See* 28 U.S.C. §1334(a), (b).  The bankruptcy court has authority to adjudicate them because the District Court refers such proceedings to the bankruptcy court.  28 U.S.C. § 157.  By having this adversary proceeding removed to this Court, this Court withdrew the reference to the bankruptcy court.

First, there is no reason why this Court's reference to the bankruptcy court, which has been withdrawn, should be restored respect to the Claims, only to create new, multiple, separate proceedings in the bankruptcy court, while the adversary proceeding is litigated in this Court.  This does not promote judicial economy, and causes only inconvenience and prejudice.  Moreover, if the Claims involving common

8

59776-00002/1981887.1

1   law causes of action are deemed non-core,[2] the bankruptcy court will not enter final

2   judgments and the parties may have to come back to this Court, subject to this Court's

3   *de novo* review.  Second, the Claims were joined in this action pursuant to Bankruptcy

4   Rule 3007(b) and have become part of an adversary proceeding.  There is no reason

5   why the Claims should be adjudicated as a contested matter, and not as an adversary

6   proceeding.  Third, if the Claims are adjudicated as an adversary proceeding, there is

7   no reason why such an adversary proceeding cannot proceed before this Court and

8   must proceed in the bankruptcy court.

9       **D.    Severing Defendants' Claims Will Impair Judicial Economy and**

10          **Efficiency, and Fairness, and Extremely Prejudice Defendants.**

11          Civil Rule 42(b) provides that a trial court may order a separate trial of one or

12  more separate issues, claims "when separate trials will be conducive to expedition and

13  economy."  *Wausau Business Ins. Co. v. Turner Cost. Co.*, 204 F.R.D. 248 (S.D.N.Y.

14  2001) (internal citation omitted).  Here, separate trials will not be conducive to

15  expedition and economy.

16          As set forth above, Defendants' counterclaims and/or affirmative defenses to

17  Plaintiff's allegations are based, in part, on their Claims.  Therefore, it does not make

18  sense to separately litigate the Claims in another court.  This is an inefficient, wasteful

19  use of judicial resources, and also may lead to inconsistent results.  Also, because the

20  Claims constitute counterclaims and/or defenses, they absolutely have been litigated

21  in this case and subject to discovery.  Defendants have been subject to discovery and

22  certain of them have been deposed specifically on the Claims they filed against the

23  Namco bankruptcy estate.

24          This lawsuit involves the same parties, the same lawyers, claims concerning the

25  same accountings and much of the same evidence encompassing the same time

26  _____

27  [2]  Defendants do not necessary argue that the relevant litigation would constitute a
    non-core proceeding, but are pointing out that there is uncertainty under *Stern v.*
28  *Marshall*, 131 S. Ct. 2594 (2011), which generated challenges to the bankruptcy
    court's "core" jurisdiction.

9

59776-00002/1981887.1

1  frames.  Plaintiff's proposed severance would therefore increase the cost and burden

2  on the parties and the courts and inconvenience and prejudice Defendants by forcing

3  them to engage in multiple separate actions rather than just one.

4       Rather than putting forth any admissible evidence to show why severance is

5  warranted, Plaintiff instead speculates that multiple counterclaims and defenses

6  asserted by multiple Defendants will confuse and overwhelm the jurors at trial.

7  However, the jury will need to review the full context of the parties' transactions and

8  course of the dealings in order to assess the claims for accounting and other highly

9  related allegations.  The jury will not be able to do this without complete information.

10      Plaintiff also argues that because the Claims are "factually intensive, complex

11  claims… that would take significant time to try," the Claims should be severed from

12  the action.  Motion, p. 5: 4-8.  Plaintiff is making it appear as though Defendants are

13  the ones complicating this case.  However, apart from the fact that the Claims need to

14  be tried in this case because they address the offsets/recoupments which constitute

15  important, integral defenses for Defendants, it was Plaintiff, who alleged over 15

16  causes of action against 33 defendants, and caused the litigation to be "factually

17  intensive and complex."  It is not fair and equitable to allow Plaintiff to plead umpteen

18  causes of action against umpteen defendants, and then argue that Defendants'

19  counterclaims and defenses should be severed from the lawsuit because litigating

20  them would prolong the trial.

**E.    The Claims, Forming the Bases of Defendants' Counterclaims and
       Affirmative Defenses, Are Necessary and Indispensable to the Trial;
       Therefore, They Should Not be Severed.**

24      Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining

25  the broadest possible scope of action consistent with fairness to the parties; joinder of

26  claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v.*

27  *Gibbs*, 383 U.S. 715, 724 (1966).  As a result, Rule 13(b) of the Federal Rule of Civil

28  Procedure ("Fed. R. Civ. P." or "Civil Rule") provides that "[a] pleading may state as

10

a counterclaim against an opposing party any claim that is not compulsory." Fed. R.

Civ. P. 13(b). The purpose of this is "to promote trial convenience and expedite the

final determination of disputes, thereby preventing multiple lawsuits." *DirecTV, Inc.*

*v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting 7 Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed.

2001). Asserting such permissive counterclaims promotes efficiency, allowing

multiple conflicts between parties to be resolved in a single lawsuit, rather than

burdening the court and the parties with the costs of separate lawsuits. *Mosley v. Gen.

Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) ("Single cases generally tend to

lessen the delay, expense, and inconvenience to all concerned.").

On the other hand, the Court has the discretion under Rule 21 to "sever any

claim against any party." Fed. R. Civ. P. 21. However, Civil Rule 21 should be read

in conjunction with—and governed by substantially similar considerations as—Rule

42(b), "which authorizes the separate trial of any . . . counterclaim . . . 'in furtherance

of convenience or to avoid prejudice, or when separate trials will be conducive to

expedition and economy . . . .'" Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1689 (3d

ed. 2012) (citing Fed. R. Civ. P. 42); *see also, e.g., Jajdelski v. Kaplan, Inc.*, No. 2:05-

CV-01054-KJD-(GWF), 2010 WL 2326069, at *5 (D. Nev. June 7, 2010) (noting

severance under Civil Rule 21 and bifurcation under Civil Rule 42(b) should be

governed by the same considerations of convenience, judicial economy, and

prejudice).

"[T]he general practice is to try all the issues in a case at one time; and it is only

in exceptional instances where there are special and persuasive reasons for departing

from this practice that distinct causes of action asserted in the same case may be made

the subjects of separate trials." *Miller v. Am. Bonding Co.*, 257 U.S. 304, 308 (1921).

As a result, "Courts have recognized a presumption in favor of the nonmoving party

that all claims in a case will be resolved in a single trial and not be severed, placing

the burden on the party moving for severance" to demonstrate that exceptional

11

1  circumstances exist to make severance necessary.  *Equal Rights Ctr. v. Equity*

2  *Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007).  "It is the interest of efficient

3  judicial administration that is to be controlling under the rule, rather than the wishes of

4  the parties."  Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 2388 (3d ed. 2012). "With

5  respect to both discovery and trial," the movant bears the "burden of proving that the

6  bifurcation will promote judicial economy and avoid inconvenience or prejudice to the

7  parties." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.

8  Cal. 1992).

9       Because Plaintiff's proposed severance is, on its face, less efficient than trying

10  the claims and counterclaims/defenses in a single suit, Plaintiff attempts to convince

11  the Court that the Claims are independent of the case-in-chief.  Motion, p.12: lines 10-

12  22.  But Plaintiff is wrong.

13       Offset and recoupment are often asserted as defenses to the trustee/debtor's

14  attempt to avoid transfers.  Recoupment is a common law doctrine that is not

15  expressly recognized in the Bankruptcy Code, but is preserved through judicial

16  decisions. 5 Collier on Bankruptcy ¶ 553.10 (15th ed. rev. 2001).  The bankruptcy

17  trustee takes property subject to the rights of recoupment. *Megafoods Stores, Inc. v.*

18  *Flagstaff Realty Assocs. (In re Flagstaff Realty Assocs.)*, 60 F.3d 1031, 1035 (3rd

19  Cir.1995). *See also Reiter v. Cooper*, 507 U.S. 258, 265 n. 2, (1993) (observing that

20  courts have allowed the use of recoupment in bankruptcy cases); *Madigan v. Peterson*

21  *(In re Madigan)*, 270 B.R. 749, 753-34 (2001).

22       Recoupment involves "netting out debt," *Oregon v. Harmon (In re Harmon)*,

23  188 B.R. 421, 425 (B.A.P. 9th Cir. 1995), and is allowed "because it would be

24  inequitable not to allow the defendant to recoup those payments against the debtor's

25  subsequent claim." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1401

26  (9th Cir. 1996) (quoting 4 Collier on Bankruptcy, ¶ 553.03, at 553–15 (15th

27  ed.1995)); *Long Term Disability Plan of Hoffman–La Roche, Inc. v. Hiler (In re*

28  *Hiler)*, 99 B.R. 238, 243 (Bankr. D.N.J. 1989) ("[T]he application of recoupment goes

12

59776-00002/1981887.1

to the equity of the claim.").

The common law claim for recoupment is analogous to a "compulsory counterclaim interposed solely to defeat or diminish plaintiff's recovery." *Madigan*, 270 B.R. at 755 (internal citation omitted). "Recoupment permits a determination of the just and proper liability on the main issue...", *Newbery*, 95 F.3d 1400 (quoting *Reiter v. Cooper*, 507 U.S. 258, 265 n. 2 (1993)), "based on the premise that the defendant should be entitled to show that because of matters arising out of the transaction sued on, he or she is not liable in full for the plaintiff's claim." *Id.* at 1401 (citations omitted).

"The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' " *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995)(internal citation omitted). Although the right of setoff is provided in the Bankruptcy Code, section 553 "is not an independent source of law governing setoff; it is generally understood as a legislative attempt to preserve the common-law right of setoff arising out of non-bankruptcy law." *United States v. Arkison (In re Cascade Roads, Inc.)*, 34 F.3d 756, 763 (9th Cir. 1994)(quoting *United States v. Norton*, 717 F.2d 767, 772 (3d Cir.1983)).

Although Plaintiff focuses on the fact that certain Defendants did not specifically plead offset and recoupment (and/or indemnification) as counterclaims. Motion, p.2: line 2; p. 4: lines 23-24, Defendants were well entitled to plead recoupment and offset as affirmative defenses. Whether the offset and/or recoupment is viewed as an affirmative defense or a counterclaim,[3] any failure to explicitly refer to recoupment or offset in/as counterclaims is not a sufficient reason for the court to disregard that theory in trying the main case. *In re Peterson*, 437 B.R. 858, 871 (D. Ariz. 2010)(internal citations omitted).

---

[3]  *California Canners and Growers* cites to 2A Moore's Federal Practice ¶ 8.27[3] (2d ed. 1985) for the usage of common law recoupment as both a compulsory counterclaim and an affirmative defense under the Federal Rules of Civil Procedure.

59776-00002/1981887.1

Civil Rule 21, which Plaintiff cites in support of his argument for severance, governs "misjoinder and nonjoinder of parties." Many of the cases cited in Plaintiff's Motion *in Limine* involve requests to sever claims against multiple defendants based on improper joinder. They involve other considerations bearing on judicial economy that are absent here.

In *Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 171 (S.D.N.Y. 2009), for example, a former inmate brought numerous different claims against numerous defendants including the city, county, police officers, correction officers, and other public officials, and one of the defendants (correction officer) moved to sever those claims asserted against him. In *Blesedell v. Mobile Oil*, 708 F.Supp. 1408, 1422 (S.D.N.Y. 1998), three employees brought an employment discrimination suit against the employer, and the court denied the severance of the trials of the three employees because the right to relief sought arose involved common questions of law and fact and proof could be introduced by all parties without the threat of confusion of issues and overlapping relief. In *Wausau Business Ins. Co. v Turner Const. Co*, 204 F.R.D. 248 (S.D.N.Y. 2001), the plaintiff, a construction company, brought a third party action against a contractor and a fourth party action against its insurer in connection with the fire of a building. The contractor and insurer moved, and the court allowed them, to sever the claims against them because the court believed that the contractor and insurer would be significantly prejudiced by having to defend in the multiparty action so soon after becoming parties, without having adequate time to conduct discovery or prepare pretrial motions, but at the same time, the court did not want to delay the trial involving the remaining parties only to give the contractor and insurer more time to prepare.

### F.  Plaintiff Should be Judicially Estopped from Taking a Position Clearly Inconsistent With and Contrary to His Previous Position.

Early on in this lawsuit, Defendants filed Rule 12(b)(6) motions to dismiss with the bankruptcy court (the "Motions to Dismiss") attached to RJN as **Exhibits A** and

14

59776-00002/1981887.1

**B**, arguing, among other things, that Plaintiff's "Objection to Claims," which purported to be an objection to every claim filed by each of the 33 defendants sued in this action, was improper and must be dismissed. **Exhibit A** to RJN at pp. 31-32; **Exhibit B** to RJN at pp. 33-34. In opposition to the Motions to Dismiss, Plaintiff stated that "the protest is ridiculous," (**Exhibit C** to RJN, p. 33: line 22) and contended that it made sense to keep the claim objections in this action because they involve the same parties and would not take any extra time or resources.

Specifically, Plaintiff stated that "inasmuch as the avoidance claims upon which the claim objections are based are pending in the lawsuit and will presumably proceed on the same timetable, and the objections are being asserted against the parties to this proceeding, and the objection itself is derivative of the avoidance claims and so should require no expenditure of additional resources by the parties or the Court, the Trustee submits that it makes sense to allow them to remain grouped together in this proceeding, and the Court has authority under Bankruptcy Rule 3007(c) to do so." **Exhibit C** to RJN, pp.33-34: lines 27-28, lines 1-4. This part of the Motion to Dismiss was ruled in Plaintiff's favor.

Plaintiff should be judicially estopped from now taking an inconsistent, if not completely opposite and contrary, position. "Under the *judicial estoppel* doctrine, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 742-43(2001) (internal citation omitted).

Courts invoke and apply the doctrine of *judicial estoppel* to a circumstance in which a party's later position, which was previously accepted by the court, is clearly inconsistent with its earlier position, and would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* This is precisely the case here.

15

1    Furthermore, Plaintiff presently takes inconsistent positions in different

2    pleadings filed in this very same action.  While arguing that Defendant's

3    counterclaims and affirmative defenses based on the Claims are independent of the

4    claims asserted by him, Plaintiff, in his opposition to Defendants' motion to exclude

5    evidence of the criminal indictment, conviction, and/or sentencing of Ezri Namvar

6    from introduction at trial (RJN ¶5), argues that Defendants' filed proofs of claim are

7    relevant to his aiding and abetting claims asserted in this action.  RJN ¶5, p. 1-2: lines

8    24-27, 1-7.  Plaintiff should be estopped and prohibited from deliberately changing his

9    positions according to the exigencies of the moment.

10   **G.    The Validity and Amount of Defendants' Claims Have Been**

11   **Established by Properly Executed and Filed Proofs of Claims Under**

12   **Rule 3001(f).**

13   As stated above, a proof of claim executed and filed in accordance with the

14   applicable bankruptcy rules constitutes *prima facie* evidence of the validity and

15   amount of the claim.  Fed. R. Bankr. P. 3001(f).

16   Plaintiff argues that if Defendants posit that the Claims are established because

17   no objection has been filed, they are not established because he has filed an objection

18   under section 502(d) of the Bankruptcy Code.  Motion, p.15: lines 10-11.  However,

19   even if an objection to a claim is filed, "filing an objection without more is insufficient

20   to challenge the rebuttable presumption of validity of the claim." *Matter of Chapman*,

21   132 B.R. 132, 143 (Bankr. N.D. Ill. 1991).  The claimant will prevail unless the

22   objecting party produces evidence at least equal in probative force to that offered by

23   the proof of claim and which, if believed, would refute at least one of the allegations

24   that is essential to the claim's legal sufficiency. *E.g., Lundell v. Anchor Const.*

25   *Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1041 (9th Cir. 2000); *Sherman v.*

26   *Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000).

27   As to whether Plaintiff's argument about whether section 502(d) of the

28   Bankruptcy Code applies, the Plaintiff's claims will be tried by this Court, and

16

OPPOSITION TO TRUSTEE'S MOTION IN
LIMINE RE COUNTERCLAIMS

1   ultimately a determination will be made whether the Plaintiff prevails on its

2   complaint, and to what extent the Defendants are entitled to assert their offset and

3   recoupment defenses.

4          Plaintiff further contends that Defendants should not be allowed to use the word

5   "established" in connection with their Claims because that word is "not commonly

6   used in the context of claim allowance, and. . . does not have an accepted meaning."

7   Motion, p. 15: lines 5-7.  However, courts routinely state that a properly executed and

8   filed proof of claim establishes a claim.  *See, e.g., Wright v. Holm (In re Holm)*, 931

9   F.2d 620, 623 (9th Cir. 1991) ("If those allegations set forth all the necessary facts to

10  *establish* a claim and are not self-contradictory, they *prima facie establish* a claim.");

11  *In re Schlehr*, 290 B.R. 387 (Bankr. D. Mont. 2003)("burden…to *establish* validity of

12  its claims"); *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004)("Initially, a

13  creditor bears the burden of *establish*ing its claim."); *In re Fidelity Holding Co., Ltd.*,

14  837 F.2d 696, 698 (5th Cir.1988) ("a party correctly filing a proof of claim is deemed

15  to have *establish*ed a prima facie case…"); (emphasis added to the word "establish").

16         Here, Plaintiff does not dispute that the Claims were properly executed and

17  filed, and no objection accompanied by evidence of at least equal probative force has

18  been filed to the Claims.  The validity and amount of the Claims, or the rebuttable

19  presumption of the validity and amount of the Claims, have been established, and

20  Defendants should be able to so state.

21         Plaintiff attempts to confuse the Court by using the phrase "final allowance."

22  There is no interim or final allowance.  Claims are either allowed or disallowed.

23         In short, simply because the connotation of the word "established" is not

24  favorable for Plaintiff's case does not mean that the fact that the validity and amount

25  of the Claims have been established should be excluded from trial or that Defendants'

26  use of the word "established" should be prohibited.

27  **III.   CONCLUSION**

28         Based on the foregoing, Defendants respectfully requests that this Court enter

17

OPPOSITION TO TRUSTEE'S MOTION IN
LIMINE RE COUNTERCLAIMS

1    an order denying the Motion in its entirety, with prejudice, and granting such other

2    and further relief as may be just and proper.

3

4    DATED:  September 30, 2013          Respectfully submitted,

5                                       GREENBEG GLUSKER FIELDS
                                        CLAMAN & MACHTINGER, LLP
6

7                                       By:  /s/ Lori L. Werderitch

8                                           BRIAN L. DAVIDOFF
                                            BERNARD M. RESSER
9                                           LORI L. WERDERITCH
                                            Attorneys for Defendants Mousa Namvar,
10                                          Magdiel, LLC, DGADE of Delaware, LLC,
                                            Namco 8, LLC, Bunherst, LLC, and
11                                          Wishlab 90, LLC

12   DATED:  September 30, 2013          SALZBURG, RAY & BERGMAN, LLP

13

14                                      By:  /s/ Paul T. Dye
                                            PAUL T. DYE
15                                          Attorneys for Defendants Lacy 20, LLC,
                                            Hooshang Namvar, Homayoun Namvar,
16                                          Ramin Namvar, Trifish, LLC, Tribun, LLC,
                                            Believers, LLC, Net, LLC, Light Source
17                                          Management, LLC, Woodman Partners,
                                            LLC
18

19

20

21

22

23

24

25

26

27

28

18

OPPOSITION TO TRUSTEE'S MOTION IN
LIMINE RE COUNTERCLAIMS

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of 18 and not a party to the within action; I am employed by GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP in the County of Los Angeles at 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

On September 30, 2013, I served the foregoing document(s) described as: **OPPOSITION TO TRUSTEE'S MOTION IN LIMINE TO SEVER AND EXCLUDE EVIDENCE RELATING TO BANKRUPTCY CLAIMS AGAINST NAMCO CAPITAL GROUP, INC.**

☐   By placing the true copies thereof enclosed in sealed envelopes addressed as stated below.

☐   **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒   **(BY OVERNIGHT DELIVERY).** On **September 30, 2013** I caused said document(s) to be placed in a Norco Overnite envelope and taken to the Norco Overnite Drop Box located at 1900 Avenue of the Stars, Los Angeles, California 90067 for delivery to the parties listed on the attached service list:

☒   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on September 30, 2013 at Los Angeles, California.

*/s/ Kaitlin Woodson*
KAITLIN WOODSON

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*SERVICE LIST*

**BY NORCO OVERNITE**

Honorable Gary A. Feess
United States District Court
255 East Temple Street, Courtroom 740
Los Angeles, California 90012

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Alan J Kornfeld:  akornfeld@pszyj.com
Elissa Wagner:  ewagner@pszyj.com
    Gillian Brown:  gbrown@pszjlaw.com
Richard Pachulski:  rpachulski@pszjlaw.com
Daryl Parker:  dparker@pszyj.com
Dean Ziehl:  dziehl@pszyj.com
Genise R. Reiter:  grr@srblaw.com
Alan Frank Broidy:  fbroidy@ix.netcom.com
Robert B Mobasseri:  Robert@lawyer.com
Brian Leslie Davidoff:   BDavidoff@GreenbergGlusker.com;
    jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com
Lori L Werderitch    LWerderitch@GreenbergGlusker.com,
Office of the U.S. Trustee:  ustpregion16.la.ecf@usdoj.gov

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2